**Fill in this information to identify the case:**

United States Bankruptcy Court  for the:

_____ District of __Delaware__
                    (State)

Case number (If known): _____ Chapter __11__

☐ Check if this is an amended filing

## Official Form 205

# Involuntary Petition Against a Non-Individual

**12/15**

Use this form to begin a bankruptcy case against a non-individual you allege to be a debtor subject to an involuntary case. If you want to begin a case against an individual, use the *Involuntary Petition Against an Individual* (Official Form 105). Be as complete and accurate as possible. If more space is needed, attach any additional sheets to this form. On the top of any additional pages, write debtor's name and case number (if known).

| Part 1: | Identify the Chapter of the Bankruptcy Code Under Which Petition Is Filed |
|---|---|

**1. Chapter of the Bankruptcy Code**

*Check one:*

☐ Chapter 7
☒ Chapter 11

| Part 2: | Identify the Debtor |
|---|---|

**2. Debtor's name**

Neuron Fuel, Inc.

**3. Other names you know the debtor has used in the last 8 years**

Include any assumed names, trade names, or *doing business as* names.

Codr Inc.

d/b/a Tynker

_____

**4. Debtor's federal Employer Identification Number (EIN)**

☐ Unknown

8  7 – 1  7  7  8  7  5  8
EIN

**5. Debtor's address**

**Principal place of business**

650B Fremont Avenue
Number        Street

#330

Los Altos                    CA     94024
City                         State   ZIP Code

Santa Clara
County

**Mailing address, if different**

_____
Number        Street

_____
P.O. Box

_____
City            State    ZIP Code

**Location of principal assets, if different from principal place of business**

_____
Number        Street

_____
City            State    ZIP Code

Debtor   Neuron Fuel, Inc.
_____   Case number (if known)_____
         Name

**6. Debtor's website** (URL)   https://www.tynker.com
_____

**7. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other type of debtor. Specify: _____

**8. Type of debtor's business**

*Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the types of business listed.

☐ Unknown type of business.

**9. To the best of your knowledge, are any bankruptcy cases pending by or against any partner or affiliate of this debtor?**

☐ No

☒ Yes. Debtor   BYJU's Alpha, Inc.
_____   Relationship   Former Affiliate
_____

District   Delaware
_____   Date filed   02/01/2024   Case number, if known   24-10140 (JTD)
_____
                           MM / DD / YYYY

Debtor   _____   Relationship   _____

District   _____   Date filed   _____   Case number, if known   _____
                                        MM / DD / YYYY

*Neuron Fuel, Inc. was an affiliate of BYJU's Alpha, Inc. until March 3, 2023 when GLAS Trust Company LLC, one of the Petitioning Creditors, took control of BYJU's Alpha, Inc., whose case is being administered in the case captioned *In re: BYJU's Alpha, Inc.,* Case No. 24-10140 (JTD). The Petitioning Creditors check this box 9 to disclose the former affiliation to BYJU's Alpha, Inc.

**Part 3:   Report About the Case**

**10. Venue**

*Check one:*

☒ Over the last 180 days before the filing of this bankruptcy, the debtor had a domicile, principal place of business, or principal assets in this district longer than in any other district.

☐ A bankruptcy case concerning debtor's affiliates, general partner, or partnership is pending in this district.

**11. Allegations**

Each petitioner is eligible to file this petition under 11 U.S.C. § 303(b).

The debtor may be the subject of an involuntary case under 11 U.S.C. § 303(a).

*At least one box must be checked:*

☒ The debtor is generally not paying its debts as they become due, unless they are the subject of a bona fide dispute as to liability or amount.

☐ Within 120 days before the filing of this petition, a custodian, other than a trustee, receiver, or an agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession.

**12. Has there been a transfer of any claim against the debtor by or to any petitioner?**

☐ No

☒ Yes. Attach all documents that evidence the transfer and any statements required under Bankruptcy Rule 1003(a).

| Debtor | Neuron Fuel, Inc. | Case number *(if known)* _____ |
|---|---|---|
| | Name | |

**13. Each petitioner's claim**

| | Name of petitioner | Nature of petitioner's claim | Amount of the claim above the value of any lien |
|---|---|---|---|
| | See <u>Schedule 1</u>-B annexed hereto - claim detail for HPS Petitioning Creditors | | $ _____ |
| | | | $ _____ |
| | | | $ _____ |
| | | Total of petitioners' claims | $ _____ |

**If more space is needed to list petitioners, attach additional sheets. Write the alleged debtor's name and the case number, if known, at the top of each sheet. Following the format of this form, set out the information required in Parts 3 and 4 of the form for each additional petitioning creditor, the petitioner's claim, the petitioner's representative, and the petitioner's attorney. Include the statement under penalty of perjury set out in Part 4 of the form, followed by each additional petitioner's (or representative's) signature, along with the signature of the petitioner's attorney.**

---

**Part 4:    Request for Relief**

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

Petitioners request that an order for relief be entered against the debtor under the chapter of 11 U.S.C. specified in this petition. If a petitioning creditor is a corporation, attach the corporate ownership statement required by Bankruptcy Rule 1010(b). If any petitioner is a foreign representative appointed in a foreign proceeding, attach a certified copy of the order of the court granting recognition.

I have examined the information in this document and have a reasonable belief that the information is true and correct.

| Petitioners or Petitioners' Representative | Attorneys |
|---|---|
| **Name and mailing address of petitioner** | G. David Dean |
| _____ HPS Investment Partners, LLC on behalf of the | Printed name |
| Name        HPS Petitioning Creditors identified on Schedule 1-B | Cole Schotz P.C. |
| 40 West 57th Street, Floor 33 | Firm name, if any |
| Number    Street | 500 Delaware Avenue, Suite 1410 |
| New York                     NY              10019 | Number    Street |
| City                         State           ZIP Code | Wilmington              DE          19801 |
| | City                    State       ZIP Code |
| **Name and mailing address of petitioner's representative, if any** | |
| Scott Crocombe | Contact phone   (302) 652-3131   Email  ddean@coleschotz.com |
| Name | |
| 40 West 57th Street, Floor 33 | Bar number      No. 6403 |
| Number    Street | |
| New York                     NY              10019 | State            Delaware |
| City                         State           ZIP Code | |
| I declare under penalty of perjury that the foregoing is true and correct. | ✗   */s/ G. David Dean* |
| | Signature of attorney |
| Executed on   05/21/2024 | |
| MM  / DD  / YYYY | Date signed    06/04/2024 |
| ✗ [signature]                    Managing Director | MM / DD  / YYYY |
| 24776A05E2484DC... | |
| Signature of petitioner or representative, including representative's title | |

Debtor    Neuron Fuel, Inc.
          _____    Case number (if known) _____
          Name

### 13. Each petitioner's claim

| Name of petitioner | Nature of petitioner's claim | Amount of the claim above the value of any lien |
|---|---|---|
| See Schedule 2-B annexed hereto - | claim detail for TBK Bank, SSB | $ _____ |
| _____ | _____ | $ _____ |
| _____ | _____ | $ _____ |
| | Total of petitioners' claims | $ _____ |

If more space is needed to list petitioners, attach additional sheets. Write the alleged debtor's name and the case number, if known, at the top of each sheet. Following the format of this form, set out the information required in Parts 3 and 4 of the form for each additional petitioning creditor, the petitioner's claim, the petitioner's representative, and the petitioner's attorney. Include the statement under penalty of perjury set out in Part 4 of the form, followed by each additional petitioner's (or representative's) signature, along with the signature of the petitioner's attorney.

---

**Part 4:    Request for Relief**

**WARNING —** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

Petitioners request that an order for relief be entered against the debtor under the chapter of 11 U.S.C. specified in this petition. If a petitioning creditor is a corporation, attach the corporate ownership statement required by Bankruptcy Rule 1010(b). If any petitioner is a foreign representative appointed in a foreign proceeding, attach a certified copy of the order of the court granting recognition.

I have examined the information in this document and have a reasonable belief that the information is true and correct.

| Petitioners or Petitioners' Representative | Attorneys |
|---|---|

**Name and mailing address of petitioner**

TBK Bank, SSB
_____
Name

12700 Park Central Drive, Ste 1700
_____
Number    Street

Dallas                    TX        75251
_____
City              State        ZIP Code

**Name and mailing address of petitioner's representative, if any**

Adam Nelson, EVP, General Counsel & Corporate Secretary
_____
Name

12700 Park Central Drive, Ste 1700
_____
Number    Street

Dallas                    TX        75271
_____
City              State        ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   05/22/2024
              MM / DD / YYYY

✖ _____
DocuSigned by:
[signature]
764B449E17954A1...
Signature of petitioner or representative, including representative's title

**Attorneys**

G. David Dean
_____
Printed name

Cole Schotz P.C.
_____
Firm name, if any

500 Delaware Avenue, Suite 1410
_____
Number    Street

Wilmington                DE        19801
_____
City              State        ZIP Code

Contact phone   (302) 652-3131    Email  ddean@coleschotz.com

Bar number   No. 6403
_____

State   Delaware
_____

✖  /s/ G. David Dean
_____
Signature of attorney

Date signed   06/04/2024
              MM / DD / YYYY

---

Debtor    Neuron Fuel, Inc.
     Name

Case number (if known) _____

| 13. **Each petitioner's claim** | Name of petitioner | Nature of petitioner's claim | Amount of the claim above the value of any lien |
|---|---|---|---|
| | See Schedule 3-B annexed hereto - claim detail for Redwood Petitioning Creditors | | $ _____ |
| | _____ | _____ | $ _____ |
| | _____ | _____ | $ _____ |
| | | Total of petitioners' claims | $ _____ |

**If more space is needed to list petitioners, attach additional sheets. Write the alleged debtor's name and the case number, if known, at the top of each sheet. Following the format of this form, set out the information required in Parts 3 and 4 of the form for each additional petitioning creditor, the petitioner's claim, the petitioner's representative, and the petitioner's attorney. Include the statement under penalty of perjury set out in Part 4 of the form, followed by each additional petitioner's (or representative's) signature, along with the signature of the petitioner's attorney.**

**Part 4:    Request for Relief**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

Petitioners request that an order for relief be entered against the debtor under the chapter of 11 U.S.C. specified in this petition. If a petitioning creditor is a corporation, attach the corporate ownership statement required by Bankruptcy Rule 1010(b). If any petitioner is a foreign representative appointed in a foreign proceeding, attach a certified copy of the order of the court granting recognition.

I have examined the information in this document and have a reasonable belief that the information is true and correct.

| Petitioners or Petitioners' Representative | Attorneys |
|---|---|

**Name and mailing address of petitioner**

Redwood Capital Management, LLC    on behalf of the
Name    Redwood Petitioning Creditors Identified in Schedule 3--B

250 West 55th Street, 26th Floor
Number    Street

New York      NY      10019
City      State      ZIP Code

**Name and mailing address of petitioner's representative, if any**

Ruben Kliksberg
Name

250 West 55th Street, 26th Floor
Number    Street

New York      NY      10019
City      State      ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   05/20/2024
     MM / DD / YYYY

✗ _/s/ Ruben Kliksberg_      CEO
Signature of petitioner or representative, including representative's title

---

G. David Dean
Printed name

Cole Schotz P.C.
Firm name, if any

500 Delaware Avenue, Suite 1410
Number    Street

Wilmington      DE      19801
City      State      ZIP Code

Contact phone   (302) 652-3131    Email   ddean@coleschotz.com

Bar number   No. 6403

State      Delaware

✗ _/s/ G. David Dean_
Signature of attorney

Date signed   06/04/2024
     MM / DD / YYYY

Debtor   Neuron Fuel, Inc.
         _____    Case number (if known) _____
         Name

| 13. **Each petitioner's claim** | Name of petitioner | Nature of petitioner's claim | Amount of the claim above the value of any lien |
|---|---|---|---|
| | See Schedule 4-B annexed hereto - | claim detail for Veritas Petitioning Creditors | $ _____ |
| | _____ | _____ | $ _____ |
| | _____ | _____ | $ _____ |
| | | Total of petitioners' claims | $ _____ |

**If more space is needed to list petitioners, attach additional sheets. Write the alleged debtor's name and the case number, if known, at the top of each sheet. Following the format of this form, set out the information required in Parts 3 and 4 of the form for each additional petitioning creditor, the petitioner's claim, the petitioner's representative, and the petitioner's attorney. Include the statement under penalty of perjury set out in Part 4 of the form, followed by each additional petitioner's (or representative's) signature, along with the signature of the petitioner's attorney.**

**Part 4:    Request for Relief**

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

Petitioners request that an order for relief be entered against the debtor under the chapter of 11 U.S.C. specified in this petition. If a petitioning creditor is a corporation, attach the corporate ownership statement required by Bankruptcy Rule 1010(b). If any petitioner is a foreign representative appointed in a foreign proceeding, attach a certified copy of the order of the court granting recognition.

I have examined the information in this document and have a reasonable belief that the information is true and correct.

| Petitioners or Petitioners' Representative | Attorneys |
|---|---|

**Name and mailing address of petitioner**

Veritas Capital Credit Opportunities Fund SPV, L.L.C. and Veritas Capital Credit Opportunities Fund II SPV, L.L.C.
Name

9 West 57th Street, 32nd Floor
Number    Street

New York                    NY          10019
City                        State       ZIP Code

**Name and mailing address of petitioner's representative, if any**

Mark Basile, President
Name

9 West 57th Street, 32nd Floor
Number    Street

New York                    NY          10019
City                        State       ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   05/29/2024
              MM / DD / YYYY

✗  _____
Signature of petitioner or representative, including representative's title

**Attorneys**

G. David Dean
Printed name

Cole Schotz P.C.
Firm name, if any

500 Delaware Avenue, Suite 1410
Number    Street

Wilmington                  DE          19801
City                        State       ZIP Code

Contact phone   (302) 652-3131    Email  ddean@coleschotz.com

Bar number   No. 6403

State        Delaware

✗   /s/ G. David Dean
    _____
    Signature of attorney

Date signed   06/04/2024
              MM / DD / YYYY

Official Form 205                     Involuntary Petition Against a Non-Individual                     page 3

| Debtor | Neuron Fuel, Inc. | Case number (if known) _____ |
| --- | --- | --- |
| | Name | |

| 13. **Each petitioner's claim** | Name of petitioner | Nature of petitioner's claim | Amount of the claim above the value of any lien |
| --- | --- | --- | --- |

See <u>Schedule 5</u>-B annexed hereto - claim detail for HGV BL SPV, LLC

_____     _____     $ _____

_____     _____     $ _____

Total of petitioners' claims     $ _____

**If more space is needed to list petitioners, attach additional sheets. Write the alleged debtor's name and the case number, if known, at the top of each sheet. Following the format of this form, set out the information required in Parts 3 and 4 of the form for each additional petitioning creditor, the petitioner's claim, the petitioner's representative, and the petitioner's attorney. Include the statement under penalty of perjury set out in Part 4 of the form, followed by each additional petitioner's (or representative's) signature, along with the signature of the petitioner's attorney.**

| **Part 4:** | **Request for Relief** |
| --- | --- |

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

Petitioners request that an order for relief be entered against the debtor under the chapter of 11 U.S.C. specified in this petition. If a petitioning creditor is a corporation, attach the corporate ownership statement required by Bankruptcy Rule 1010(b). If any petitioner is a foreign representative appointed in a foreign proceeding, attach a certified copy of the order of the court granting recognition.

I have examined the information in this document and have a reasonable belief that the information is true and correct.

| Petitioners or Petitioners' Representative | Attorneys |
| --- | --- |

**Name and mailing address of petitioner**

HGV BL SPV, LLC
Name

_330 Madison Avenue, 21st FL _____
Number    Street

_New York_____  __NY___  _10017___
City          State     ZIP Code

**Name and mailing address of petitioner's representative, if any**

__Mandy Lam_____
Name

_330 Madison Avenue, 21st Floor_____
__ Number    Street

_New York_____  __NY___  _10017___
City          State     ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  06/03/2024
             MM / DD / YYYY

DocuSigned by:

✗ _Mandy Lam_____  ____General Counsel____
  C1A52651099540D...
Signature of petitioner or representative, including representative's title

Attorneys:

G. David Dean
Printed name

Cole Schotz P.C.
Firm name, if any

500 Delaware Avenue, Suite 1410
Number    Street

Wilmington          DE        19801
City          State     ZIP Code

Contact phone  (302) 652-3131  Email  ddean@coleschotz.com

Bar number  No. 6403

State  Delaware

✗ /s/  G. David Dean
Signature of attorney

Date signed  06/04/2024
             MM / DD / YYYY

Debtor __Neuron Fuel, Inc._____    Case number *(if known)* _____
       Name

| 13. **Each petitioner's claim** | Name of petitioner | Nature of petitioner's claim | Amount of the claim above the value of any lien |
|---|---|---|---|
| | See Schedule 7-B annexed hereto - claim detail for Midtown Acquisitions L.P. | | $ _____ |
| | | | $ _____ |
| | | | $ _____ |
| | | Total of petitioners' claims | $ _____ |

**If more space is needed to list petitioners, attach additional sheets. Write the alleged debtor's name and the case number, if known, at the top of each sheet. Following the format of this form, set out the information required in Parts 3 and 4 of the form for each additional petitioning creditor, the petitioner's claim, the petitioner's representative, and the petitioner's attorney. Include the statement under penalty of perjury set out in Part 4 of the form, followed by each additional petitioner's (or representative's) signature, along with the signature of the petitioner's attorney.**

**Part 4:    Request for Relief**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

Petitioners request that an order for relief be entered against the debtor under the chapter of 11 U.S.C. specified in this petition. If a petitioning creditor is a corporation, attach the corporate ownership statement required by Bankruptcy Rule 1010(b). If any petitioner is a foreign representative appointed in a foreign proceeding, attach a certified copy of the order of the court granting recognition.

I have examined the information in this document and have a reasonable belief that the information is true and correct.

| Petitioners or Petitioners' Representative | Attorneys |
|---|---|

**Name and mailing address of petitioner**

Midtown Acquisitions GP LLC, as general partner of Midtown Acquisitions L.P.
Name

520 Madison Avenue, 30th Floor
Number    Street

New York                    NY            10022
City                        State        ZIP Code

**Name and mailing address of petitioner's representative, if any**

Shulamit Leviant
Name

520 Madison Avenue, 30th Floor
Number    Street

New York                    NY            10022
City                        State        ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __06/04/2024__
       MM / DD / YYYY

DocuSigned by:

✖ *Shuly Leviant* _____
   6DB11BFC533747E...
Signature of petitioner or representative, including representative's title
               Authorized Signatory

G. David Dean
Printed name

Cole Schotz P.C.
Firm name, if any

500 Delaware Avenue, Suite 1410
Number    Street

Wilmington                  DE            19801
City                        State        ZIP Code

Contact phone __(302) 652-3131__    Email __ddean@coleschotz.com__

Bar number __No. 6403__

State __Delaware__

✖ */s/ G. David Dean* _____
Signature of attorney

Date signed __06/04/2024__
       MM / DD / YYYY

Debtor    Neuron Fuel, Inc.
Name                                    Case number (if known)

| 13. **Each petitioner's claim** | Name of petitioner | Nature of petitioner's claim | Amount of the claim above the value of any lien |
|---|---|---|---|
| | See Schedule 8-B annexed hereto - claim detail for Silver Point Petitioning Creditors | | $ _____ |
| | _____ | _____ | $ _____ |
| | _____ | _____ | $ _____ |
| | | Total of petitioners' claims | $ _____ |

**If more space is needed to list petitioners, attach additional sheets. Write the alleged debtor's name and the case number, if known, at the top of each sheet. Following the format of this form, set out the information required in Parts 3 and 4 of the form for each additional petitioning creditor, the petitioner's claim, the petitioner's representative, and the petitioner's attorney. Include the statement under penalty of perjury set out in Part 4 of the form, followed by each additional petitioner's (or representative's) signature, along with the signature of the petitioner's attorney.**

| Part 4: | **Request for Relief** |
|---|---|

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

Petitioners request that an order for relief be entered against the debtor under the chapter of 11 U.S.C. specified in this petition. If a petitioning creditor is a corporation, attach the corporate ownership statement required by Bankruptcy Rule 1010(b). If any petitioner is a foreign representative appointed in a foreign proceeding, attach a certified copy of the order of the court granting recognition.

I have examined the information in this document and have a reasonable belief that the information is true and correct.

| **Petitioners or Petitioners' Representative** | **Attorneys** |
|---|---|

**Name and mailing address of petitioner**

Name ___ Silver Point Capital, L.P. on behalf of the Silver Point Petitioning Creditors identified on Schedule 8-B

Number ___ 2 Greenwich Plaza ___ Street

City ___ Greenwich, CT 06830 ___ State ___ ZIP Code

**Name and mailing address of petitioner's representative, if any**

Name ___ Steven Weiser ___

Number 2 Greenwich Plaza ___ Street

City ___ Greenwich, CT 06830 ___ State ___ ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __ 05/15/2024 __
           MM / DD / YYYY

**✗** _[signature]_        Authorized Signatory
Signature of petitioner or representative, including representative's title

**Attorneys**

G. David Dean
Printed name

Cole Schotz P.C.
Firm name, if any

500 Delaware Avenue, Suite 1410
Number    Street

Wilmington          DE          19801
City                State        ZIP Code

Contact phone ___ (302) 652-3131 ___ Email ___ ddean@coleschotz.com

Bar number ___ No. 6403

State ___ Delaware

**✗** /s/ G. David Dean
Signature of attorney

Date signed ___ 06/04/2024
              MM / DD / YYYY

| Debtor | Neuron Fuel, Inc. | Case number (if known) |
|---|---|---|
| | Name | |

| 13. **Each petitioner's claim** | Name of petitioner | Nature of petitioner's claim | Amount of the claim above the value of any lien |
|---|---|---|---|
| | See Schedule 9-B annexed hereto - claim detail for Shawnee 2022-1 LLC | | $ |
| | | | $ |
| | | | $ |
| | | Total of petitioners' claims | $ |

If more space is needed to list petitioners, attach additional sheets. Write the alleged debtor's name and the case number, if known, at the top of each sheet. Following the format of this form, set out the information required in Parts 3 and 4 of the form for each additional petitioning creditor, the petitioner's claim, the petitioner's representative, and the petitioner's attorney. Include the statement under penalty of perjury set out in Part 4 of the form, followed by each additional petitioner's (or representative's) signature, along with the signature of the petitioner's attorney.

| Part 4: | Request for Relief |
|---|---|

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

Petitioners request that an order for relief be entered against the debtor under the chapter of 11 U.S.C. specified in this petition. If a petitioning creditor is a corporation, attach the corporate ownership statement required by Bankruptcy Rule 1010(b). If any petitioner is a foreign representative appointed in a foreign proceeding, attach a certified copy of the order of the court granting recognition.

I have examined the information in this document and have a reasonable belief that the information is true and correct.

| Petitioners or Petitioners' Representative | Attorneys |
|---|---|

**Name and mailing address of petitioner**

Shawnee 2022-1 LLC
Name

850 Library Avenue, Suite 204
Number    Street

Newark                          Delaware    19711
City                            State        ZIP Code

**Name and mailing address of petitioner's representative, if any**

Donald J. Puglisi, Puglisi & Associates
Name

850 Library Avenue, Suite 204
Number    Street

Newark                Delaware          19711
City                  State             ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    06/04/2024
MM / DD / YYYY

**DocuSigned by:**
X *Donald J. Puglisi*                sole member and a manager
A1139BB10852407
Signature of petitioner or representative, including representative's title

**Attorneys**

G. David Dean
Printed name

Cole Schotz P.C.
Firm name, if any

500 Delaware Avenue, Suite 1410
Number    Street

Wilmington              DE          19801
City                    State        ZIP Code

Contact phone    (302) 652-3131    Email  ddean@coleschotz.com

Bar number    No. 6403

State            Delaware

X */s/ G. David Dean*
Signature of attorney

Date signed    06/04/2024
MM / DD / YYYY

Debtor _____Neuron Fuel Inc._____          Case number (if known)_____
          Name

**13. Each petitioner's claim**

| | Name of petitioner | Nature of petitioner's claim | Amount of the claim above the value of any lien |
|---|---|---|---|
| | See Schedule 10-B annexed hereto - claim detail for Sentinel Dome Petitioning Creditors | | $ _____ |
| | _____ | _____ | $ _____ |
| | _____ | _____ | $ _____ |
| | | Total of petitioners' claims | $ _____ |

**If more space is needed to list petitioners, attach additional sheets. Write the alleged debtor's name and the case number, if known, at the top of each sheet. Following the format of this form, set out the information required in Parts 3 and 4 of the form for each additional petitioning creditor, the petitioner's claim, the petitioner's representative, and the petitioner's attorney. Include the statement under penalty of perjury set out in Part 4 of the form, followed by each additional petitioner's (or representative's) signature, along with the signature of the petitioner's attorney.**

| **Part 4:** | **Request for Relief** |
|---|---|

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

Petitioners request that an order for relief be entered against the debtor under the chapter of 11 U.S.C. specified in this petition. If a petitioning creditor is a corporation, attach the corporate ownership statement required by Bankruptcy Rule 1010(b). If any petitioner is a foreign representative appointed in a foreign proceeding, attach a certified copy of the order of the court granting recognition.

I have examined the information in this document and have a reasonable belief that the information is true and correct.

| Petitioners or Petitioners' Representative | Attorneys |
|---|---|

**Name and mailing address of petitioner**

Sentinel Dome Partners, LLC on behalf of the Sentinel Dome Petitioning Creditors identified on Schedule 10-B

1350 Bayshore Hwy, Ste 905
Number    Street

Burlingame _____ CA _____ 94010
City          State         ZIP Code

**Name and mailing address of petitioner's representative, if any**

Charlene Nyberg, CFO
Name

1350 Bayshore Hwy, Ste 905
Number    Street

Burlingame _____ CA _____ 94010
City          State         ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___06/04/2024___
          MM / DD / YYYY

**X** _C_____
Signature of petitioner or representative, including representative's title

G. David Dean
Printed name

Cole Schotz P.C.
Firm name, if any

500 Delaware Avenue, Suite 1410
Number    Street

Wilmington _____ DE _____ 19801
City          State         ZIP Code

Contact phone  (302) 652-3131  Email ddean@coleschotz.com

Bar number  No. 6403

State  Delaware

**X**  /s/ G. David Dean
_____
Signature of attorney

Date signed  ___06/04/2024___
          MM / DD / YYYY

Debtor __Neuron Fuel, Inc._____
       Name

Case number (if known)_____

| 13. **Each petitioner's claim** | Name of petitioner | Nature of petitioner's claim | Amount of the claim above the value of any lien |
|---|---|---|---|
| | See Schedule 11-B annexed hereto - claim detail for the Stonehill Petitioning Creditors | | $ _____ |
| | _____ | _____ | $ _____ |
| | _____ | _____ | $ _____ |
| | | Total of petitioners' claims | $ _____ |

**If more space is needed to list petitioners, attach additional sheets. Write the alleged debtor's name and the case number, if known, at the top of each sheet. Following the format of this form, set out the information required in Parts 3 and 4 of the form for each additional petitioning creditor, the petitioner's claim, the petitioner's representative, and the petitioner's attorney.  Include the statement under penalty of perjury set out in Part 4 of the form, followed by each additional petitioner's (or representative's) signature, along with the signature of the petitioner's attorney.**

| Part 4: | Request for Relief |
|---|---|

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

Petitioners request that an order for relief be entered against the debtor under the chapter of 11 U.S.C. specified in this petition. If a petitioning creditor is a corporation, attach the corporate ownership statement required by Bankruptcy Rule 1010(b). If any petitioner is a foreign representative appointed in a foreign proceeding, attach a certified copy of the order of the court granting recognition.

I have examined the information in this document and have a reasonable belief that the information is true and correct.

| Petitioners or Petitioners' Representative | Attorneys |
|---|---|

**Name and mailing address of petitioner**

__Stonehill Capital Management LLC, on behalf of the__
 Stonehill Petitioning Creditors identified on Schedule 11-B attached hereto

__320 Park Ave., 26th Floor_____
Number    Street

__New York_____ __NY___ __10022__
City                  State    ZIP Code

**Name and mailing address of petitioner's representative, if any**

_Paul D. Malek, Authorized Signatory_____
Name

__320 Park Ave., 26th Floor_____
Number    Street

__New York_____ __NY___ __10022__
City                  State    ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __06/04/2024__
             MM / DD / YYYY

DocuSigned by:

✖ _Paul Malek_____
    C2D41A92660E48F
Signature of petitioner or representative, including representative's title

G. David Dean_____
Printed name

Cole Schotz P.C._____
Firm name, if any

500 Delaware Avenue, Suite 1410_____
Number    Street

Wilmington_____ __DE___ __19801__
City                  State    ZIP Code

Contact phone __(302) 652-3131__ Email _ddean@coleschotz.com_

Bar number __No. 6403_____

State __Delaware_____

✖ _/s/ G. David Dean_____
Signature of attorney

Date signed __06/04/2024__
             MM / DD / YYYY

Debtor  Neuron Fuel, Inc.
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
_Name_                                    Case number (_if known_)⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

| 13. **Each petitioner's claim** | Name of petitioner | Nature of petitioner's claim | Amount of the claim above the value of any lien |
|---|---|---|---|
| | See Schedule 12-B annexed hereto - claim detail for Diameter Petitioning Creditors | | $ _____ |
| | ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | $ _____ |
| | ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | $ _____ |
| | | Total of petitioners' claims | $ _____ |

**If more space is needed to list petitioners, attach additional sheets. Write the alleged debtor's name and the case number, if known, at the top of each sheet. Following the format of this form, set out the information required in Parts 3 and 4 of the form for each additional petitioning creditor, the petitioner's claim, the petitioner's representative, and the petitioner's attorney.  Include the statement under penalty of perjury set out in Part 4 of the form, followed by each additional petitioner's (or representative's) signature, along with the signature of the petitioner's attorney.**

### Part 4:    Request for Relief

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

Petitioners request that an order for relief be entered against the debtor under the chapter of 11 U.S.C. specified in this petition. If a petitioning creditor is a corporation, attach the corporate ownership statement required by Bankruptcy Rule 1010(b). If any petitioner is a foreign representative appointed in a foreign proceeding, attach a certified copy of the order of the court granting recognition.

I have examined the information in this document and have a reasonable belief that the information is true and correct.

| Petitioners or Petitioners' Representative | Attorneys |
|---|---|

**Name and mailing address of petitioner**

Diameter Capital Partners LP, on behalf of the Diameter Petitioning Creditors identified on Schedule 12-B attached hereto
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
_Name_

55 Hudson Yards, Suite 29B
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
_Number     Street_

New York                 NY         10001
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
_City_                          _State_         _ZIP Code_

**Name and mailing address of petitioner's representative, if any**

Shailini Rao, Co-Chief Operating Officer & General Counsel
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
_Name_

55 Hudson Yards, Suite 29B
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
_Number     Street_

New York                 NY         10001
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
_City_                          _State_         _ZIP Code_

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  06/04/2024
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
         MM  /  DD  / YYYY

✖ _Signature_
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Signature of petitioner or representative, including representative's title

**Attorneys**

G. David Dean
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
_Printed name_

Cole Schotz P.C.
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
_Firm name, if any_

500 Delaware Avenue, Suite 1410
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
_Number     Street_

Wilmington                    DE          19801
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
_City_                              _State_         _ZIP Code_

Contact phone  (302) 652-3131   Email ddean@coleschotz.com

Bar number   No. 6403
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

State         Delaware
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

✖   _/s/ G. David Dean_
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Signature of attorney

Date signed   06/04/2024
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
         MM  /  DD  / YYYY

Debtor    Neuron Fuel, Inc.
_____    Case number (if known)_____
Name

---

**13. Each petitioner's claim**

| Name of petitioner | Nature of petitioner's claim | Amount of the claim above the value of any lien |
|---|---|---|
| See Schedule 13-B annexed hereto - claim detail for Ellington Petitioning Creditors | | $ _____ |
| | | $ _____ |
| | | $ _____ |
| | Total of petitioners' claims | $ _____ |

**If more space is needed to list petitioners, attach additional sheets. Write the alleged debtor's name and the case number, if known, at the top of each sheet. Following the format of this form, set out the information required in Parts 3 and 4 of the form for each additional petitioning creditor, the petitioner's claim, the petitioner's representative, and the petitioner's attorney.  Include the statement under penalty of perjury set out in Part 4 of the form, followed by each additional petitioner's (or representative's) signature, along with the signature of the petitioner's attorney.**

---

**Part 4:    Request for Relief**

**WARNING** -- Bankruptcy fraud is a serious crime. M_____ _____ent in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

Petitioners request that an order for relief be entered against the debtor under the chapter of 11 U.S.C. specified in this petition. If a petitioning creditor is a corporation, attach the corporate ownership statement required by Bankruptcy Rule 1010(b). If any petitioner is a foreign representative appointed in a foreign proceeding, attach a certified copy of the order of the court granting recognition.

I have examined the information in this document and have a reasonable belief that the information is true and correct.

| **Petitioners or Petitioners' Representative** | **Attorneys** |
|---|---|

**Name and mailing address of petitioner**

Ellington CLO III, Ltd. and Ellington Special Relative Value Fund L.L.C.
Name

_53 Forest Avenue
Number    Street

Old Greenwich, CT 06880_____    _____
City                        State            ZIP Code

**Name and mailing address of petitioner's representative, if any**

_Daniel Margolis
Name

53 Forest Avenue
Number    Street

_, Old Greenwich, CT 06880_____
City                        State            ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   06/02/2024
                        MM / DD / YYYY

✗ /s/ _____

Signature of petitioner or representative, including representative's title

Daniel Margolis, General Counsel of
Petitioner's Managers

---

**Attorneys**

G. David Dean
Printed name

Cole Schotz P.C.
Firm name, if any

500 Delaware Avenue, Suite 1410
Number    Street

Wilmington                DE            19801
City                        State            ZIP Code

Contact phone   (302) 652-3131    Email   ddean@coleschotz.com

Bar number    No. 6403

State    Delaware

✗ /s/ G. David Dean

Signature of attorney

Date signed   06/04/2024
                        MM / DD / YYYY

---

Debtor  Neuron Fuel, Inc.
_____
Name

Case number (if known) _____

**13. Each petitioner's claim**

| | Name of petitioner | Nature of petitioner's claim | Amount of the claim above the value of any lien |
|---|---|---|---|
| | GLAS Trust Company LLC, in its capacity as administrative and collateral agent | outstanding principal under term loan | $ 1,189,513,684.78* |
| | | | $ _____ |
| | | | $ _____ |

*This amount represents the total principal term loans outstanding under the Credit and Guaranty Agreement. While such claim is secured, GLAS Trust Company LLC agrees individually, and the other Petitioning Creditors agree jointly and severally, to cap their collective secured claim at an amount that is $18,600 less than the face amount of their collective claims.

Total of petitioners' claims   $ _____

**If more space is needed to list petitioners, attach additional sheets. Write the alleged debtor's name and the case number, if known, at the top of each sheet. Following the format of this form, set out the information required in Parts 3 and 4 of the form for each additional petitioning creditor, the petitioner's representative, and the petitioner's attorney. Include the statement under penalty of perjury set out in Part 4 of the form, followed by each additional petitioner's (or representative's) signature, along with the signature of the petitioner's attorney.**

### Part 4:  Request for Relief

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

Petitioners request that an order for relief be entered against the debtor under the chapter of 11 U.S.C. specified in this petition. If a petitioning creditor is a corporation, attach the corporate ownership statement required by Bankruptcy Rule 1010(b). If any petitioner is a foreign representative appointed in a foreign proceeding, attach a certified copy of the order of the court granting recognition.

I have examined the information in this document and have a reasonable belief that the information is true and correct.

| Petitioners or Petitioners' Representative | Attorneys |
|---|---|

**Name and mailing address of petitioner**

GLAS Trust Company LLC, in its capacity as administrative agent and collateral agent
_____
Name

3 Second Street, Suite 206
_____
Number     Street

Jersey City _____  NJ _____  07311 ____
City                        State        ZIP Code

**Name and mailing address of petitioner's representative, if any**

Katie Fischer, GLAS Trust Company LLC, Transaction Manager - Vice President
_____
Name

3 Second Street, Suite 206
_____
Number     Street

Jersey City _____  NJ _____  07311 ____
City                        State        ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  06 / 04 / 2024
             MM / DD / YYYY

✗ /s/ Katie Fischer
_____
Signature of petitioner or representative, including representative's title

Laura Davis Jones
_____
Printed name

Pachulski Stang Ziehl & Jones LLP
_____
Firm name, if any

919 North Market Street, 17th Floor
_____
Number    Street

Wilmington _____  DE _____
City                            State       ZIP Code

Contact phone  302-652-4100 _____  Email ljones@pszjlaw.com

Bar number  2436

State  DE

✗ /s/ Laura Davis Jones
_____
Signature of attorney

Date signed  06/04/2024
             MM / DD / YYYY

Debtor     Neuron Fuel, Inc.
           Name                                                          Case number (if known)

---

**13. Each petitioner's claim** | **Name of petitioner** | **Nature of petitioner's claim** | **Amount of the claim above the value of any lien** |
|---|---|---|---|
| | See Schedule 15-B attached hereto - claim detail for Continental Casualty Company | | $ _____ |
| | | | $ _____ |
| | | | $ _____ |
| | | Total of petitioners' claims | $ _____ |

**If more space is needed to list petitioners, attach additional sheets. Write the alleged debtor's name and the case number, if known, at the top of each sheet. Following the format of this form, set out the information required in Parts 3 and 4 of the form for each additional petitioning creditor, the petitioner's claim, the petitioner's representative, and the petitioner's attorney. Include the statement under penalty of perjury set out in Part 4 of the form, followed by each additional petitioner's (or representative's) signature, along with the signature of the petitioner's attorney.**

| **Part 4:** | **Request for Relief** |
|---|---|

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

Petitioners request that an order for relief be entered against the debtor under the chapter of 11 U.S.C. specified in this petition. If a petitioning creditor is a corporation, attach the corporate ownership statement required by Bankruptcy Rule 1010(b). If any petitioner is a foreign representative appointed in a foreign proceeding, attach a certified copy of the order of the court granting recognition.

I have examined the information in this document and have a reasonable belief that the information is true and correct.

| **Petitioners or Petitioners' Representative** | **Attorneys** |
|---|---|

**Name and mailing address of petitioner**

Continental Casualty Company
Name

151 North Franklin Street, 15th Floor
Number     Street

Chicago                    IL          60606
City                       State       ZIP Code

**Name and mailing address of petitioner's representative, if any**

Amy C. Adams
Name

151 North Franklin Street
Number     Street

Chicago                    IL          60606
City                       State       ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    06/04/2024
               MM / DD / YYYY

[CNA Approved by Law Dept. Michael Coffey]

Senior Vice President & Treasurer

**X** _(signature)_
Signature of petitioner or representative, including representative's title

**Attorneys**

G. David Dean
Printed name

Cole Schotz P.C.
Firm name, if any

500 Delaware Avenue , Suite 1410
Number     Street

Wilimington                DE          19801
City                       State       ZIP Code

Contact phone    302.652.3131    Email    DDean@coleschotz.com

Bar number         No. 6403

State              DE

**X**    /s/ G. David Dean
Signature of attorney

Date signed    06/04/2024
               MM / DD / YYYY

Debtor   Neuron Fuel, Inc.
_____        Case number (if known)_____
        Name

| 13. **Each petitioner's claim** | Name of petitioner | Nature of petitioner's claim | Amount of the claim above the value of any lien |
|---|---|---|---|
| | See Schedule 16-B annexed hereto - claim detail for India Credit Solutions, L.P. | | $ _____ |
| | _____ | _____ | $ _____ |
| | _____ | _____ | $ _____ |
| | | Total of petitioners' claims | $ _____ |

**If more space is needed to list petitioners, attach additional sheets. Write the alleged debtor's name and the case number, if known, at the top of each sheet. Following the format of this form, set out the information required in Parts 3 and 4 of the form for each additional petitioning creditor, the petitioner's claim, the petitioner's representative, and the petitioner's attorney. Include the statement under penalty of perjury set out in Part 4 of the form, followed by each additional petitioner's (or representative's) signature, along with the signature of the petitioner's attorney.**

| Part 4: | Request for Relief |
|---|---|

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

Petitioners request that an order for relief be entered against the debtor under the chapter of 11 U.S.C. specified in this petition. If a petitioning creditor is a corporation, attach the corporate ownership statement required by Bankruptcy Rule 1010(b). If any petitioner is a foreign representative appointed in a foreign proceeding, attach a certified copy of the order of the court granting recognition.

I have examined the information in this document and have a reasonable belief that the information is true and correct.

| Petitioners or Petitioners' Representative | Attorneys |
|---|---|

**Name and mailing address of petitioner**

India Credit Solutions, L.P.
_____
Name

190 Elgin Avenue
_____
Number    Street

George Town                    Grand Cayman  KY1-9008
_____
City                            State        ZIP Code

**Name and mailing address of petitioner's representative, if any**

Matthew Mach
_____
Name

901 Marquette Avenue S., Suite 3300
_____
Number    Street

Minneapolis                    MN        55402
_____
City                            State      ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   06/04/2024
            MM  / DD / YYYY

✗ _____
Signature of petitioner or representative, including representative's title

G. David Dean
_____
Printed name

Cole Schotz P.C.
_____
Firm name, if any

500 Delaware Avenue, Suite 1410
_____
Number    Street

Wilmington                    Delaware      19801
_____
City                            State      ZIP Code

Contact phone   (302) 652-3131   Email ddean@coleschotz.com

Bar number   No. 6403
_____

State   Delaware
_____

✗ /s/ G. David Dean
_____
Signature of attorney

Date signed   06/04/2024
            MM / DD / YYYY

**Table of Contents for Neuron Fuel, Inc. Involuntary Petition**

| Petitioning Creditor Group | Schedules |
|---|---|
| **1. HPS Petitioning Creditors:**<br>a. Cardinal Fund, L.P.<br>b. Florida Power & Light Company Qualified Decommissioning Trusts for Turkey Point and St. Lucie Nuclear Plants<br>c. HPS Loan Management 10-2016, Ltd.<br>d. HPS Loan Management 11-2017, Ltd.<br>e. HPS Loan Management 12-2018, Ltd.<br>f. HPS Loan Management 13-2018, Ltd.<br>g. HPS Loan Management 14-2019, Ltd.<br>h. HPS Loan Management 15-2019, Ltd.<br>i. HPS Loan Management 2013-2, Ltd.<br>j. HPS Loan Management 2021-16, Ltd.<br>k. HPS Loan Management 3-2014, Ltd.<br>l. HPS Loan Management 4-2014, Ltd.<br>m. HPS Loan Management 5-2015, Ltd.<br>n. HPS Loan Management 6-2015, Ltd.<br>o. HPS Loan Management 8-2016, Ltd.<br>p. HPS Loan Management 9-2016, Ltd.<br>q. HPS Mauna Kea Fund, L.P.<br>r. Institutional Credit Fund Subsidiary, L.P.<br>s. Strata CLO I, Ltd.<br>t. Strata CLO II, Ltd.<br>u. ZALICO VL Series Account-2 | 1. **Schedule 1-A:** Corporate Ownership Statement<br>2. **Schedule 1-B:** Claim Detail<br>3. **Schedule 1-C:** FRBP 1003(a) Declaration<br>   a. **Exhibit A** – Claim Transfer Support |
| **2. TBK Bank, SSB** | 1. **Schedule 2-A:** Corporate Ownership Statement<br>2. **Schedule 2-B:** Claim Detail |
| **3. Redwood Petitioning Creditors:**<br>a. Blue Hiawatha DD3 LLC<br>b. Blue Hiawatha LLC<br>c. Redwood Drawdown Master Fund III, L.P.<br>d. Redwood Master Fund, Ltd.<br>e. Redwood Opportunity Master Fund, Ltd.<br>f. White Granite LLC | 1. **Schedule 3-A:** Corporate Ownership Statement<br>2. **Schedule 3-B:** Claim Detail<br>3. **Schedule 3-C:** FRBP 1003(a) Declaration<br>   a. **Exhibit A** – Claim Transfer Support |
| **4. Veritas Petitioning Creditors:**<br>a. Veritas Capital Credit Opportunities Fund II SPV, L.L.C.<br>b. Veritas Capital Credit Opportunities Fund SPV, L.L.C. | 1. **Schedule 4-A:** Corporate Ownership Statement<br>2. **Schedule 4-B:** Claim Detail |
| **5. HGV BL LSPV, LLC** | 1. **Schedule 5-A:** Corporate Ownership Statement<br>2. **Schedule 5-B:** Claim Detail<br>3. **Schedule 5-C:** FRBP 1003(a) Declaration |

**Table of Contents for Neuron Fuel, Inc. Involuntary Petition**

| Petitioning Creditor Group | Schedules |
|---|---|
| | a. **Exhibit A** – Claim Transfer Support |
| **6. [Reserved]** | **1. [Reserved]** |
| **7. Midtown Acquisitions L.P.** | 1. **Schedule 7-A:** N/A[1]<br>2. **Schedule 7-B:** Claim Detail<br>3. **Schedule 7-C:** FRBP 1003(a) Declaration<br>   a. **Exhibit A** – Claim Transfer Support |
| **8. Silver Point Petitioning Creditors:**<br>   a. SPCP Group, LLC<br>   b. SPCP Institutional Group LLC | 1. **Schedule 8-A:** Corporate Ownership Statement<br>2. **Schedule 8-B:** Claim Detail<br>3. **Schedule 8-C:** FRBP 1003(a) Declaration<br>   a. **Exhibit A** – Claim Transfer Support |
| **9. Shawnee 2022-1 LLC** | 1. **Schedule 9-A:** Corporate Ownership Statement<br>2. **Schedule 9-B:** Claim Detail<br>3. **Schedule 9-C:** FRBP 1003(a) Declaration<br>   a. **Exhibit A** – Claim Transfer Support |
| **10. Sentinel Dome Petitioning Creditors:**<br>   a. NPB Manager Fund, SPC on behalf of and for the account of Segregated Portfolio 103<br>   b. SDP Flagship Master Fund LP | 1. **Schedule 10-A:** Corporate Ownership Statement<br>2. **Schedule 10-B:** Claim Detail |
| **11. Stonehill Petitioning Creditors:**<br>   a. Stonehill Master Fund Ltd.<br>   b. Stonehill Institutional Partners, L.P. | 1. **Schedule 11-A:** Corporate Ownership Statement<br>2. **Schedule 11-B:** Claim Detail<br>3. **Schedule 11-C:** FRBP 1003(a) Declaration<br>   a. **Exhibit A** – Claim Transfer Support |
| **12. Diameter Petitioning Creditors:**<br>   a. Diameter Dislocation Master Fund LP | 1. **Schedule 12-A:** N/A[2]<br>2. **Schedule 12-B:** Claim Detail |

---

[1] Midtown Acquisitions L.P. is a limited partnership, which is not a corporation under 11 U.S.C. § 101(9). Accordingly, this entity is exempt from the requirement to file a corporate ownership statement pursuant to Federal Rule of Bankruptcy Procedure 7007.1, which is made applicable through Federal Rule of Bankruptcy Procedure 1010(b).

[2] *See* footnote 1.

**Table of Contents for Neuron Fuel, Inc. Involuntary Petition**

| Petitioning Creditor Group | Schedules |
|---|---|
| b. Diameter Dislocation Master Fund II LP<br>c. Diameter Master Fund LP | 3. **Schedule 12-C:** FRBP 1003(a) Declaration<br>a. **Exhibit A** – Claim Transfer Support |
| **13. Ellington Petitioning Creditors:**<br>a. Ellington CLO III, Ltd.<br>b. Ellington Special Relative Value Fund L.L.C. | 1. **Schedule 13-A:** Corporate Ownership Statement<br>2. **Schedule 13-B:** Claim Detail |
| **14. GLAS Trust Company LLC** | 1. **Schedule 14-A:** Corporate Ownership Statement<br>2. **Schedule 14-B:** Claim Detail |
| **15. Continental Casualty Company** | 1. **Schedule 15-A:** Corporate Ownership Statement<br>2. **Schedule 15-B:** Claim Detail |
| **16. India Credit Solutions, L.P.** | 1. **Schedule 16-A:** N/A[3]<br>2. **Schedule 16-B:** Claim Detail |

---

[3] *See* footnote 1.

## <u>Schedule 1-A</u>

**Corporate Ownership Statement for HPS Petitioning Creditors**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Neuron Fuel, Inc. | Case No. 24-_____ - (___) |
| Alleged Debtor. | |

## <u>CORPORATE OWNERSHIP STATEMENT OF HPS PETITIONING CREDITORS</u>

Pursuant to Rules 1010(b) and 7007-1 of the Federal Rules of Bankruptcy Procedure, the petitioning creditors identified on **<u>Schedule 1-B</u>** attached hereto (each an "<u>HPS Petitioning Creditor</u>" and collectively, the "<u>HPS Petitioning Creditors</u>") hereby submit this consolidated corporate ownership statement (this "<u>Corporate Ownership Statement</u>") in connection with the involuntary chapter 11 bankruptcy petition filed against Neuron Fuel, Inc. ("<u>Neuron Fuel</u>").  Each HPS Petitioning Creditor is a separate and distinct lender under that certain Credit and Guaranty Agreement, dated as of November 24, 2021 by and among BYJU's Alpha, Inc., Think and Learn Private Limited ("<u>Parent Guarantor</u>"), certain subsidiaries of the Parent Guarantor (including, but not limited to, Neuron Fuel), each lender party thereto, and GLAS Trust Company LLC, as administrative agent and as collateral agent.  Each HPS Petitioning Creditor is managed by HPS Investment Partners, LLC.  As set forth more fully in  column  D of  **<u>Schedule 1-B</u>,** no corporate entity directly or indirectly owns 10% or more of any HPS Petitioning Creditor's equity interests.

### <u>Declaration Under Penalty of Perjury</u>

I, the undersigned authorized representative of HPS Investment Partners, LLC, have authority to execute this Corporate Ownership Statement and the related involuntary bankruptcy petition for Neuron Fuel on behalf of each HPS Petitioning Creditor.  I declare under penalty of

perjury that I have reviewed this Corporate Ownership Statement and **<u>Schedule 1-B</u>** attached hereto, and that all information contained therein is true and correct to the best of my knowledge, information and belief, with reliance on appropriate corporate officers.

*[Signature Page to Follow]*

2

Dated: May 21, 2024

_____
Name:          Scott Crocombe
Title:         Managing Dirctor
Company:       HPS Investment Partners, LLC

*On behalf of each HPS Petitioning Creditor*
*identified on* <u>*Schedule 1-B*</u> *attached hereto*

3

## **<u>Schedule 1-B</u>**

**Claim Detail for HPS Petitioning Creditors**

| Name of HPS Petitioning Creditor | Nature of Claim | Amount of the Claim Above the Value of Any Lien* | Corporate Entities Directly or Indirectly Owning 10% or More of Petitioning Creditor's Stock | Has There Been a Transfer of the Claim by or to the Petitioning Creditor? |
|---|---|---|---|---|
| Cardinal Fund, L.P. | Term loan holdings | $ | N/A | No |
| Florida Power & Light Company Qualified Decommissioning Trusts for Turkey Point and St. Lucie Nuclear Plants | Term loan holdings | $ | No parent | No |
| HPS Loan Management 10-2016, Ltd | Term loan holdings | $ | No parent | No |
| HPS Loan Management 11-2017, Ltd. | Term loan holdings | $ | No parent | No |
| HPS Loan Management 12-2018, Ltd. | Term loan holdings | $ | No parent | No |
| HPS Loan Management 13-2018, Ltd. | Term loan holdings | $ | No parent | No |
| HPS Loan Management 14-2019, Ltd. | Term loan holdings | $ | No parent | No |
| HPS Loan Management 15-2019, Ltd. | Term loan holdings | $ | No parent | No |
| HPS Loan Management 2013-2, Ltd. | Term loan holdings | $ | No parent | No |
| HPS Loan Management 2021-16, Ltd. | Term loan holdings | $ | No parent | No |
| HPS Loan Management 3-2014, Ltd. | Term loan holdings | $ | No parent | No |
| HPS Loan Management 4-2014, Ltd. | Term loan holdings | $ | No parent | No |
| HPS Loan Management 5-2015, Ltd. | Term loan holdings | $ | No parent | No |
| HPS Loan Management 6-2015, Ltd. | Term loan holdings | $ | No parent | No |
| HPS Loan Management 8-2016, Ltd | Term loan holdings | $ | No parent | No |
| HPS Loan Management 9-2016, Ltd. | Term loan holdings | $ | No parent | No |
| HPS Mauna Kea Fund, L.P | Term loan holdings | $ | N/A | No |
| Institutional Credit Fund Subsidiary, L.P. | Term loan holdings | $ | N/A | No |
| Strata CLO I, Ltd. | Term loan holdings | $ | No parent | No |
| Strata CLO II, Ltd. | Term loan holdings | $ | No parent | No |
| ZALICO VL Series Account-2 | Term loan holdings | $ | No parent | No |

*This amount represents the Petitioning Creditor's current total holdings under the Credit and Guaranty Agreement.  While such claim is secured, the Petitioning Creditor agrees individually, and the Petitioning Creditors agree jointly and severally, to cap their collective secured claim at an amount that is $18,600 less than the face amount of their collective claims.

## Schedule 2-A

**Corporate Ownership Statement for TBK Petitioning Creditors**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Neuron Fuel, Inc. | Case No. 24-_____ - (___) |
| Alleged Debtor. | |

## CORPORATE OWNERSHIP STATEMENT OF TBK BANK, SSB

Pursuant to Rules 1010(b) and 7007-1 of the Federal Rules of Bankruptcy Procedure, TBK Bank, SSB (the "TBK Petitioning Creditor") hereby submits this corporate ownership statement (this "Corporate Ownership Statement") in connection with the involuntary chapter 11 bankruptcy petition filed against Neuron Fuel, Inc. ("Neuron Fuel"). The TBK Petitioning Creditor is a lender under that certain Credit and Guaranty Agreement, dated as of November 24, 2021 by and among BYJU's Alpha, Inc., Think and Learn Private Limited ("Parent Guarantor"), certain subsidiaries of the Parent Guarantor (including, but not limited to, Neuron Fuel), each lender party thereto, and GLAS Trust Company LLC, as administrative agent and as collateral agent. The TBK Petitioning Creditor is managed by Triumph Financial. As set forth in Column D of **Schedule 2-B** attached hereto, BlackRock Inc. directly or indirectly owns 10% or more of the TBK Petitioning Creditor's equity interests.

## Declaration Under Penalty of Perjury

I, the undersigned authorized representative of Triumph Financial, have authority to execute this Corporate Ownership Statement and the related involuntary bankruptcy petition for Neuron Fuel on behalf of the TBK Petitioning Creditor. I declare under penalty of perjury that I have reviewed this Corporate Ownership Statement and **Schedule 2-B** attached hereto, and that

1

all information contained therein is true and correct to the best of my knowledge, information and

belief, with reliance on appropriate corporate officers.

*[Signature Page to Follow]*

Dated: May 23, 2024

DocuSigned by:

764B449E17954A1...

Name:        Adam Nelson
Title:       EVP, General Counsel &
             Corporate Secretary
Company:     Triumph Financial

*On behalf of TBK Bank, SSB*

# **Schedule 2-B**

## **Claim Detail for TBK Petitioning Creditors**

**Schedule 2-B** to Neuron Fuel, Inc. Involuntary Bankruptcy Petition
**Claim Detail for TBK Bank, SSB**

| Name of Petitioning Creditor | Nature of Claim | Amount of the Claim Above the Value of Any Lien* | Corporate Entities Directly or Indirectly Owning 10% or More of Petitioning Creditor's Stock | Has There Been a Transfer of the Claim by or to the Petitioning Creditor? |
|---|---|---|---|---|
| TBK Bank, SSB | Term loan holdings | $ ███████ | BlackRock Inc. (owns 14.4%) | No |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

*This amount represents the Petitioning Creditor's current total holdings under the Credit and Guaranty Agreement.  While such claim is secured, the Petitioning Creditor agrees individually, and the Petitioning Creditors agree jointly and severally, to cap their collective secured claim at an amount that is $18,600 less than the face amount of their collective claims.

## Schedule 3-A

**Corporate Ownership Statement for Redwood Petitioning Creditors**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Neuron Fuel, Inc. | Case No. 24-_____ - (___) |
| Alleged Debtor. | |

## <u>CORPORATE OWNERSHIP STATEMENT OF REDWOOD PETITIONING CREDITORS</u>

Pursuant to Rules 1010(b) and 7007-1 of the Federal Rules of Bankruptcy Procedure, the petitioning creditors identified on **Schedule 3-B** attached hereto (each a "<u>Redwood Petitioning Creditor</u>" and collectively, the "<u>Redwood Petitioning Creditors</u>") hereby submit this consolidated corporate ownership statement (this "<u>Corporate Ownership Statement</u>") in connection with the involuntary chapter 11 bankruptcy petition filed against Neuron Fuel, Inc. ("<u>Neuron Fuel</u>"). Each Redwood Petitioning Creditor is a separate and distinct lender under that certain Credit and Guaranty Agreement, dated as of November 24, 2021 by and among BYJU's Alpha, Inc., Think and Learn Private Limited ("<u>Parent Guarantor</u>"), certain subsidiaries of the Parent Guarantor (including, but not limited to, Neuron Fuel), each lender party thereto, and GLAS Trust Company LLC, as administrative agent and as collateral agent. Each Redwood Petitioning Creditor is an investment fund or an entity owned by one or more investment funds managed by Redwood Capital Management, LLC. Column D of **Schedule 3-B** identifies all corporate entities that directly or indirectly own 10% or more of each Redwood Petitioning Creditor's equity interests.

## <u>Declaration Under Penalty of Perjury</u>

I, the undersigned authorized representative of Redwood Capital Management, LLC, have authority to execute this Corporate Ownership Statement and the related involuntary bankruptcy

1

petition for Neuron Fuel on behalf of each Redwood Petitioning Creditor.  I declare under penalty of perjury that I have reviewed this Corporate Ownership Statement and  **Schedule 3-B** attached hereto, and that all information contained therein is true and correct to the best of my knowledge, information and belief, with reliance on appropriate corporate officers.

*[Signature Page to Follow]*

2

Dated: May 24, 2024

DocuSigned by:

_____

BA5BA9BDB5A8475

Name:       Ruben Kilksberg
Title:       CEO
Company:  Redwood Capital Management, LLC

*On behalf of each Redwood Petitioning Creditor*
*identified on* Schedule 3-B *attached hereto*

3

## <u>Schedule 3-B</u>

**Claim Detail for Redwood Petitioning Creditors**

**Schedule 3-B** to Neuron Fuel, Inc. Involuntary Bankruptcy Petition
**Claim Detail for Redwood Petitioning Creditors**

| Name of Redwood Petitioning Creditor | Nature of Claim | Amount of the Claim Above the Value of Any Lien* | Corporate Entities Directly or Indirectly Owning 10% or More of Petitioning Creditor's Stock | Has There Been a Transfer of the Claim by or to the Petitioning Creditor? |
|---|---|---|---|---|
| BLUE HIAWATHA DD3 LLC | Term loan holdings | $ ███ | NA | Yes |
| Blue Hiawatha LLC | Term loan holdings | $ ███ | 100% owned by Redwood Master Fund, Ltd. | Yes |
| Redwood Drawdown Master Fund III, LP. | Term loan holdings | $ ███ | NA | Yes |
| Redwood Master Fund, Ltd | Term loan holdings | $ ███ | Redwood Offshore Fund, Ltd. is a >10% corporated owner | Yes |
| REDWOOD OPPORTUNITY MASTER FUND, LTD | Term loan holdings | $ ███ | Redwood Opportunity Offshore Fund, Ltd. is a >10% corporate owner | Yes |
| White Granite LLC | Term loan holdings | $ ███ | Redwood Master Fund, Ltd. and Redwood Opportunity Master Fund, Ltd. are each >10% owners | Yes |

* This amount represents the Petitioning Creditor's current total holdings under the Credit and Guaranty Agreement.  While such claim is secured, the Petitioning Creditor agrees individually, and the Petitioning Creditors agree jointly and severally, to cap their collective secured claim at an amount that is $18,600 less than the face amount of their collective claims.

## Schedule 3-C

**Redwood Petitioning Creditors 1003(a) Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Neuron Fuel, Inc. | Case No. 24-_____ - (___) |
| Alleged Debtor. | |

**DECLARATION OF REDWOOD CAPITAL MANAGEMENT, LLC ON BEHALF OF
REDWOOD PETITIONING CREDITORS PURSUANT TO FEDERAL RULE OF
BANKRUPTCY PROCEDURE 1003(a)**

Pursuant to 28 U.S.C. § 1746, I, Ruben Kliksberg, declare as follows:

1.      I make this declaration on behalf of Blue Hiawatha DD3 LLC, Blue Hiawatha LLC, Redwood Drawdown Master Fund III, LP., Redwood Master Fund, Ltd, Redwood Opportunity Master Fund, Ltd, and White Granite LLC (each a "Redwood Petitioning Creditor" and collectively, the "Redwood Petitioning Creditors") in the above-captioned involuntary chapter 11 case (the "Bankruptcy Case") filed by Petitioning Creditor and other petitioning creditors against alleged debtor Neuron Fuel, Inc. ("Neuron Fuel"). I am fully familiar with the facts set forth herein either through my own personal knowledge or through a review of documents related to the Redwood Petitioning Creditors' claims against Neuron Fuel. If called to testify in connection with the Bankruptcy Case, the following would constitute my testimony.

2.      I am the CEO of Redwood Capital Management, LLC ("Redwood"). Each Redwood Petitioning Creditor is an investment fund an entity owned by one or more investment funds managed by Redwood. I have authority to execute this declaration on behalf of each Redwood Petitioning Creditor.

3.      As set forth more fully in Schedules 3-A and 3-B attached to the involuntary petition filed against Neuron Fuel, each Redwood Petitioning Creditor holds a claim against

Neuron Fuel based upon its holdings under that certain Credit and Guaranty Agreement dated as of November 24, 2021 (the "Credit Agreement"), by and among BYJU's Alpha, Inc., Think and Learn Private Limited ("Parent Guarantor"), certain subsidiaries of the Parent Guarantor (including, but not limited to, Neuron Fuel), each lender party thereto, and GLAS Trust Company LLC, as administrative agent and as collateral agent.

4.      The Redwood Petitioning Creditors' holdings under the Credit Agreement that are being relied upon for the purpose of satisfying the requirement of 11 U.S.C. § 303(b)(1) were acquired between November 2021 and June 2023, as reflected in the attached documents.

5.      No Redwood Petitioning Creditor acquired its claim for the purpose of commencing this case under the Bankruptcy Code.

6.      Each Redwood Petitioning Creditor either (i) acquired its claim on the open market for investment purposes or (ii) acquired its claim from another Redwood-managed fund, who in turn acquired the claim on the open market for investment purposes.

7.      The trade confirmations attached as Exhibit A include both the trade confirmations for the actual current holders as well as the assignments into the master funds that were subsequently transferred to White Granite LLC.

8.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

67600/0001-47734247v1

Dated: May 24, 2024

Name:        Ruben Kliksberg
Title:        CEO
Company:    Redwood Capital Management, LLC

## Exhibit A

**Redwood Petitioning Creditor Claim Transfer Supporting Documents**

Blue Hiawatha - BYJU (Bright) Claim Transfer Supporting Documents

# LSTA PAR/NEAR PAR TRADE CONFIRMATION

**To:**  **Blue Hiawatha LLC**
  **Buyer MEI:**  **US0M01H107**
  **Attention:**  **Anna Xu**
  **Phone No.:**  ███████████
  **Fax No.:**  ███████████
  **Email:**  ███████████████
  **Address:**  ███████████████████████████

**From:**  **JPMorgan Chase Bank, N.A.**
  **Seller MEI:**  **US1L019291**
  **Attention:**  **Joelle Gavlick**
  **Phone No.:**  ███████████
  **Fax No.:**  **0**
  **Email:**  ██████████████████
  **Address:**  ██████████████████████████

**Date:**  **06/05/2023**

We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par/Near Par Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of December 1, 2021, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | | | |
|---|---|---|---|
| **Trade Date:** | 06/01/2023 | | |
| **Seller:** | JPMorgan Chase Bank, N.A. | ☑ Principal | ☐ Agent |
| **Buyer:** | Blue Hiawatha LLC | ☑ Principal | ☐ Agent |

**Credit Agreement:**  CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent.

5795105002

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.

**Borrower:**          BYJU's Alpha, Inc.

**Form of Purchase:**  Assignment

**Purchase Amount/**
**Type of Debt:**

| Purchase Amount | Type of Debt | Facility | CUSIP Number |
|---|---|---|---|
| USD 5,308,200.00 | Term | Initial Term Loan | Y8800HAB6 |

**Purchase Rate:**        ███████        Initial Term Loan

**Up Front Fees:**                None        Initial Term Loan
**(if any):**

**Credit Documents**      No
**to be provided:**

**Trade Specific**        If the transaction set forth in this Confirmation results in or is the result of allocations to multiple funds or
**Other Terms of Trade:**  accounts by an investment manager or advisor (an "Allocated Transaction" and collectively, the "Allocated
                          Transactions"), JPMorgan Chase Bank N.A. shall not be required to pay (in the aggregate) more than ONE
                          FULL    Agent transfer fee set forth in this Confirmation or any of the other Confirmations relating to the
                          Allocated Transactions.

                          In connection with the Transaction, Seller hereby represents and warrants to Buyer that, as of the Trade Date and
                          the Settlement Date, the Purchase Amount of the Debt is subject to the Cooperation Agreement dated as of
                          January 3, 2023 (as amended, modified, or otherwise supplemented from time to time), among the Cooperating
                          Lenders (as defined therein) (the "Cooperation Agreement").

                          In connection with the Transaction, Buyer hereby represents and warrants to Seller, as of the Trade Date and the
                          Settlement Date, and agrees, as is applicable, that it (i) is a party, and is subject, to the Cooperation Agreement,
                          or (ii) is, and is acting in its capacity as, a Qualified Marketmaker (as defined in the Cooperation Agreement) and
                          shall, in connection with acting as a Qualified Marketmaker (a) transfer the Purchase Amount of the Debt to
                          another Cooperating Lender (as defined in the Cooperation Agreement) or (b) obtain a signed Joinder (as defined
                          in the Cooperation Agreement) from its transferee, in each case, as required in the Cooperation Agreement
                          (absent an applicable exemption), or (iii) shall sign a Joinder as required in the Cooperation Agreement.

                          Each of Buyer and Seller agrees to comply with notice requirements (if any) under the Cooperation Agreement
                          applicable to the transfer by Seller and the acquisition by Buyer of the Transfer Amount of the Debt.

Please provide the signature of a duly authorized officer or other signatory where indicated below and return this letter to the attention of Collin
Wirth at ClearPar at the following fax number or email address: ████████████████████
If you have any questions, please contact Collin Wirth at ██████████████

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.                                2

**JPMorgan Chase Bank, N.A.**

By: _____

    Name: Steven Blacker

    Title:  Authorized Signatory

**Blue Hiawatha LLC**
**By: REDWOOD CAPITAL MANAGEMENT,LLC, its**
**Investment Manager**

By: _____

    Name: Toni Healey

    Title:  Chief Financial Officer

5795105002

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.

Blue Hiawatha - BYJU Claim Transfer Supporting Documents

**Deutsche Bank** ◪
**LMA TRADE CONFIRMATION (BANK DEBT)**

To:    Blue Hiawatha LLC                    Date: _____ September 2023

Attention: Andy Sullivan

We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par and Distressed Trade Transactions (Bank Debt/Claims) of the Loan Market Association ("**LMA**") as in effect on the Trade Date, which are incorporated in this Confirmation.

1.    **Type of transaction:**

☑    Par trade transaction

☐    Distressed trade transaction

2.    **Credit Agreement Details:**

Borrower(s):  Byju's Alpha Inc.

Agent Bank:  GLAS Trust Company LLC

Date: 24 November 2021 as amended and/or restated from time to time, including by Amendment No.8 to Credit Agreement dated as of 12 January 2023

Total Facility Amount:

$1,200,000,000 (being the aggregate principal amount of the term loan facility under the Credit Agreement, as of the date of the Credit Agreement)

Additional                Information: The Credit Agreement is secured by the Liens (as defined in the Credit Agreement).

3.    **Trade Date:** 30 May 2023

4.    **Settlement Date:** As soon as reasonably practicable

5.    **Seller:** Deutsche Bank AG, London Branch

As  ☑ principal

6.    **Buyer:** Blue Hiawatha LLC

As  ☑ principal

7.    **Details of Traded Portion:**

Name of Tranche/Facility:

Initial Term Loan

Nature (Revolving, Term, Acceptances, Guarantee, Letter of Credit, Other):

Term

*Traded Portion of Commitment:*

US$7,719,800.00

8.    **Pricing:**

Purchase Rate: ▪▪▪▪%

9.    **Accrued Interest (other than PIK Interest)**:

☐    Settled Without Accrued Interest

☐    Paid on Settlement Date

☐    Paid on Settlement Date and Discounted from next roll-over date

☑    Trades Flat, save as modified by Section 13 (*Other Terms of Trade*) below.

10.   **Form of Purchase:**

☑    Legal Transfer by Assignment and Assumption (as defined in the Credit Agreement) in form prescribed by the Credit Agreement

☐    Legal Transfer only

☐    Funded Participation using LMA standard form of Funded Participation Agreement (par/distressed)

☑    If this transaction settles by Funded Participation, the Participation Agreement will grant:

-  Voting rights

☑ Yes    ☐ No

-  Information rights:

☑    Yes    (subject to the Buyer executing confidentiality agreement as per Seller's request and the terms of the Credit Agreement)

-  Collateral for Undrawn commitment:

☐ Yes   ☑ No

11. **Transaction Documentation:**

To be prepared by: ☑ Seller

☐ Buyer

12. **Credit Documentation to be provided by Seller :**

☐ Yes   ☑ No

13. **Process Agents:**

Buyer:   ☐ Yes   ☑ No

Seller:   ☐ Yes   ☑ No

14. **Other Terms of Trade:**

☑ Buy-in/sell-out damages do not apply to this par trade transaction.

☑ Breakfunding compensation does not apply to this par trade transaction.

☑ Delayed Settlement Compensation applies to this transaction and for the purposes of this transaction, "**Delay Period Commencement Date**" means the date falling 20 Business Days after the Trade Date.

☑ **Upstream Settlement and KYC:** The settlement of this transaction is subject to the successful completion of (i) the upstream purchase by the Seller of the Purchased Assets to be sold under this Confirmation and (ii) all necessary "know your customer" or other similar checks

under all applicable laws and regulations required by the Seller in respect of the Buyer.

☑ **Consent and regulatory approvals:** The settlement of this transaction by (as the case may be) substitution, novation, assignment or participation is subject to the granting of any third party consents (including without limitation any Borrower consent, regulatory or government approvals) (if applicable) required under the terms of the Credit Agreement or otherwise by applicable law.

☑ **Interest due on 25 May 2023**: For the avoidance of doubt, Interest (other than PIK Interest) and Recurring Fees (if any) in respect of the Traded Portion accrued up to but excluding 25 May 2023 (the "**Seller's Portion**") shall be for the account of the Seller, irrespective of when such amount is actually paid by the relevant Obligor. The Buyer shall promptly and in any event within two Business Days of receipt of all or any part of the Seller's Portion, pay that amount to the Seller.

Please sign and return this confirmation no later than the close of business on the second business day following receipt of this confirmation by email to the electronic mail address mentioned below or by other electronic means agreed between us.

If you have any questions, please contact please contact the persons listed below. For audit confirmations, please send requests by email to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**SELLER**

Contact Person: Suresh Ganesan / Ben Tsang / Jessie Liu / Gautam Prasad

Fax No.: ▮▮▮▮▮▮▮▮

E-mail: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Phone No.: ▮▮▮▮▮▮

LEI: 7LTWFZYICNSX8D621K86

**BUYER**

Contact Person: Andy Sullivan

E-mail: ▮▮▮▮▮▮▮▮▮▮

Phone No.: ▮▮▮▮▮▮

**DEUTSCHE BANK AG, LONDON BRANCH**

By:

Name:

Title:      Ben Tsang
            Director

Date:


By:

Name:

Title:      Jessie Liu
            Director

Date:

**BLUE HIAWATHA LLC.**

By: _Toni Healey_

Name:   Toni Healey

Title:    Authorized Signatory

# Deutsche Bank 
**LMA TRADE CONFIRMATION (BANK DEBT)**

To:     Blue Hiawatha LLC.                                          Date: _____ September 2023

Attention: Andy Sullivan

We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par and Distressed Trade Transactions (Bank Debt/Claims) of the Loan Market Association (**"LMA"**) as in effect on the Trade Date, which are incorporated in this Confirmation.

1. **Type of transaction:**

   ☑ Par trade transaction

   ☐ Distressed trade transaction

2. **Credit Agreement Details:**

   Borrower(s): Byju's Alpha Inc.

   Agent Bank: GLAS Trust Company LLC

   Date: 24 November 2021 as amended and/or restated from time to time, including by Amendment No.8 to Credit Agreement dated as of 12 January 2023

   Total Facility Amount:

   $1,200,000,000 (being the aggregate principal amount of the term loan facility under the Credit Agreement, as of the date of the Credit Agreement)

   Additional Information: The Credit Agreement is secured by the Liens (as defined in the Credit Agreement).

3. **Trade Date:** 31 May 2023

4. **Settlement Date:** As soon as reasonably practicable

5. **Seller:** Deutsche Bank AG, London Branch

   As  ☑ principal

6. **Buyer:** Blue Hiawatha LLC.

   As  ☑ principal

7. **Details of Traded Portion:**

   Name of Tranche/Facility:

   Initial Term Loan

   Nature (Revolving, Term, Acceptances, Guarantee, Letter of Credit, Other):

   Term

   *Traded Portion of Commitment:*

   US$2,709,700.00

**Pricing:**

Purchase Rate: ▮▮▮%

8. **Accrued Interest (other than PIK Interest):**

   ☐ Settled Without Accrued Interest

   ☐ Paid on Settlement Date

   ☐ Paid on Settlement Date and Discounted from next roll-over date

   ☑ Trades Flat, save as modified by Section 13 (*Other Terms of Trade*) below.

9. **Form of Purchase:**

   ☑ Legal Transfer by Assignment and Assumption (as defined in the Credit Agreement) in form prescribed by the Credit Agreement

     ☐ Legal Transfer only

   ☐ Funded Participation using LMA standard form of Funded Participation Agreement (par/distressed)

   ☑ If this transaction settles by Funded Participation, the Participation Agreement will grant:

     - Voting rights

         ☑ Yes  ☐ No

     - Information rights:

         ☑ Yes (subject to the Buyer executing confidentiality agreement as per Seller's request and the terms of the Credit Agreement)

     - Collateral for . Undrawn commitment:

☐ Yes   ☑ No

10.  **Transaction Documentation:**

To be prepared by:  ☑ Seller

☐ Buyer

11.  **Credit Documentation to be provided by Seller :**

☐ Yes   ☑ No

12.  **Process Agents:**

Buyer:   ☐ Yes   ☑ No

Seller:   ☐ Yes   ☑ No

13.  **Other Terms of Trade:**

☑ Buy-in/sell-out damages do not apply to this par trade transaction.

☑ Breakfunding compensation does not apply to this par trade transaction.

☑ Delayed Settlement Compensation applies to this transaction and for the purposes of this transaction, "**Delay Period Commencement Date**" means the date falling 20 Business Days after the Trade Date.

☑ **Upstream Settlement and KYC:** The settlement of this transaction is subject to the successful completion of (i) the upstream purchase by the Seller of the Purchased Assets to be sold under this Confirmation and (ii) all necessary "know your customer" or other similar checks

under all applicable laws and regulations required by the Seller in respect of the Buyer.

☑ **Consent and regulatory approvals:** The settlement of this transaction by (as the case may be) substitution, novation, assignment or participation is subject to the granting of any third party consents (including without limitation any Borrower consent, regulatory or government approvals) (if applicable) required under the terms of the Credit Agreement or otherwise by applicable law.

☑ **Interest due on 25 May 2023:** For the avoidance of doubt, Interest (other than PIK Interest) and Recurring Fees (if any) in respect of the Traded Portion accrued up to but excluding 25 May 2023 (the "**Seller's Portion**") shall be for the account of the Seller, irrespective of when such amount is actually paid by the relevant Obligor. The Buyer shall promptly and in any event within two Business Days of receipt of all or any part of the Seller's Portion, pay that amount to the Seller.

Please sign and return this confirmation no later than the close of business on the second business day following receipt of this confirmation by email to the electronic mail address mentioned below or by other electronic means agreed between us.

If you have any questions, please contact please contact the persons listed below. For audit confirmations, please send requests by email to █████████████████████

**SELLER**

Contact Person: Suresh Ganesan / Ben Tsang / Jessie Liu / Gautam Prasad

Fax No.: ███████████

E-mail: ███████████████████████

████████████████████████████

Phone No.: ████████████

LEI: 7LTWFZYICNSX8D621K86

**BUYER**

Contact Person: Andy Sullivan

E-mail: ██████████████████████

Phone No.: ████████████

---

**DEUTSCHE BANK AG, LONDON BRANCH**

By:

Name:

Title:

Date:

*Ben Tsang*
Director

By:

Name:

Title:

Date:

*Jessie Liu*
Director

**BLUE HIAWATHA LLC.**

By: *Toni Healey*

Name: Toni Healey

Title: Authorized Signatory

Date: 09/15/2023

Blue Hiawatha DD3 - BYJU (Bright) Claim Transfer Supporting Documents

# LSTA PAR/NEAR PAR TRADE CONFIRMATION

**To:**  **Blue Hiawatha DD3 LLC**
  **Buyer MEI:**  **US0M01H0Z8**
  **Attention:**  **Anna Xu**
  **Phone No.:**  ██████████
  **Fax No.:**  ██████████
  **Email:**  ██████████████
  **Address:**  ████████████████████████

**From:**  **JPMorgan Chase Bank, N.A.**
  **Seller MEI:**  **US1L019291**
  **Attention:**  **Joelle Gavlick**
  **Phone No.:**  ██████████
  **Fax No.:**  *0*
  **Email:**  ████████████████
  **Address:**  ████████████████████████

**Date:**  **06/05/2023**

We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par/Near Par Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of December 1, 2021, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | | | |
|---|---|---|---|
| **Trade Date:** | 06/01/2023 | | |
| **Seller:** | JPMorgan Chase Bank, N.A. | ☑ Principal | ☐ Agent |
| **Buyer:** | Blue Hiawatha DD3 LLC | ☑ Principal | ☐ Agent |

**Credit Agreement:**  CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent.

5795105001

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.                                                                     1

**Borrower:**       BYJU's Alpha, Inc.

**Form of Purchase:**   Assignment

**Purchase Amount/**
**Type of Debt:**

| Purchase Amount | Type of Debt | Facility | CUSIP Number |
|---|---|---|---|
| USD 3,071,800.00 | Term | Initial Term Loan | Y8800HAB6 |

**Purchase Rate:**        ███████    Initial Term Loan

**Up Front Fees:**            None    Initial Term Loan
**(if any):**

**Credit Documents**       No
**to be provided:**

**Trade Specific**         If the transaction set forth in this Confirmation results in or is the result of allocations to multiple funds or
**Other Terms of Trade:**  accounts by an investment manager or advisor (an "Allocated Transaction" and collectively, the "Allocated
                          Transactions"), JPMorgan Chase Bank N.A. shall not be required to pay (in the aggregate) more than ONE
                          FULL    Agent transfer fee set forth in this Confirmation or any of the other Confirmations relating to the
                          Allocated Transactions.

                          In connection with the Transaction, Seller hereby represents and warrants to Buyer that, as of the Trade Date and
                          the Settlement Date, the Purchase Amount of the Debt is subject to the Cooperation Agreement dated as of
                          January 3, 2023 (as amended, modified, or otherwise supplemented from time to time), among the Cooperating
                          Lenders (as defined therein) (the "Cooperation Agreement").

                          In connection with the Transaction, Buyer hereby represents and warrants to Seller, as of the Trade Date and the
                          Settlement Date, and agrees, as is applicable, that it (i) is a party, and is subject, to the Cooperation Agreement,
                          or (ii) is, and is acting in its capacity as, a Qualified Marketmaker (as defined in the Cooperation Agreement) and
                          shall, in connection with acting as a Qualified Marketmaker (a) transfer the Purchase Amount of the Debt to
                          another Cooperating Lender (as defined in the Cooperation Agreement) or (b) obtain a signed Joinder (as defined
                          in the Cooperation Agreement) from its transferee, in each case, as required in the Cooperation Agreement
                          (absent an applicable exemption), or (iii) shall sign a Joinder as required in the Cooperation Agreement.

                          Each of Buyer and Seller agrees to comply with notice requirements (if any) under the Cooperation Agreement
                          applicable to the transfer by Seller and the acquisition by Buyer of the Transfer Amount of the Debt.

Please provide the signature of a duly authorized officer or other signatory where indicated below and return this letter to the attention of Collin
Wirth at ClearPar at the following fax number or email address: ████████████████████
If you have any questions, please contact Collin Wirth at ██████████████

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.                   2

**JPMorgan Chase Bank, N.A.**

By: _____

    Name: Steven Blacker

    Title:  Authorized Signatory

**Blue Hiawatha DD3 LLC**
**By: REDWOOD DRAWDOWN MASTER FUND III, L.P.**
**its Managing Member**

By: _____

    Name: Toni Healey

    Title:  Chief Financial Officer

5795105001

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.

3

Blue Hiawatha DD3 - BYJU Claim Transfer Supporting Documents



## Deutsche Bank

**LMA TRADE CONFIRMATION (BANK DEBT)**

To:      Blue Hiawatha DD3, LLC                          Date: _____ September 2023

Attention: Andy Sullivan

We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par and Distressed Trade Transactions (Bank Debt/Claims) of the Loan Market Association (**"LMA"**) as in effect on the Trade Date, which are incorporated in this Confirmation.

1.  **Type of transaction:**

    ☑ Par trade transaction

    ☐ Distressed trade transaction

2.  **Credit Agreement Details:**

    Borrower(s): Byju's Alpha Inc.

    Agent Bank: GLAS Trust Company LLC

    Date: 24 November 2021 as amended and/or restated from time to time, including by Amendment No.8 to Credit Agreement dated as of 12 January 2023

    Total Facility Amount:

    $1,200,000,000 (being the aggregate principal amount of the term loan facility under the Credit Agreement, as of the date of the Credit Agreement)

    Additional Information: The Credit Agreement is secured by the Liens (as defined in the Credit Agreement).

3.  **Trade Date:** 30 May 2023

4.  **Settlement Date:** As soon as reasonably practicable

5.  **Seller:** Deutsche Bank AG, London Branch

    As  ☑ principal

6.  **Buyer:** Blue Hiawatha DD3, LLC

    As  ☑ principal

7.  **Details of Traded Portion:**

    Name of Tranche/Facility:

    Initial Term Loan

    Nature (Revolving, Term, Acceptances, Guarantee, Letter of Credit, Other):

    Term

    *Traded Portion of Commitment:*

    US$4,280,200.00

8.  **Pricing:**

    Purchase Rate: ▮▮▮▮▮

9.  **Accrued Interest (other than PIK Interest):**

    ☐ Settled Without Accrued Interest

    ☐ Paid on Settlement Date

    ☐ Paid on Settlement Date and Discounted from next roll-over date

    ☑ Trades Flat, save as modified by Section 13 (*Other Terms of Trade*) below

10. **Form of Purchase:**

    ☑  Legal Transfer by Assignment and Assumption (as defined in the Credit Agreement) in form prescribed by the Credit Agreement

       ☐  Legal Transfer only

    ☐ Funded Participation using LMA standard form of Funded Participation Agreement (par/distressed)

    ☑ If this transaction settles by Funded Participation, the Participation Agreement will grant:

       - Voting rights

              ☑ Yes   ☐ No

       - Information rights:

              ☑ Yes (subject to the Buyer executing confidentiality agreement as per Seller's request and the terms of the Credit Agreement)

       - Collateral for Undrawn commitment:

Confidential

☐ Yes   ☑ No

11. **Transaction Documentation:**

To be prepared by: ☑ Seller

☐ Buyer

12. **Credit Documentation to be provided by Seller :**

☐ Yes   ☑ No

13. **Process Agents:**

Buyer:  ☐ Yes   ☑ No

Seller:  ☐ Yes   ☑ No

14. **Other Terms of Trade:**

☑ Buy-in/sell-out damages do not apply to this par trade transaction.

☑ Breakfunding compensation does not apply to this par trade transaction and for the purposes of this transaction, "**Delay Period Commencement Date**" means the date falling 20 Business Days after the Trade Date.

☑ Delayed Settlement Compensation applies to this transaction.

☑ **Upstream Settlement and KYC:** The settlement of this transaction is subject to the successful completion of (i) the upstream purchase by the Seller of the Purchased Assets to be sold under this Confirmation and (ii) all necessary "know your customer" or other similar checks

under all applicable laws and regulations required by the Seller in respect of the Buyer.

☑ **Consent and regulatory approvals:** The settlement of this transaction by (as the case may be) substitution, novation, assignment or participation is subject to the granting of any third party consents (including without limitation any Borrower consent, regulatory or government approvals) (if applicable) required under the terms of the Credit Agreement or otherwise by applicable law.

☑ **Interest due on 25 May 2023:** For the avoidance of doubt, Interest (other than PIK Interest) and Recurring Fees (if any) in respect of the Traded Portion accrued up to but excluding 25 May 2023 shall be for the account of the Seller, irrespective of when such amount is actually paid by the relevant Obligor. The Buyer shall promptly and in any event within two Business Days of receipt of all or any part of the Seller's Portion, pay that amount to the Seller.

Please sign and return this confirmation no later than the close of business on the second business day following receipt of this confirmation by email to the electronic mail address mentioned below or by other electronic means agreed between us.

If you have any questions, please contact please contact the persons listed below. For audit confirmations, please send requests by email to ██████████████████

**SELLER**

Contact Person: Suresh Ganesan / Ben Tsang / Jessie Liu / Gautam Prasad

Fax No.: ██████████████

E-mail: ██████████ ██████████
████████████████████████████
████████████████████████████

Phone No.: ██████████████

LEI: 7LTWFZYICNSX8D621K86

**BUYER**

Contact Person: Andy Sullivan

E-mail: ████████████████████████

Phone No.: ████████████

**DEUTSCHE BANK AG, LONDON BRANCH**

By: *[signature]*

Name:

Title: Ben Tsang
Director

Date:

By: *[signature]*

Name:

Title: Jessie Liu
Director

Date:

**BLUE HIAWATHA DD3, LLC**

By: *Toni Healey*

Name: Toni Healey

Title: Authorized Signatory

Date: 09/15/2023

LMA Trade Confirmation (Bank Debt)    A2549 – Trade Confirmation – DB/Redwood



**Deutsche Bank**
**LMA TRADE CONFIRMATION (BANK DEBT)**

To:      Blue Hiawatha DD3, LLC                        Date: _____ September 2023

Attention: Andy Sullivan

We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par and Distressed Trade Transactions (Bank Debt/Claims) of the Loan Market Association ("**LMA**") as in effect on the Trade Date, which are incorporated in this Confirmation.

1.  **Type of transaction:**

    ☑  Par trade transaction

    ☐  Distressed trade transaction

2.  **Credit Agreement Details:**

    Borrower(s): Byju's Alpha Inc.

    Agent Bank:  GLAS Trust Company LLC

    Date: 24 November 2021 as amended and/or restated from time to time, including by Amendment No.8 to Credit Agreement dated as of 12 January 2023

    Total Facility Amount:

    $1,200,000,000 (being the aggregate principal amount of the term loan facility under the Credit Agreement, as of the date of the Credit Agreement)

    Additional                        Information: The Credit Agreement is secured by the Liens (as defined in the Credit Agreement).

3.  **Trade Date: 31 May 2023**

4.  **Settlement Date:** As soon as reasonably practicable

5.  **Seller:** Deutsche Bank AG, London Branch

    As  ☑ principal

6.  **Buyer:** Blue Hiawatha DD3, LLC

    As  ☑ principal

7.  **Details of Traded Portion:**

    Name of Tranche/Facility:

    Initial Term Loan

    Nature (Revolving, Term, Acceptances, Guarantee, Letter of Credit, Other):

    Term

    *Traded Portion of Commitment:*

    US$ 1,190,300.00

**Pricing:**

Purchase Rate: ▓▓▓▓▓▓

8.  **Accrued Interest (other than PIK Interest):**

    ☐  Settled Without Accrued Interest

    ☐  Paid on Settlement Date

    ☐  Paid on Settlement Date and Discounted from next roll-over date

    ☑  Trades Flat, save as modified by Section 13 (*Other Terms of Trade*) below.

9.  **Form of Purchase:**

    ☑   Legal Transfer by Assignment and Assumption (as defined in the Credit Agreement) in form prescribed by the Credit Agreement

    ☐  Legal Transfer only

    ☐  Funded Participation using LMA standard form of Funded Participation Agreement (par/distressed)

    ☑  If this transaction settles by Funded Participation, the Participation Agreement will grant:

    -  Voting rights

        ☑ Yes    ☐  No

    -  Information rights:

        ☑  Yes (subject to the Buyer executing confidentiality agreement as per Seller's request and the terms of the Credit Agreement)

    -  Collateral for Undrawn commitment:

☐ Yes   ☑ No

10. **Transaction Documentation:**

To be prepared by: ☑ Seller

☐ Buyer

11. **Credit Documentation to be provided by Seller :**

☐ Yes   ☑ No

12. **Process Agents:**

Buyer:   ☐ Yes   ☑ No

Seller:   ☐ Yes   ☑ No

13. **Other Terms of Trade:**

☑ Buy-in/sell-out damages do not apply to this par trade transaction.

☑ Breakfunding compensation does not apply to this par trade transaction.

☑ Delayed Settlement Compensation applies to this transaction and for the purposes of this transaction, "**Delay Period Commencement Date**" means the date falling 20 Business Days after the Trade Date.

☑ **Upstream Settlement and KYC:** The settlement of this transaction is subject to the successful completion of (i) the upstream purchase by the Seller of the Purchased Assets to be sold under this Confirmation and (ii) all necessary "know your customer" or other similar checks

under all applicable laws and regulations required by the Seller in respect of the Buyer.

☑ **Consent and regulatory approvals:** The settlement of this transaction by (as the case may be) substitution, novation, assignment or participation is subject to the granting of any third party consents (including without limitation any Borrower consent, regulatory or government approvals) (if applicable) required under the terms of the Credit Agreement or otherwise by applicable law.

☑ **Interest due on 25 May 2023:** For the avoidance of doubt, Interest (other than PIK Interest) and Recurring Fees (if any) in respect of the Traded Portion accrued up to but excluding 25 May 2023 (the "**Seller's Portion**") shall be for the account of the Seller, irrespective of when such amount is actually paid by the relevant Obligor. The Buyer shall promptly and in any event within two Business Days of receipt of all or any part of the Seller's Portion, pay that amount to the Seller.

Please sign and return this confirmation no later than the close of business on the second business day following receipt of this confirmation by email to the electronic mail address mentioned below or by other electronic means agreed between us.

If you have any questions, please contact please contact the persons listed below. For audit confirmations, please send requests by email to ███████████████

**SELLER**

Contact Person: Suresh Ganesan / Ben Tsang / Jessie Liu / Gautam Prasad

Fax No.: ███████████

E-mail: ████████████████████
████████████████████████████

Phone No.: ███████████

LEI: 7LTWFZYICNSX8D621K86

**BUYER**

Contact Person: Andy Sullivan

E-mail: ████████████████████

Phone No.: ██████████

**DEUTSCHE BANK AG, LONDON BRANCH**

By:

Name:

Title: Ben Tsang
Director

Date:


By:

Name:

Title: Jessie Liu
Director

Date:

**BLUE HIAWATHA DD3, LLC**

By: *Toni Healey*

Name: Toni Healey

Title: Authorized Signatory

Date: 09/15/2023

DD3 - BYJU Claim Transfer Supporting Documents

# LSTA PAR/NEAR PAR TRADE CONFIRMATION

**To:**   *Redwood Drawdown Master Fund III LP*
     *Buyer MEI:*   **KY0M0089W6**
     *Attention:*   *Anna Xu*
     *Phone No.:*   ██████████
     *Fax No.:*
     *Email:*   ███████████████
     *Address:*   ████████████████████████████████

**From:**   *Morgan Stanley Bank, N.A.*
     *Seller MEI:*   **US1L094930**
     *Attention:*   **Angelo Went**
     *Phone No.:*   ████████████
     *Fax No.:*
     *Email:*   █████████████████████
     *Address:*   ███████████████████████

**Date:**   *08/15/2022*

       We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par/Near Par Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of December 1, 2021, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | | |
|---|---|---|
| **Trade Date:** | 08/12/2022 | |
| **Seller:** | Morgan Stanley Bank, N.A. | ☑ Principal ☐ Agent |
| **Buyer:** | Redwood Drawdown Master Fund III LP | ☑ Principal ☐ Agent |

**Credit Agreement:**   CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent.

**Borrower:**   BYJU's Alpha, Inc.

**Form of Purchase:**     Assignment

**Purchase Amount/**
**Type of Debt:**

| Purchase Amount | Type of Debt | Facility | CUSIP Number |
|---|---|---|---|
| USD 6,470,000.00 | Term | Initial Term Loan | Y8800HAB6 |

**Purchase Rate:**          ███          Initial Term Loan

**Up Front Fees:**          None          Initial Term Loan
**(if any):**

**Credit Documents**          No
**to be provided:**

**Trade Specific**          Recordation Fee is waived.
**Other Terms of Trade:**

Please provide the signature of a duly authorized officer or other signatory where indicated below and return this letter to the attention of Ramit Khera at ClearPar at the following fax number or email address: ███████████

If you have any questions, please contact Ramit Khera at ██████████

**Morgan Stanley Bank, N.A.**

By: _____
    Name: Terence Lean
    Title:  Authorized Signatory

**Redwood Drawdown Master Fund III LP**
**By: REDWOOD CAPITAL MANAGEMENT,**
**LLC, its Investment Manager**

By: _____
    Name: Toni Healey
    Title:  Chief Financial Officer

5398727001

Redwood Drawdown Master Fund III LP - BYJU Claim Transfer Supporting Documents

Morgan Stanley

# **LSTA PAR/NEAR PAR TRADE CONFIRMATION**

**To:**   *Redwood Drawdown Master Fund III LP*
    *Buyer MEI:*    *KY0M0089W6*
    *Attention:*    *Anna Xu*
    *Phone No.:*    █████████
    *Fax No.:*
    *Email:*    ████████████
    *Address:*    ████████████████████

**From:**  *Morgan Stanley Senior Funding, Inc.*
    *Seller MEI:*    *US1L022337*
    *Attention:*    *Angelo Went*
    *Phone No.:*    ████████
    *Fax No.:*
    *Email:*    ██████████████
    *Address:*    ███████████████

**Date:**  *08/17/2022*

      We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par/Near Par Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of December 1, 2021, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | | |
|---|---|---|
| **Trade Date:** | 08/16/2022 | |
| **Seller:** | Morgan Stanley Senior Funding, Inc. | ☑ Principal ☐ Agent |
| **Buyer:** | Redwood Drawdown Master Fund III LP | ☑ Principal ☐ Agent |
| **Credit Agreement:** | CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent. | |
| **Borrower:** | BYJU's Alpha, Inc. | |

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.      

**Form of Purchase:**      Assignment

**Purchase Amount/**
**Type of Debt:**

| Purchase Amount | Type of Debt | Facility | CUSIP Number |
|---|---|---|---|
| USD 5,440,000.00 | Term | Initial Term Loan | Y8800HAB6 |

**Purchase Rate:**              ███████      Initial Term Loan

**Up Front Fees:**                        None        Initial Term Loan
**(if any):**

**Credit Documents**              No
**to be provided:**

**Trade Specific**              Recordation Fee is waived.
**Other Terms of Trade:**

Please provide the signature of a duly authorized officer or other signatory where indicated below and return this letter to the attention of Dustin Dombrycz at ClearPar at the following fax number or email address: ████████████████████

If you have any questions, please contact Dustin Dombrycz at ████████████

**Morgan Stanley Senior Funding, Inc.**

By: _____
    Name: Terence Lean
    Title:  Authorized Signatory

**Redwood Drawdown Master Fund III LP**
**By: REDWOOD CAPITAL MANAGEMENT,**
**LLC, its Investment Manager**

By: _____
    Name: Toni Healey
    Title:  Chief Financial Officer

5401621001

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.

Redwood Drawdown Master Fund III LP - BYJU Claim Transfer Supporting Documents

# LSTA PAR/NEAR PAR TRADE CONFIRMATION

**To:**   **Redwood Drawdown Master Fund III LP**
    **Buyer MEI:**    **KY0M0089W6**
    **Attention:**    **Anna Xu**
    **Phone No.:**    █████████
    **Fax No.:**
    **Email:**    ████████████
    **Address:**    █████████████████████

**From:** **Morgan Stanley Bank, N.A.**
    **Seller MEI:**    **US1L094930**
    **Attention:**    **Angelo Went**
    **Phone No.:**    ████████
    **Fax No.:**
    **Email:**    ███████████████
    **Address:**    ███████████████

**Date:**   **09/02/2022**

       We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par/Near Par Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of December 1, 2021, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | | |
|---|---|---|
| **Trade Date:** | 09/01/2022 | |
| **Seller:** | Morgan Stanley Bank, N.A. | ☑ Principal ☐ Agent |
| **Buyer:** | Redwood Drawdown Master Fund III LP | ☑ Principal ☐ Agent |

**Credit Agreement:**    CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent.

**Borrower:**    BYJU's Alpha, Inc.

<div align="center">5420388001</div>

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.        1

**Form of Purchase:**        Assignment

**Purchase Amount/**
**Type of Debt:**

| Purchase Amount | Type of Debt | Facility | CUSIP Number |
|---|---|---|---|
| USD 2,100,000.00 | Term | Initial Term Loan | Y8800HAB6 |

**Purchase Rate:**              ████        Initial Term Loan

**Up Front Fees:**                        None        Initial Term Loan
**(if any):**

**Credit Documents**              No
**to be provided:**

**Trade Specific**              Recordation Fee is waived.
**Other Terms of Trade:**

Please provide the signature of a duly authorized officer or other signatory where indicated below and return this letter to the attention of Ramit Khera at ClearPar at the following fax number or email address: ████████████████

If you have any questions, please contact Ramit Khera at ████████████

**Morgan Stanley Bank, N.A.**                **Redwood Drawdown Master Fund III LP**
                                             **By: REDWOOD CAPITAL MANAGEMENT,**
                                             **LLC, its Investment Manager**

*KMahindra*                                  *Toni Healey*

By: _____               By: _____

   Name: TJ Mahindra                           Name: Toni Healey

   Title:  Authorized signatory                Title:  Chief Financial Officer

5420388001

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.                2

Redwood Drawdown Master Fund III LP - BYJU Claim Transfer Supporting Documents

# LSTA PAR/NEAR PAR TRADE CONFIRMATION

**To:**   ***Redwood Drawdown Master Fund III LP***
    ***Buyer MEI:***    **KY0M0089W6**
    ***Attention:***    ***Anna Xu***
    ***Phone No.:***    █████████
    ***Fax No.:***
    ***Email:***    ████████████
    ***Address:***    ████████████████████

**From:**   **JPMorgan Chase Bank, N.A.**
    ***Seller MEI:***    **US1L019291**
    ***Attention:***    ***Frank Casano***
    ***Phone No.:***    █████████
    ***Fax No.:***
    ***Email:***    ██████████████
    ***Address:***    ██████████████████

**Date:**   **08/29/2022**

       We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par/Near Par Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of December 1, 2021, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | | |
|---|---|---|
| **Trade Date:** | 08/25/2022 | |
| **Seller:** | JPMorgan Chase Bank, N.A. | ☑ Principal ☐ Agent |
| **Buyer:** | Redwood Drawdown Master Fund III LP | ☑ Principal ☐ Agent |

**Credit Agreement:**   CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent.

**Borrower:**   BYJU's Alpha, Inc.

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.

**Form of Purchase:**        Assignment

**Purchase Amount/**
**Type of Debt:**

| Purchase Amount | Type of Debt | Facility | CUSIP Number |
|---|---|---|---|
| USD 3,920,000.00 | Term | Initial Term Loan | Y8800HAB6 |

**Purchase Rate:**            ▮▮▮▮        Initial Term Loan

**Up Front Fees:**                    None        Initial Term Loan
**(if any):**

**Credit Documents**            No
**to be provided:**

**Trade Specific**            If the transaction set forth in this Confirmation results in or is the result of allocations to multiple
**Other Terms of Trade:**    funds or accounts by an investment manager or advisor (an "Allocated Transaction" and
                            collectively, the "Allocated Transactions"), JPMorgan Chase Bank N.A. shall not be required to pay
                            (in the aggregate) more than ONE FULL    Agent transfer fee set forth in this Confirmation or any
                            of the other Confirmations relating to the Allocated Transactions.

Please provide the signature of a duly authorized officer or other signatory where indicated below and return this letter to the
attention of Michael Ferrara at ClearPar at the following fax number or email address: ▮▮▮▮▮▮▮▮▮▮
If you have any questions, please contact Michael Ferrara at ▮▮▮▮▮▮▮

**JPMorgan Chase Bank, N.A.**                    **Redwood Drawdown Master Fund III LP**
                                                **By: REDWOOD CAPITAL MANAGEMENT,**
                                                **LLC, its Investment Manager**

By: _____

        Name: Steven Blacker                            By: _____

        Title:  Authorized Signatory                        Name: Toni Healey

                                                            Title:  Chief Financial Officer

5414556001

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.                    2

# LSTA PAR/NEAR PAR TRADE CONFIRMATION

**To:** **Redwood Drawdown Master Fund III LP**
  **Buyer MEI:**    **KY0M0089W6**
  **Attention:**    **Anna Xu**
  **Phone No.:**    ▮▮▮▮▮
  **Fax No.:**
  **Email:**    ▮▮▮▮▮
  **Address:**    ▮▮▮▮▮

**From:** **JPMorgan Chase Bank, N.A.**
  **Seller MEI:**    **US1L019291**
  **Attention:**    **Frank Casano**
  **Phone No.:**    ▮▮▮▮▮
  **Fax No.:**
  **Email:**    ▮▮▮▮▮
  **Address:**    ▮▮▮▮▮

**Date:** **08/30/2022**

We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par/Near Par Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of December 1, 2021, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

**Trade Date:**    08/29/2022

**Seller:**    JPMorgan Chase Bank, N.A.    ☑ Principal  ☐ Agent

**Buyer:**    Redwood Drawdown Master Fund III LP    ☑ Principal  ☐ Agent

**Credit Agreement:**    CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent.

**Borrower:**    BYJU's Alpha, Inc.

5415862001

**Form of Purchase:**      Assignment

**Purchase Amount/**
**Type of Debt:**

| Purchase Amount | Type of Debt | Facility | CUSIP Number |
|---|---|---|---|
| USD 5,100,000.00 | Term | Initial Term Loan | Y8800HAB6 |

**Purchase Rate:**                    ██████     Initial Term Loan

**Up Front Fees:**                None     Initial Term Loan
**(if any):**

**Credit Documents**           No
**to be provided:**

**Trade Specific**             If the transaction set forth in this Confirmation results in or is the result of allocations to multiple
**Other Terms of Trade:**      funds or accounts by an investment manager or advisor (an "Allocated Transaction" and
collectively, the "Allocated Transactions"), JPMorgan Chase Bank N.A. shall not be required to pay
(in the aggregate) more than ONE FULL   Agent transfer fee set forth in this Confirmation or any
of the other Confirmations relating to the Allocated Transactions.

Please provide the signature of a duly authorized officer or other signatory where indicated below and return this letter to the attention of Michelle Russo at ClearPar at the following fax number or email address: ██████████████

If you have any questions, please contact Michelle Russo at ███████████

**JPMorgan Chase Bank, N.A.**                    **Redwood Drawdown Master Fund III LP**
**By: REDWOOD CAPITAL MANAGEMENT,**
**LLC, its Investment Manager**

By: _____

Name: Steven Blacker

Title:  Authorized Signatory

By: _____

Name: Toni Healey

Title:  Chief Financial Officer

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.                    2

# LSTA PAR/NEAR PAR TRADE CONFIRMATION

**To:**   ***Redwood Drawdown Master Fund III LP***
      ***Buyer MEI:***    ***KY0M0089W6***
      ***Attention:***    ***Anna Xu***
      ***Phone No.:***   ██████████
      ***Fax No.:***
      ***Email:***      ██████████████
      ***Address:***    ████████████████████████

**From:**  ***JPMorgan Chase Bank, N.A.***
      ***Seller MEI:***    ***US1L019291***
      ***Attention:***    ***Frank Casano***
      ***Phone No.:***   ███████████
      ***Fax No.:***
      ***Email:***      ███████████████████
      ***Address:***    █████████████████████████

**Date:**   ***08/31/2022***

        We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par/Near Par Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of December 1, 2021, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | | |
|---|---|---|
| **Trade Date:** | 08/30/2022 | |
| **Seller:** | JPMorgan Chase Bank, N.A. | ☑ Principal  ☐ Agent |
| **Buyer:** | Redwood Drawdown Master Fund III LP | ☑ Principal  ☐ Agent |

**Credit Agreement:**    CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent.

**Borrower:**    BYJU's Alpha, Inc.

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.        

**Form of Purchase:**     Assignment

**Purchase Amount/**
**Type of Debt:**

| Purchase Amount | Type of Debt | Facility | CUSIP Number |
|---|---|---|---|
| USD 3,880,000.00 | Term | Initial Term Loan | Y8800HAB6 |

**Purchase Rate:**                ███████     Initial Term Loan

**Up Front Fees:**                        None     Initial Term Loan
**(if any):**

**Credit Documents**                No
**to be provided:**

**Trade Specific**                If the transaction set forth in this Confirmation results in or is the result of allocations to multiple
**Other Terms of Trade:**     funds or accounts by an investment manager or advisor (an "Allocated Transaction" and
collectively, the "Allocated Transactions"), JPMorgan Chase Bank N.A. shall not be required to pay
(in the aggregate) more than ONE FULL    Agent transfer fee set forth in this Confirmation or any
of the other Confirmations relating to the Allocated Transactions.

Please provide the signature of a duly authorized officer or other signatory where indicated below and return this letter to the
attention of Michelle Russo at ClearPar at the following fax number or email address: ███████████████
If you have any questions, please contact Michelle Russo at ████████████

**JPMorgan Chase Bank, N.A.**                                        **Redwood Drawdown Master Fund III LP**
**By: REDWOOD CAPITAL MANAGEMENT,**
**LLC, its Investment Manager**

By: _____                    By: _____
       Name: Steven Blacker                                               Name: Toni Healey
       Title:  Authorized Signatory                                    Title:  Chief Financial Officer

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.                                                                    2

# LSTA PAR/NEAR PAR TRADE CONFIRMATION

**To:**   ***Redwood Drawdown Master Fund III LP***
      ***Buyer MEI:***    ***KY0M0089W6***
      ***Attention:***    ***Anna Xu***
      ***Phone No.:***  █████████
      ***Fax No.:***
      ***Email:***  ████████████
      ***Address:***  ███████████████████

**From:** ***JPMorgan Chase Bank, N.A.***
      ***Seller MEI:***   ***US1L019291***
      ***Attention:***    ***Frank Casano***
      ***Phone No.:***  █████████
      ***Fax No.:***
      ***Email:***  ██████████████
      ***Address:***  ████████████████████

**Date:**  ***08/31/2022***

      We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par/Near Par Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of December 1, 2021, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | | |
|---|---|---|
| **Trade Date:** | 08/31/2022 | |
| **Seller:** | JPMorgan Chase Bank, N.A. | ☑ Principal ☐ Agent |
| **Buyer:** | Redwood Drawdown Master Fund III LP | ☑ Principal ☐ Agent |

**Credit Agreement:**    CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent.

**Borrower:**    BYJU's Alpha, Inc.

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.

**Form of Purchase:**    Assignment

**Purchase Amount/**
**Type of Debt:**

| Purchase Amount | Type of Debt | Facility | CUSIP Number |
|---|---|---|---|
| USD 4,220,000.00 | Term | Initial Term Loan | Y8800HAB6 |

**Purchase Rate:**        █████    Initial Term Loan

**Up Front Fees:**        None    Initial Term Loan
**(if any):**

**Credit Documents**    No
**to be provided:**

**Trade Specific**    If the transaction set forth in this Confirmation results in or is the result of allocations to multiple
**Other Terms of Trade:**    funds or accounts by an investment manager or advisor (an "Allocated Transaction" and collectively, the "Allocated Transactions"), JPMorgan Chase Bank N.A. shall not be required to pay (in the aggregate) more than ONE FULL    Agent transfer fee set forth in this Confirmation or any of the other Confirmations relating to the Allocated Transactions.

Please provide the signature of a duly authorized officer or other signatory where indicated below and return this letter to the attention of Michelle Russo at ClearPar at the following fax number or email address: ██████████████████

If you have any questions, please contact Michelle Russo at ████████████

**JPMorgan Chase Bank, N.A.**

By: _____

    Name: Steven Blacker

    Title:  Authorized Signatory

**Redwood Drawdown Master Fund III LP**
**By: REDWOOD CAPITAL MANAGEMENT,**
**LLC, its Investment Manager**

By: _____

    Name: Toni Healey

    Title:  Chief Financial Officer

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.    

# LSTA PAR/NEAR PAR TRADE CONFIRMATION

**To:** ***Redwood Drawdown Master Fund III LP***
     ***Buyer MEI:***    ***KY0M0089W6***
     ***Attention:***    ***Anna Xu***
     ***Phone No.:***   █████████
     ***Fax No.:***
     ***Email:***      ███████████
     ***Address:***   ██████████████████

**From:** ***JPMorgan Chase Bank, N.A.***
     ***Seller MEI:***    ***US1L019291***
     ***Attention:***    ***Frank Casano***
     ***Phone No.:***   █████████
     ***Fax No.:***
     ***Email:***      ██████████████
     ***Address:***   ██████████████████

*Date:*  ***09/07/2022***

       We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par/Near Par Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of December 1, 2021, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | | |
|---|---|---|
| **Trade Date:** | 09/02/2022 | |
| **Seller:** | JPMorgan Chase Bank, N.A. | ☑ Principal ☐ Agent |
| **Buyer:** | Redwood Drawdown Master Fund III LP | ☑ Principal ☐ Agent |
| **Credit Agreement:** | CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent. | |
| **Borrower:** | BYJU's Alpha, Inc. | |

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.

**Form of Purchase:**            Assignment

**Purchase Amount/**
**Type of Debt:**

| Purchase Amount | Type of Debt | Facility | CUSIP Number |
|---|---|---|---|
| USD 3,110,000.00 | Term | Initial Term Loan | Y8800HAB6 |

**Purchase Rate:**                      ██████      Initial Term Loan

**Up Front Fees:**                     None      Initial Term Loan
**(if any):**

**Credit Documents**               No
**to be provided:**

**Trade Specific**               If the transaction set forth in this Confirmation results in or is the result of allocations to multiple
**Other Terms of Trade:**        funds or accounts by an investment manager or advisor (an "Allocated Transaction" and
                                 collectively, the "Allocated Transactions"), JPMorgan Chase Bank N.A. shall not be required to pay
                                 (in the aggregate) more than ONE FULL    Agent transfer fee set forth in this Confirmation or any
                                 of the other Confirmations relating to the Allocated Transactions.

Please provide the signature of a duly authorized officer or other signatory where indicated below and return this letter to the
attention of Michelle Russo at ClearPar at the following fax number or email address: ██████████████████
If you have any questions, please contact Michelle Russo at ████████████████

**JPMorgan Chase Bank, N.A.**                      **Redwood Drawdown Master Fund III LP**
                                                   **By: REDWOOD CAPITAL MANAGEMENT,**
                                                   **LLC, its Investment Manager**

By: _____              By: _____

     Name: Steven Blacker                      Name: Toni Healey

     Title:  Authorized Signatory              Title:  Chief Financial Officer

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.                                        2

# LSTA PAR/NEAR PAR TRADE CONFIRMATION

**To:**    ***Redwood Drawdown Master Fund III LP***
    ***Buyer MEI:***    ***KY0M0089W6***
    ***Attention:***    ***Anna Xu***
    ***Phone No.:***    █████████
    ***Fax No.:***
    ***Email:***    █████████████
    ***Address:***    ███████████████████

**From:** ***JPMorgan Chase Bank, N.A.***
    ***Seller MEI:***    ***US1L019291***
    ***Attention:***    ***Frank Casano***
    ***Phone No.:***    ██████████
    ***Fax No.:***
    ***Email:***    ██████████████
    ***Address:***    ████████████████████

**Date:**  ***09/09/2022***

        We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par/Near Par Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of December 1, 2021, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | | |
|---|---|---|
| **Trade Date:** | 09/07/2022 | |
| **Seller:** | JPMorgan Chase Bank, N.A. | ☑ Principal ☐ Agent |
| **Buyer:** | Redwood Drawdown Master Fund III LP | ☑ Principal ☐ Agent |

**Credit Agreement:**    CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent.

**Borrower:**    BYJU's Alpha, Inc.

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.    

**Form of Purchase:**       Assignment

**Purchase Amount/**
**Type of Debt:**

| Purchase Amount | Type of Debt | Facility | CUSIP Number |
|---|---|---|---|
| USD 5,050,000.00 | Term | Initial Term Loan | Y8800HAB6 |

**Purchase Rate:**                        ███████       Initial Term Loan

**Up Front Fees:**                              None       Initial Term Loan
**(if any):**

**Credit Documents**            No
**to be provided:**

**Trade Specific**            If the transaction set forth in this Confirmation results in or is the result of allocations to multiple
**Other Terms of Trade:**     funds or accounts by an investment manager or advisor (an "Allocated Transaction" and
                             collectively, the "Allocated Transactions"), JPMorgan Chase Bank N.A. shall not be required to pay
                             (in the aggregate) more than ONE FULL   Agent transfer fee set forth in this Confirmation or any
                             of the other Confirmations relating to the Allocated Transactions.

Please provide the signature of a duly authorized officer or other signatory where indicated below and return this letter to the attention of Michelle Russo at ClearPar at the following fax number or email address: ████████████████
If you have any questions, please contact Michelle Russo at ████████████

**JPMorgan Chase Bank, N.A.**                      **Redwood Drawdown Master Fund III LP**
                                                   **By: REDWOOD CAPITAL MANAGEMENT,**
                                                   **LLC, its Investment Manager**


By: _____              By: _____
       Name: Steven Blacker                              Name: Toni Healey
       Title:  Authorized Signatory                      Title:  Chief Financial Officer

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.                    2

# LSTA PAR/NEAR PAR TRADE CONFIRMATION

**To:**   ***Redwood Drawdown Master Fund III LP***
   ***Buyer MEI:***      ***KY0M0089W6***
   ***Attention:***      ***Anna Xu***
   ***Phone No.:***      ████████
   ***Fax No.:***
   ***Email:***      ████████
   ***Address:***      ████████████

**From:**  ***JPMorgan Chase Bank, N.A.***
   ***Seller MEI:***      ***US1L019291***
   ***Attention:***      ***Frank Casano***
   ***Phone No.:***      ████████
   ***Fax No.:***
   ***Email:***      ████████
   ***Address:***      ████████████

***Date:***   ***09/13/2022***

   We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par/Near Par Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of December 1, 2021, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | | |
|---|---|---|
| **Trade Date:** | 09/09/2022 | |
| **Seller:** | JPMorgan Chase Bank, N.A. | ☑ Principal ☐ Agent |
| **Buyer:** | Redwood Drawdown Master Fund III LP | ☑ Principal ☐ Agent |

**Credit Agreement:**   CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent.

**Borrower:**   BYJU's Alpha, Inc.

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.                1

**Form of Purchase:**      Assignment

**Purchase Amount/**
**Type of Debt:**

| Purchase Amount | Type of Debt | Facility | CUSIP Number |
|---|---|---|---|
| USD 850,000.00 | Term | Initial Term Loan | Y8800HAB6 |

**Purchase Rate:**              ██████      Initial Term Loan

**Up Front Fees:**                    None      Initial Term Loan
**(if any):**

**Credit Documents**        No
**to be provided:**

**Trade Specific**              If the transaction set forth in this Confirmation results in or is the result of allocations to multiple
**Other Terms of Trade:**      funds or accounts by an investment manager or advisor (an "Allocated Transaction" and
                              collectively, the "Allocated Transactions"), JPMorgan Chase Bank N.A. shall not be required to pay
                              (in the aggregate) more than ONE FULL   Agent transfer fee set forth in this Confirmation or any
                              of the other Confirmations relating to the Allocated Transactions.

Please provide the signature of a duly authorized officer or other signatory where indicated below and return this letter to the attention of Michelle Russo at ClearPar at the following fax number or email address: ███████████████

If you have any questions, please contact Michelle Russo at ███████████

**JPMorgan Chase Bank, N.A.**                    **Redwood Drawdown Master Fund III LP**
                                                 **By: REDWOOD CAPITAL MANAGEMENT,**
                                                 **LLC, its Investment Manager**


By: _____                      By: _____
      Name: Steven Blacker                              Name: Toni Healey
      Title:  Authorized Signatory                      Title:  Chief Financial Officer

5431447001

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.                    2

# LSTA PAR/NEAR PAR TRADE CONFIRMATION

**To:**   *Redwood Drawdown Master Fund III LP*
   *Buyer MEI:*   **KY0M0089W6**
   *Attention:*   *Anna Xu*
   *Phone No.:*   ████████
   *Fax No.:*   
   *Email:*   ████████████
   *Address:*   ██████████████████████

**From:**   *JPMorgan Chase Bank, N.A.*
   *Seller MEI:*   **US1L019291**
   *Attention:*   *Frank Casano*
   *Phone No.:*   ████████
   *Fax No.:*   
   *Email:*   ████████████████
   *Address:*   ██████████████████████

**Date:**   *09/13/2022*

We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par/Near Par Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of December 1, 2021, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | | |
|---|---|---|
| **Trade Date:** | 09/12/2022 | |
| **Seller:** | JPMorgan Chase Bank, N.A. | ☑ Principal ☐ Agent |
| **Buyer:** | Redwood Drawdown Master Fund III LP | ☑ Principal ☐ Agent |

**Credit Agreement:**   CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent.

**Borrower:**   BYJU's Alpha, Inc.

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.

**Form of Purchase:**     Assignment

**Purchase Amount/**
**Type of Debt:**

| Purchase Amount | Type of Debt | Facility | CUSIP Number |
|---|---|---|---|
| USD 4,210,000.00 | Term | Initial Term Loan | Y8800HAB6 |

**Purchase Rate:**     ████     Initial Term Loan

**Up Front Fees:**     None     Initial Term Loan
**(if any):**

**Credit Documents**     No
**to be provided:**

**Trade Specific**          If the transaction set forth in this Confirmation results in or is the result of allocations to multiple
**Other Terms of Trade:**     funds or accounts by an investment manager or advisor (an "Allocated Transaction" and
                         collectively, the "Allocated Transactions"), JPMorgan Chase Bank N.A. shall not be required to pay
                         (in the aggregate) more than ONE FULL   Agent transfer fee set forth in this Confirmation or any
                         of the other Confirmations relating to the Allocated Transactions.

Please provide the signature of a duly authorized officer or other signatory where indicated below and return this letter to the attention of Michelle Russo at ClearPar at the following fax number or email address: ████████████

If you have any questions, please contact Michelle Russo at ████████████

**JPMorgan Chase Bank, N.A.**                    **Redwood Drawdown Master Fund III LP**
                                               **By: REDWOOD CAPITAL MANAGEMENT,**
                                               **LLC, its Investment Manager**

By: _____          By: _____

     Name: Steven Blacker                          Name: Toni Healey

     Title:  Authorized Signatory                   Title:  Chief Financial Officer

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.

Redwood Drawdown Master Fund III LP - BYJU Claim Transfer Supporting Documents

# LSTA PAR/NEAR PAR TRADE CONFIRMATION

**To:**  *Redwood Drawdown Master Fund III LP*
   *Buyer MEI:*      **KY0M0089W6**
   *Attention:*      *Anna Xu*
   *Phone No.:*   ███████
   *Fax No.:*
   *Email:*      ███████████
   *Address:*   ████████████████████

**From:** *Morgan Stanley Bank, N.A.*
   *Seller MEI:*      **US1L094930**
   *Attention:*      **Angelo Went**
   *Phone No.:*   ██████
   *Fax No.:*
   *Email:*      ████████████████
   *Address:*   ████████████

*Date:*  *09/15/2022*

   We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par/Near Par Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of December 1, 2021, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | | |
|---|---|---|
| **Trade Date:** | 09/14/2022 | |
| **Seller:** | Morgan Stanley Bank, N.A. | ☑ Principal ☐ Agent |
| **Buyer:** | Redwood Drawdown Master Fund III LP | ☑ Principal ☐ Agent |

**Credit Agreement:**   CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent.

**Borrower:**   BYJU's Alpha, Inc.

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.

**Form of Purchase:**     Assignment

**Purchase Amount/**
**Type of Debt:**

| Purchase Amount | Type of Debt | Facility | CUSIP Number |
|---|---|---|---|
| USD 6,980,000.00 | Term | Initial Term Loan | Y8800HAB6 |

**Purchase Rate:**          ▮▮▮▮▮     Initial Term Loan

**Up Front Fees:**               None     Initial Term Loan
**(if any):**

**Credit Documents**          No
**to be provided:**

**Trade Specific**          Recordation Fee is waived.
**Other Terms of Trade:**

Please provide the signature of a duly authorized officer or other signatory where indicated below and return this letter to the attention of Ramit Khera at ClearPar at the following fax number or email address: ▮▮▮▮▮▮▮▮▮▮

If you have any questions, please contact Ramit Khera at ▮▮▮▮▮▮▮

**Morgan Stanley Bank, N.A.**

By: _____

Name: Terence Lean
Title:  Authorized Signatory

**Redwood Drawdown Master Fund III LP**
**By: REDWOOD CAPITAL MANAGEMENT,**
**LLC, its Investment Manager**

By: _____

Name: Toni Healey
Title:  Chief Financial Officer

5434176001

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.                    2

Redwood Drawdown Master Fund III LP - BYJU Claim Transfer Supporting Documents

**Morgan Stanley**

# LSTA PAR/NEAR PAR TRADE CONFIRMATION

**To:** ***Redwood Drawdown Master Fund III LP***
    ***Buyer MEI:***     **KY0M0089W6**
    ***Attention:***     ***Anna Xu***
    ***Phone No.:***     █████████
    ***Fax No.:***
    ***Email:***     █████████████
    ***Address:***     ██████████████████████

**From:** ***Morgan Stanley Senior Funding, Inc.***
    ***Seller MEI:***     **US1L022337**
    ***Attention:***     ***Angelo Went***
    ***Phone No.:***     █████████
    ***Fax No.:***
    ***Email:***     ███████████████████
    ***Address:***     ███████████████

**Date:**   **09/16/2022**

      We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par/Near Par Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of December 1, 2021, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | | |
|---|---|---|
| **Trade Date:** | 09/15/2022 | |
| **Seller:** | Morgan Stanley Senior Funding, Inc. | ☑ Principal ☐ Agent |
| **Buyer:** | Redwood Drawdown Master Fund III LP | ☑ Principal ☐ Agent |

**Credit Agreement:**     CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent.

**Borrower:**     BYJU's Alpha, Inc.

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.     

**Form of Purchase:**     Assignment

**Purchase Amount/**
**Type of Debt:**

| Purchase Amount | Type of Debt | Facility | CUSIP Number |
|---|---|---|---|
| USD 10,590,000.00 | Term | Initial Term Loan | Y8800HAB6 |

**Purchase Rate:**                      ███████     Initial Term Loan

**Up Front Fees:**                     None     Initial Term Loan
**(if any):**

**Credit Documents**            No
**to be provided:**

**Trade Specific**            Recordation Fee is waived.
**Other Terms of Trade:**

Please provide the signature of a duly authorized officer or other signatory where indicated below and return this letter to the attention of Ramit Khera at ClearPar at the following fax number or email address: ████████████████

If you have any questions, please contact Ramit Khera at ███████████████

**Morgan Stanley Senior Funding, Inc.**

By: _____
      Name: Terence Lean
      Title:  Authorized Signatory

**Redwood Drawdown Master Fund III LP**
**By: REDWOOD CAPITAL MANAGEMENT,**
**LLC, its Investment Manager**

By: _____
      Name: Toni Healey
      Title:  Chief Financial Officer

5436649001

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.                                         2

Redwood Drawdown Master Fund III LP - BYJU Claim Transfer Supporting Documents

# LSTA PAR/NEAR PAR TRADE CONFIRMATION

**To:**   ***Redwood Drawdown Master Fund III LP***
   ***Buyer MEI:***   ***KY0M0089W6***
   ***Attention:***   ***Anna Xu***
   ***Phone No.:***   ███████
   ***Fax No.:***
   ***Email:***   ███████████
   ***Address:***   ████████████████████

**From:**  ***Morgan Stanley Bank, N.A.***
   ***Seller MEI:***   ***US1L094930***
   ***Attention:***   ***Angelo Went***
   ***Phone No.:***   ████████
   ***Fax No.:***
   ***Email:***   ██████████████
   ***Address:***   █████████████

***Date:***   ***10/03/2022***

We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par/Near Par Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of December 1, 2021, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | | |
|---|---|---|
| **Trade Date:** | 09/30/2022 | |
| **Seller:** | Morgan Stanley Bank, N.A. | ☑ Principal ☐ Agent |
| **Buyer:** | Redwood Drawdown Master Fund III LP | ☑ Principal ☐ Agent |

**Credit Agreement:**   CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent.

**Borrower:**   BYJU's Alpha, Inc.

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.

**Form of Purchase:**     Assignment

**Purchase Amount/**
**Type of Debt:**

| Purchase Amount | Type of Debt | Facility | CUSIP Number |
|---|---|---|---|
| USD 9,060,000.00 | Term | Initial Term Loan | Y8800HAB6 |

**Purchase Rate:**          ▉▉▉▉     Initial Term Loan

**Up Front Fees:**              None     Initial Term Loan
**(if any):**

**Credit Documents**         No
**to be provided:**

**Trade Specific**          Recordation Fee is waived.
**Other Terms of Trade:**

Please provide the signature of a duly authorized officer or other signatory where indicated below and return this letter to the attention of Ramit Khera at ClearPar at the following fax number or email address: ▉▉▉▉▉▉▉▉▉▉▉

If you have any questions, please contact Ramit Khera at ▉▉▉▉▉▉▉▉

**Morgan Stanley Bank, N.A.**

By: _____
      Name: Terence Lean
      Title:  Authorized Signatory

**Redwood Drawdown Master Fund III LP**
**By: REDWOOD CAPITAL MANAGEMENT,**
**LLC, its Investment Manager**

By: _____
      Name: Toni Healey
      Title:  Chief Financial Officer

5461543001

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.                              2

Redwood Master Fund, Ltd. - BYJU Claim Transfer Supporting Documents

# LSTA PAR/NEAR PAR TRADE CONFIRMATION

**To:**   *Redwood Master Fund, Ltd.*
   *Buyer MEI:*   **KY1L014424**
   *Attention:*   **Anna Xu**
   *Phone No.:*   ███████
   *Fax No.:*   ███████
   *Email:*   ███████
   *Address:*   ███████

**From:**   *Morgan Stanley Bank, N.A.*
   *Seller MEI:*   **US1L094930**
   *Attention:*   **Angelo Went**
   *Phone No.:*   ███████
   *Fax No.:*
   *Email:*   ███████
   *Address:*   ███████

*Date:*   **08/15/2022**

   We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par/Near Par Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of December 1, 2021, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | | |
|---|---|---|
| **Trade Date:** | 08/12/2022 | |
| **Seller:** | Morgan Stanley Bank, N.A. | ☑ Principal ☐ Agent |
| **Buyer:** | Redwood Master Fund, Ltd. | ☑ Principal ☐ Agent |

**Credit Agreement:**   CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent.

**Borrower:**   BYJU's Alpha, Inc.

**Form of Purchase:**      Assignment

**Purchase Amount/**
**Type of Debt:**

| Purchase Amount | Type of Debt | Facility | CUSIP Number |
|---|---|---|---|
| USD 8,530,000.00 | Term | Initial Term Loan | Y8800HAB6 |

**Purchase Rate:**              ████      Initial Term Loan

**Up Front Fees:**              None      Initial Term Loan
**(if any):**

**Credit Documents**      No
**to be provided:**

**Trade Specific**      Recordation Fee is waived.
**Other Terms of Trade:**

Please provide the signature of a duly authorized officer or other signatory where indicated below and return this letter to the attention of Ramit Khera at ClearPar at the following fax number or email address: ████████████

If you have any questions, please contact Ramit Khera at ████████████

**Morgan Stanley Bank, N.A.**

By: _____

    Name: Terence Lean
    Title:  Authorized Signatory

**Redwood Master Fund, Ltd.**
**By: REDWOOD CAPITAL MANAGEMENT,**
**LLC, its Investment Manager**

By: _____

    Name: Toni Healey
    Title:  Chief Financial Officer

5398727002

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.      2

Redwood Master Fund, Ltd. - BYJU Claim Transfer Supporting Documents

Morgan Stanley

# LSTA PAR/NEAR PAR TRADE CONFIRMATION

**To:**   **Redwood Master Fund, Ltd.**
  **Buyer MEI:**     **KY1L014424**
  **Attention:**     **Anna Xu**
  **Phone No.:**     ██████████
  **Fax No.:**
  **Email:**     ██████████████
  **Address:**     ████████████████████████

**From:**   **Morgan Stanley Senior Funding, Inc.**
  **Seller MEI:**     **US1L022337**
  **Attention:**     **Angelo Went**
  **Phone No.:**     ████████
  **Fax No.:**
  **Email:**     ██████████████
  **Address:**     ████████████

**Date:**   **08/17/2022**

  We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par/Near Par Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of December 1, 2021, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | | |
|---|---|---|
| **Trade Date:** | 08/16/2022 | |
| **Seller:** | Morgan Stanley Senior Funding, Inc. | ☑ Principal ☐ Agent |
| **Buyer:** | Redwood Master Fund, Ltd. | ☑ Principal ☐ Agent |

**Credit Agreement:**   CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent.

**Borrower:**   BYJU's Alpha, Inc.

**Form of Purchase:**     Assignment

**Purchase Amount/**
**Type of Debt:**

| Purchase Amount | Type of Debt | Facility | CUSIP Number |
|---|---|---|---|
| USD 7,160,000.00 | Term | Initial Term Loan | Y8800HAB6 |

**Purchase Rate:**                  ███████     Initial Term Loan

**Up Front Fees:**                None     Initial Term Loan
**(if any):**

**Credit Documents**          No
**to be provided:**

**Trade Specific**          Recordation Fee is waived.
**Other Terms of Trade:**

Please provide the signature of a duly authorized officer or other signatory where indicated below and return this letter to the attention of Dustin Dombrycz at ClearPar at the following fax number or email address: ██████████████████

If you have any questions, please contact Dustin Dombrycz at ████████████

**Morgan Stanley Senior Funding, Inc.**

By: _____
     Name: Terence Lean
     Title:  Authorized Signatory

**Redwood Master Fund, Ltd.**
**By: REDWOOD CAPITAL MANAGEMENT,**
**LLC, its Investment Manager**

By: _____
     Name: Toni Healey
     Title:  Chief Financial Officer

5401621002

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.                    2

Redwood Master Fund, Ltd. - BYJU Claim Transfer Supporting Documents

# LSTA PAR/NEAR PAR TRADE CONFIRMATION

**To:** *Redwood Master Fund, Ltd.*
    *Buyer MEI:*    **KY1L014424**
    *Attention:*    *Anna Xu*
    *Phone No.:*    ███████
    *Fax No.:*
    *Email:*    ████████
    *Address:*    ███████████████

**From:** *Morgan Stanley Bank, N.A.*
    *Seller MEI:*    **US1L094930**
    *Attention:*    **Angelo Went**
    *Phone No.:*    ███████
    *Fax No.:*
    *Email:*    ███████████
    *Address:*    ██████████

*Date:*   **09/02/2022**

        We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par/Near Par Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of December 1, 2021, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | | |
|---|---|---|
| **Trade Date:** | 09/01/2022 | |
| **Seller:** | Morgan Stanley Bank, N.A. | ☑ Principal ☐ Agent |
| **Buyer:** | Redwood Master Fund, Ltd. | ☑ Principal ☐ Agent |
| **Credit Agreement:** | CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent. | |
| **Borrower:** | BYJU's Alpha, Inc. | |

5420388002

**Form of Purchase:**    Assignment

**Purchase Amount/**
**Type of Debt:**

| Purchase Amount | Type of Debt | Facility | CUSIP Number |
|---|---|---|---|
| USD 2,780,000.00 | Term | Initial Term Loan | Y8800HAB6 |

**Purchase Rate:**    ███████    Initial Term Loan

**Up Front Fees:**    None    Initial Term Loan
**(if any):**

**Credit Documents**    No
**to be provided:**

**Trade Specific**    Recordation Fee is waived.
**Other Terms of Trade:**

Please provide the signature of a duly authorized officer or other signatory where indicated below and return this letter to the attention of Ramit Khera at ClearPar at the following fax number or email address: ████████████████

If you have any questions, please contact Ramit Khera at ████████████

**Morgan Stanley Bank, N.A.**

By: _____
    Name: TJ Mahindra
    Title:  Authorized signatory

**Redwood Master Fund, Ltd.**
**By: REDWOOD CAPITAL MANAGEMENT,**
**LLC, its Investment Manager**

By: _____
    Name: Toni Healey
    Title:  Chief Financial Officer

5420388002

Redwood Master Fund, Ltd. - BYJU Claim Transfer Supporting Documents

# LSTA PAR/NEAR PAR TRADE CONFIRMATION

**To:** **Redwood Master Fund, Ltd.**
   **Buyer MEI:** **KY1L014424**
   **Attention:** **Anna Xu**
   **Phone No.:** ██████████
   **Fax No.:**
   **Email:** ████████████
   **Address:** ████████████████████

**From:** **JPMorgan Chase Bank, N.A.**
   **Seller MEI:** **US1L019291**
   **Attention:** **Frank Casano**
   **Phone No.:** ██████████
   **Fax No.:**
   **Email:** ████████████████
   **Address:** ████████████████████

**Date:** **08/29/2022**

      We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par/Near Par Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of December 1, 2021, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | | |
|---|---|---|
| **Trade Date:** | 08/25/2022 | |
| **Seller:** | JPMorgan Chase Bank, N.A. | ☑ Principal ☐ Agent |
| **Buyer:** | Redwood Master Fund, Ltd. | ☑ Principal ☐ Agent |
| **Credit Agreement:** | CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent. | |
| **Borrower:** | BYJU's Alpha, Inc. | |

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.

**Form of Purchase:**      Assignment

**Purchase Amount/**
**Type of Debt:**

| Purchase Amount | Type of Debt | Facility | CUSIP Number |
|---|---|---|---|
| USD 5,200,000.00 | Term | Initial Term Loan | Y8800HAB6 |

**Purchase Rate:**                    ███████      Initial Term Loan

**Up Front Fees:**                            None      Initial Term Loan
**(if any):**

**Credit Documents**          No
**to be provided:**

**Trade Specific**                  If the transaction set forth in this Confirmation results in or is the result of allocations to multiple
**Other Terms of Trade:**    funds or accounts by an investment manager or advisor (an "Allocated Transaction" and
collectively, the "Allocated Transactions"), JPMorgan Chase Bank N.A. shall not be required to pay
(in the aggregate) more than ONE FULL    Agent transfer fee set forth in this Confirmation or any
of the other Confirmations relating to the Allocated Transactions.

Please provide the signature of a duly authorized officer or other signatory where indicated below and return this letter to the attention of Michelle Russo at ClearPar at the following fax number or email address: ████████████████████

If you have any questions, please contact Michelle Russo at ████████████████

**JPMorgan Chase Bank, N.A.**                                    **Redwood Master Fund, Ltd.**
**By: REDWOOD CAPITAL MANAGEMENT,**
**LLC, its Investment Manager**

By: _____              By: _____

　　Name: Steven Blacker                                   Name: Toni Healey

　　Title:  Authorized Signatory                          Title:  Chief Financial Officer

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.                    2

# LSTA PAR/NEAR PAR TRADE CONFIRMATION

**To:** *Redwood Master Fund, Ltd.*
      *Buyer MEI:*     *KY1L014424*
      *Attention:*     *Anna Xu*
      *Phone No.:*     ███████████
      *Fax No.:*
      *Email:*     ███████████
      *Address:*     ████████████████████

**From:** *JPMorgan Chase Bank, N.A.*
      *Seller MEI:*     *US1L019291*
      *Attention:*     *Frank Casano*
      *Phone No.:*     ███████████
      *Fax No.:*
      *Email:*     ███████████████
      *Address:*     ████████████████████

**Date:**   *08/30/2022*

      We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par/Near Par Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of December 1, 2021, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | | | |
|---|---|---|---|
| **Trade Date:** | 08/29/2022 | | |
| **Seller:** | JPMorgan Chase Bank, N.A. | ☑ Principal ☐ Agent | |
| **Buyer:** | Redwood Master Fund, Ltd. | ☑ Principal ☐ Agent | |

**Credit Agreement:**     CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent.

**Borrower:**     BYJU's Alpha, Inc.

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.     1

**Form of Purchase:**     Assignment

**Purchase Amount/**
**Type of Debt:**

| Purchase Amount | Type of Debt | Facility | CUSIP Number |
|---|---|---|---|
| USD 6,750,000.00 | Term | Initial Term Loan | Y8800HAB6 |

**Purchase Rate:**     ███     Initial Term Loan

**Up Front Fees:**     None     Initial Term Loan
**(if any):**

**Credit Documents**     No
**to be provided:**

**Trade Specific**     If the transaction set forth in this Confirmation results in or is the result of allocations to multiple
**Other Terms of Trade:**     funds or accounts by an investment manager or advisor (an "Allocated Transaction" and
collectively, the "Allocated Transactions"), JPMorgan Chase Bank N.A. shall not be required to pay
(in the aggregate) more than ONE FULL   Agent transfer fee set forth in this Confirmation or any
of the other Confirmations relating to the Allocated Transactions.

Please provide the signature of a duly authorized officer or other signatory where indicated below and return this letter to the
attention of Michelle Russo at ClearPar at the following fax number or email address: ██████████████

If you have any questions, please contact Michelle Russo at ██████████████

**JPMorgan Chase Bank, N.A.**     **Redwood Master Fund, Ltd.**
**By: REDWOOD CAPITAL MANAGEMENT,**
**LLC, its Investment Manager**

By: _____     By: _____

   Name: Steven Blacker     Name: Toni Healey

   Title:  Authorized Signatory     Title:  Chief Financial Officer

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.

# LSTA PAR/NEAR PAR TRADE CONFIRMATION

**To:**     *Redwood Master Fund, Ltd.*

      *Buyer MEI:*     **KY1L014424**

      *Attention:*     **Anna Xu**

      *Phone No.:*     ███████

      *Fax No.:*

      *Email:*     ███████

      *Address:*     ███████

**From:**   *JPMorgan Chase Bank, N.A.*

      *Seller MEI:*     **US1L019291**

      *Attention:*     **Frank Casano**

      *Phone No.:*     ███████

      *Fax No.:*

      *Email:*     ███████

      *Address:*     ███████

**Date:**    *08/31/2022*

       We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par/Near Par Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of December 1, 2021, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | | |
|---|---|---|
| **Trade Date:** | 08/30/2022 | |
| **Seller:** | JPMorgan Chase Bank, N.A. | ☑ Principal ☐ Agent |
| **Buyer:** | Redwood Master Fund, Ltd. | ☑ Principal ☐ Agent |

**Credit Agreement:**     CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent.

**Borrower:**     BYJU's Alpha, Inc.

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.     1

**Form of Purchase:**          Assignment

**Purchase Amount/**
**Type of Debt:**

| Purchase Amount | Type of Debt | Facility | CUSIP Number |
|---|---|---|---|
| USD 5,120,000.00 | Term | Initial Term Loan | Y8800HAB6 |

**Purchase Rate:**                    ███████          Initial Term Loan

**Up Front Fees:**                              None          Initial Term Loan
**(if any):**

**Credit Documents**              No
**to be provided:**

**Trade Specific**                    If the transaction set forth in this Confirmation results in or is the result of allocations to multiple
**Other Terms of Trade:**      funds or accounts by an investment manager or advisor (an "Allocated Transaction" and
collectively, the "Allocated Transactions"), JPMorgan Chase Bank N.A. shall not be required to pay
(in the aggregate) more than ONE FULL    Agent transfer fee set forth in this Confirmation or any
of the other Confirmations relating to the Allocated Transactions.

Please provide the signature of a duly authorized officer or other signatory where indicated below and return this letter to the attention of Michelle Russo at ClearPar at the following fax number or email address: ████████████████████

If you have any questions, please contact Michelle Russo at ████████████████

**JPMorgan Chase Bank, N.A.**                              **Redwood Master Fund, Ltd.**
**By: REDWOOD CAPITAL MANAGEMENT,**
**LLC, its Investment Manager**

By: _____                    By: _____

    Name: Steven Blacker                                           Name: Toni Healey

    Title:  Authorized Signatory                                  Title:  Chief Financial Officer

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.                                                    2

# LSTA PAR/NEAR PAR TRADE CONFIRMATION

**To:**  **Redwood Master Fund, Ltd.**
    **Buyer MEI:**    **KY1L014424**
    **Attention:**    **Anna Xu**
    **Phone No.:**    ███████
    **Fax No.:**
    **Email:**    ███████████
    **Address:**    ████████████████████

**From:**  **JPMorgan Chase Bank, N.A.**
    **Seller MEI:**    **US1L019291**
    **Attention:**    **Frank Casano**
    **Phone No.:**    ██████████
    **Fax No.:**
    **Email:**    ██████████████
    **Address:**    ██████████████████

**Date:**  **08/31/2022**

       We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par/Near Par Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of December 1, 2021, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | | |
|---|---|---|
| **Trade Date:** | 08/31/2022 | |
| **Seller:** | JPMorgan Chase Bank, N.A. | ☑ Principal ☐ Agent |
| **Buyer:** | Redwood Master Fund, Ltd. | ☑ Principal ☐ Agent |

**Credit Agreement:**    CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent.

**Borrower:**    BYJU's Alpha, Inc.

5418321002

**Form of Purchase:**  Assignment

**Purchase Amount/**
**Type of Debt:**

| Purchase Amount | Type of Debt | Facility | CUSIP Number |
|---|---|---|---|
| USD 5,600,000.00 | Term | Initial Term Loan | Y8800HAB6 |

**Purchase Rate:**  ████  Initial Term Loan

**Up Front Fees:**  None  Initial Term Loan
**(if any):**

**Credit Documents**  No
**to be provided:**

**Trade Specific**  If the transaction set forth in this Confirmation results in or is the result of allocations to multiple
**Other Terms of Trade:**  funds or accounts by an investment manager or advisor (an "Allocated Transaction" and
collectively, the "Allocated Transactions"), JPMorgan Chase Bank N.A. shall not be required to pay
(in the aggregate) more than ONE FULL    Agent transfer fee set forth in this Confirmation or any
of the other Confirmations relating to the Allocated Transactions.

Please provide the signature of a duly authorized officer or other signatory where indicated below and return this letter to the
attention of Michelle Russo at ClearPar at the following fax number or email address: ████████████
If you have any questions, please contact Michelle Russo at ███████████

**JPMorgan Chase Bank, N.A.**

By: _____

    Name: Steven Blacker

    Title:  Authorized Signatory

**Redwood Master Fund, Ltd.**
**By: REDWOOD CAPITAL MANAGEMENT,**
**LLC, its Investment Manager**

By: _____

    Name: Toni Healey

    Title:  Chief Financial Officer

5418321002

# LSTA PAR/NEAR PAR TRADE CONFIRMATION

**To:**  *Redwood Master Fund, Ltd.*
    *Buyer MEI:*    **KY1L014424**
    *Attention:*    *Anna Xu*
    *Phone No.:*    █████████
    *Fax No.:*
    *Email:*    █████████
    *Address:*    █████████

**From:**  *JPMorgan Chase Bank, N.A.*
    *Seller MEI:*    **US1L019291**
    *Attention:*    *Frank Casano*
    *Phone No.:*    █████████
    *Fax No.:*
    *Email:*    █████████
    *Address:*    █████████

**Date:**  *09/07/2022*

       We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par/Near Par Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of December 1, 2021, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | | |
|---|---|---|
| **Trade Date:** | 09/02/2022 | |
| **Seller:** | JPMorgan Chase Bank, N.A. | ☑ Principal ☐ Agent |
| **Buyer:** | Redwood Master Fund, Ltd. | ☑ Principal ☐ Agent |

**Credit Agreement:**    CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent.

**Borrower:**    BYJU's Alpha, Inc.

5422029002

**Form of Purchase:**     Assignment

**Purchase Amount/**
**Type of Debt:**

| Purchase Amount | Type of Debt | Facility | CUSIP Number |
|---|---|---|---|
| USD 4,100,000.00 | Term | Initial Term Loan | Y8800HAB6 |

**Purchase Rate:**              ████████     Initial Term Loan

**Up Front Fees:**                    None     Initial Term Loan
**(if any):**

**Credit Documents**          No
**to be provided:**

**Trade Specific**              If the transaction set forth in this Confirmation results in or is the result of allocations to multiple
**Other Terms of Trade:**      funds or accounts by an investment manager or advisor (an "Allocated Transaction" and
                               collectively, the "Allocated Transactions"), JPMorgan Chase Bank N.A. shall not be required to pay
                               (in the aggregate) more than ONE FULL    Agent transfer fee set forth in this Confirmation or any
                               of the other Confirmations relating to the Allocated Transactions.

Please provide the signature of a duly authorized officer or other signatory where indicated below and return this letter to the
attention of Michelle Russo at ClearPar at the following fax number or email address: ████████████████████
If you have any questions, please contact Michelle Russo at ████████████████

**JPMorgan Chase Bank, N.A.**                    **Redwood Master Fund, Ltd.**
                                                 **By: REDWOOD CAPITAL MANAGEMENT,**
                                                 **LLC, its Investment Manager**


By: _____                      By: _____

    Name: Steven Blacker                              Name: Toni Healey

    Title:  Authorized Signatory                      Title:  Chief Financial Officer

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.                                    2

# LSTA PAR/NEAR PAR TRADE CONFIRMATION

**To:**   *Redwood Master Fund, Ltd.*
    *Buyer MEI:*    *KY1L014424*
    *Attention:*    *Anna Xu*
    *Phone No.:*    █████████
    *Fax No.:*
    *Email:*    ████████████
    *Address:*    █████████████████████

**From:**   *JPMorgan Chase Bank, N.A.*
    *Seller MEI:*    *US1L019291*
    *Attention:*    *Frank Casano*
    *Phone No.:*    ██████████
    *Fax No.:*
    *Email:*    ███████████████
    *Address:*    ██████████████████████

**Date:**  *09/09/2022*

      We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par/Near Par Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of December 1, 2021, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | | |
|---|---|---|
| **Trade Date:** | 09/07/2022 | |
| **Seller:** | JPMorgan Chase Bank, N.A. | ☑ Principal ☐ Agent |
| **Buyer:** | Redwood Master Fund, Ltd. | ☑ Principal ☐ Agent |

**Credit Agreement:**    CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent.

**Borrower:**    BYJU's Alpha, Inc.

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.    

**Form of Purchase:**    Assignment

**Purchase Amount/**
**Type of Debt:**

| Purchase Amount | Type of Debt | Facility | CUSIP Number |
|---|---|---|---|
| USD 6,740,000.00 | Term | Initial Term Loan | Y8800HAB6 |

**Purchase Rate:**    ███████    Initial Term Loan

**Up Front Fees:**    None    Initial Term Loan
**(if any):**

**Credit Documents**    No
**to be provided:**

**Trade Specific**    If the transaction set forth in this Confirmation results in or is the result of allocations to multiple
**Other Terms of Trade:**    funds or accounts by an investment manager or advisor (an "Allocated Transaction" and
collectively, the "Allocated Transactions"), JPMorgan Chase Bank N.A. shall not be required to pay
(in the aggregate) more than ONE FULL    Agent transfer fee set forth in this Confirmation or any
of the other Confirmations relating to the Allocated Transactions.

Please provide the signature of a duly authorized officer or other signatory where indicated below and return this letter to the
attention of Michelle Russo at ClearPar at the following fax number or email address: ████████████████████
If you have any questions, please contact Michelle Russo at ████████████████

**JPMorgan Chase Bank, N.A.**    **Redwood Master Fund, Ltd.**
**By: REDWOOD CAPITAL MANAGEMENT,**
**LLC, its Investment Manager**

By: _____    By: _____

   Name: Steven Blacker       Name: Toni Healey

   Title:  Authorized Signatory       Title:  Chief Financial Officer

5425924002

# LSTA PAR/NEAR PAR TRADE CONFIRMATION

**To:** *Redwood Master Fund, Ltd.*
| | |
|---|---|
| *Buyer MEI:* | *KY1L014424* |
| *Attention:* | *Anna Xu* |
| *Phone No.:* | █████████ |
| *Fax No.:* | |
| *Email:* | ████████████ |
| *Address:* | ████████████████████ |

**From:** *JPMorgan Chase Bank, N.A.*
| | |
|---|---|
| *Seller MEI:* | *US1L019291* |
| *Attention:* | *Frank Casano* |
| *Phone No.:* | █████████ |
| *Fax No.:* | |
| *Email:* | ██████████████ |
| *Address:* | ████████████████████ |

*Date:*   *09/13/2022*

We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par/Near Par Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of December 1, 2021, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | | |
|---|---|---|
| **Trade Date:** | 09/09/2022 | |
| **Seller:** | JPMorgan Chase Bank, N.A. | ☑ Principal ☐ Agent |
| **Buyer:** | Redwood Master Fund, Ltd. | ☑ Principal ☐ Agent |

| | |
|---|---|
| **Credit Agreement:** | CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent. |
| **Borrower:** | BYJU's Alpha, Inc. |

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.

**Form of Purchase:**          Assignment

**Purchase Amount/**
**Type of Debt:**

| Purchase Amount | Type of Debt | Facility | CUSIP Number |
|---|---|---|---|
| USD 1,150,000.00 | Term | Initial Term Loan | Y8800HAB6 |

**Purchase Rate:**          ██████     Initial Term Loan

**Up Front Fees:**                    None     Initial Term Loan
**(if any):**

**Credit Documents**          No
**to be provided:**

**Trade Specific**          If the transaction set forth in this Confirmation results in or is the result of allocations to multiple
**Other Terms of Trade:**   funds or accounts by an investment manager or advisor (an "Allocated Transaction" and
collectively, the "Allocated Transactions"), JPMorgan Chase Bank N.A. shall not be required to pay
(in the aggregate) more than ONE FULL   Agent transfer fee set forth in this Confirmation or any
of the other Confirmations relating to the Allocated Transactions.

Please provide the signature of a duly authorized officer or other signatory where indicated below and return this letter to the
attention of Michelle Russo at ClearPar at the following fax number or email address: ██████████████████
If you have any questions, please contact Michelle Russo at ████████████

**JPMorgan Chase Bank, N.A.**

**Redwood Master Fund, Ltd.**
**By: REDWOOD CAPITAL MANAGEMENT,**
**LLC, its Investment Manager**

By: _____

By: _____

   Name: Steven Blacker

   Name: Toni Healey

   Title:   Authorized Signatory

   Title:   Chief Financial Officer

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.                    2

# LSTA PAR/NEAR PAR TRADE CONFIRMATION

**To:**   *Redwood Master Fund, Ltd.*
| | |
|---|---|
| *Buyer MEI:* | *KY1L014424* |
| *Attention:* | *Anna Xu* |
| *Phone No.:* | ███████ |
| *Fax No.:* | |
| *Email:* | ████████ |
| *Address:* | ██████████████ |

**From:**   *JPMorgan Chase Bank, N.A.*
| | |
|---|---|
| *Seller MEI:* | *US1L019291* |
| *Attention:* | *Frank Casano* |
| *Phone No.:* | ████████ |
| *Fax No.:* | |
| *Email:* | ████████████ |
| *Address:* | ██████████████ |

**Date:**   *09/13/2022*

We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par/Near Par Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of December 1, 2021, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | | |
|---|---|---|
| **Trade Date:** | 09/12/2022 | |
| **Seller:** | JPMorgan Chase Bank, N.A. | ☑ Principal  ☐ Agent |
| **Buyer:** | Redwood Master Fund, Ltd. | ☑ Principal  ☐ Agent |

**Credit Agreement:**   CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent.

**Borrower:**   BYJU's Alpha, Inc.

5431469002

**Form of Purchase:**    Assignment

**Purchase Amount/**
**Type of Debt:**

| Purchase Amount | Type of Debt | Facility | CUSIP Number |
|---|---|---|---|
| USD 5,650,000.00 | Term | Initial Term Loan | Y8800HAB6 |

**Purchase Rate:**    ███████    Initial Term Loan

**Up Front Fees:**    None    Initial Term Loan
**(if any):**

**Credit Documents**    No
**to be provided:**

**Trade Specific**    If the transaction set forth in this Confirmation results in or is the result of allocations to multiple
**Other Terms of Trade:**    funds or accounts by an investment manager or advisor (an "Allocated Transaction" and
collectively, the "Allocated Transactions"), JPMorgan Chase Bank N.A. shall not be required to pay
(in the aggregate) more than ONE FULL    Agent transfer fee set forth in this Confirmation or any
of the other Confirmations relating to the Allocated Transactions.

Please provide the signature of a duly authorized officer or other signatory where indicated below and return this letter to the
attention of Michelle Russo at ClearPar at the following fax number or email address: ███████████████

If you have any questions, please contact Michelle Russo at ████████████

**JPMorgan Chase Bank, N.A.**                    **Redwood Master Fund, Ltd.**
**By: REDWOOD CAPITAL MANAGEMENT,**
**LLC, its Investment Manager**

By: _____    By: _____

    Name: Steven Blacker        Name: Toni Healey

    Title:  Authorized Signatory        Title:   Chief Financial Officer

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.

Redwood Master Fund, Ltd. - BYJU Claim Transfer Supporting Documents

# Morgan Stanley

# **LSTA PAR/NEAR PAR TRADE CONFIRMATION**

**To:** ***Redwood Master Fund, Ltd.***
     ***Buyer MEI:***     ***KY1L014424***
     ***Attention:***      ***Anna Xu***
     ***Phone No.:***     ■■■■■■
     ***Fax No.:***
     ***Email:***      ■■■■■■
     ***Address:***    ■■■■■■

**From:** ***Morgan Stanley Senior Funding, Inc.***
     ***Seller MEI:***     ***US1L022337***
     ***Attention:***      ***Angelo Went***
     ***Phone No.:***     ■■■■■■
     ***Fax No.:***
     ***Email:***      ■■■■■■
     ***Address:***    ■■■■■■

**Date:**  ***09/16/2022***

       We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par/Near Par Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of December 1, 2021, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | | |
|---|---|---|
| **Trade Date:** | 09/15/2022 | |
| **Seller:** | Morgan Stanley Senior Funding, Inc. | ☑ Principal ☐ Agent |
| **Buyer:** | Redwood Master Fund, Ltd. | ☑ Principal ☐ Agent |
| **Credit Agreement:** | CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent. | |
| **Borrower:** | BYJU's Alpha, Inc. | |

**Form of Purchase:**      Assignment

**Purchase Amount/**
**Type of Debt:**

| Purchase Amount | Type of Debt | Facility | CUSIP Number |
|---|---|---|---|
| USD 14,050,000.00 | Term | Initial Term Loan | Y8800HAB6 |

**Purchase Rate:**                        █████      Initial Term Loan

**Up Front Fees:**                    None      Initial Term Loan
**(if any):**

**Credit Documents**        No
**to be provided:**

**Trade Specific**        Recordation Fee is waived.
**Other Terms of Trade:**

Please provide the signature of a duly authorized officer or other signatory where indicated below and return this letter to the attention of Ramit Khera at ClearPar at the following fax number or email address: ████████████████████

If you have any questions, please contact Ramit Khera at ████████████████

**Morgan Stanley Senior Funding, Inc.**

**Redwood Master Fund, Ltd.**
**By: REDWOOD CAPITAL MANAGEMENT,**
**LLC, its Investment Manager**

By: _____

Name: Terence Lean
Title:  Authorized Signatory

By: _____

Name: Toni Healey
Title:  Chief Financial Officer

5436649002

Redwood Master Fund, Ltd. - BYJU Claim Transfer Supporting Documents

# LSTA PAR/NEAR PAR TRADE CONFIRMATION

**To:**   *Redwood Master Fund, Ltd.*
   *Buyer MEI:*      **KY1L014424**
   *Attention:*      *Anna Xu*
   *Phone No.:*      █████████
   *Fax No.:*
   *Email:*      ████████████
   *Address:*      ██████████████████████

**From:**  *Morgan Stanley Bank, N.A.*
   *Seller MEI:*      **US1L094930**
   *Attention:*      **Angelo Went**
   *Phone No.:*      ████████
   *Fax No.:*
   *Email:*      ████████████████
   *Address:*      ██████████████

*Date:*   **10/03/2022**

We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par/Near Par Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of December 1, 2021, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | | |
|---|---|---|
| **Trade Date:** | 09/30/2022 | |
| **Seller:** | Morgan Stanley Bank, N.A. | ☑ Principal ☐ Agent |
| **Buyer:** | Redwood Master Fund, Ltd. | ☑ Principal ☐ Agent |

**Credit Agreement:**   CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent.

**Borrower:**   BYJU's Alpha, Inc.

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.     1

**Form of Purchase:**     Assignment

**Purchase Amount/**
**Type of Debt:**

| Purchase Amount | Type of Debt | Facility | CUSIP Number |
|---|---|---|---|
| USD 11,543,620.93 | Term | Initial Term Loan | Y8800HAB6 |

**Purchase Rate:**                ▮▮▮▮▮     Initial Term Loan

**Up Front Fees:**                None     Initial Term Loan
**(if any):**

**Credit Documents**          No
**to be provided:**

**Trade Specific**          Recordation Fee is waived.
**Other Terms of Trade:**

Please provide the signature of a duly authorized officer or other signatory where indicated below and return this letter to the attention of Ramit Khera at ClearPar at the following fax number or email address: ▮▮▮▮▮▮▮▮▮▮▮

If you have any questions, please contact Ramit Khera at ▮▮▮▮▮▮▮▮

**Morgan Stanley Bank, N.A.**

By: _____

    Name: Terence Lean
    Title:  Authorized Signatory

**Redwood Master Fund, Ltd.**
**By: REDWOOD CAPITAL MANAGEMENT,**
**LLC, its Investment Manager**

By: _____

     Name: Toni Healey
     Title:  Chief Financial Officer

5461543002

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.                2

Redwood Master Fund, Ltd. - BYJU Claim Transfer Supporting Documents

# LSTA PAR/NEAR PAR TRADE CONFIRMATION

**To:**   *Redwood Master Fund, Ltd.*
          *Buyer MEI:*      *KY1L014424*
          *Attention:*      *Anna Xu*
          *Phone No.:*      ███████████
          *Fax No.:*
          *Email:*          ████████████
          *Address:*        █████████████████████

**From:** *Morgan Stanley Bank, N.A.*
          *Seller MEI:*     *US1L094930*
          *Attention:*      *Angelo Went*
          *Phone No.:*      ██████████
          *Fax No.:*
          *Email:*          ██████████████████
          *Address:*        ████████████████

**Date:**  *09/15/2022*

        We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par/Near Par Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of December 1, 2021, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | | | |
|---|---|---|---|
| **Trade Date:** | 09/14/2022 | | |
| **Seller:** | Morgan Stanley Bank, N.A. | ☑ Principal ☐ Agent | |
| **Buyer:** | Redwood Master Fund, Ltd. | ☑ Principal ☐ Agent | |

**Credit Agreement:**   CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent.

**Borrower:**          BYJU's Alpha, Inc.

**Form of Purchase:**     Assignment

**Purchase Amount/**
**Type of Debt:**

| Purchase Amount | Type of Debt | Facility | CUSIP Number |
|---|---|---|---|
| USD 9,400,000.00 | Term | Initial Term Loan | Y8800HAB6 |

**Purchase Rate:**          ▉▉▉▉        Initial Term Loan

**Up Front Fees:**                  None        Initial Term Loan
**(if any):**

**Credit Documents**          No
**to be provided:**

**Trade Specific**          Recordation Fee is waived.
**Other Terms of Trade:**

Please provide the signature of a duly authorized officer or other signatory where indicated below and return this letter to the attention of Ramit Khera at ClearPar at the following fax number or email address: ▉▉▉▉▉▉▉▉▉▉▉

If you have any questions, please contact Ramit Khera at ▉▉▉▉▉▉▉▉

**Morgan Stanley Bank, N.A.**

By: _____
    Name: Terence Lean
    Title:  Authorized Signatory

**Redwood Master Fund, Ltd.**
**By: REDWOOD CAPITAL MANAGEMENT,**
**LLC, its Investment Manager**

By: _____
    Name: Toni Healey
    Title:  Chief Financial Officer

5434176002

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.                2

Redwood Opportunity Master Fund, Ltd. - BYJU Claim Transfer Supporting Documents

# LSTA PAR/NEAR PAR TRADE CONFIRMATION

**To:**    *Redwood Opportunity Master Fund, Ltd.*
      *Buyer MEI:*    *KY1L117664*
      *Attention:*    *Anna Xu*
      *Phone No.:*    ███████
      *Fax No.:*    
      *Email:*    ███████████
      *Address:*    ████████████████████

**From:**   *Morgan Stanley Bank, N.A.*
      *Seller MEI:*    *US1L094930*
      *Attention:*    *Angelo Went*
      *Phone No.:*    ██████████
      *Fax No.:*    
      *Email:*    ████████████████
      *Address:*    ███████████████

*Date:*   *09/02/2022*

      We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par/Near Par Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of December 1, 2021, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | | |
|---|---|---|
| **Trade Date:** | 09/01/2022 | |
| **Seller:** | Morgan Stanley Bank, N.A. | ☑ Principal ☐ Agent |
| **Buyer:** | Redwood Opportunity Master Fund, Ltd. | ☑ Principal ☐ Agent |
| **Credit Agreement:** | CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent. | |
| **Borrower:** | BYJU's Alpha, Inc. | |

5420388003

**Form of Purchase:**     Assignment

**Purchase Amount/**
**Type of Debt:**

| Purchase Amount | Type of Debt | Facility | CUSIP Number |
|---|---|---|---|
| USD 120,000.00 | Term | Initial Term Loan | Y8800HAB6 |

**Purchase Rate:**     ███████     Initial Term Loan

**Up Front Fees:**     None     Initial Term Loan
**(if any):**

**Credit Documents**     No
**to be provided:**

**Trade Specific**     Recordation Fee is waived.
**Other Terms of Trade:**

Please provide the signature of a duly authorized officer or other signatory where indicated below and return this letter to the attention of Ramit Khera at ClearPar at the following fax number or email address: ██████████████████

If you have any questions, please contact Ramit Khera at ███████████████

**Morgan Stanley Bank, N.A.**

By: _KMahindra_____

   Name: TJ Mahindra

   Title:  Authorized signatory

**Redwood Opportunity Master Fund, Ltd.**
**By: REDWOOD CAPITAL MANAGEMENT, LLC, its**
**Investment Manager**

By: _Toni Healey_____

   Name: Toni Healey

   Title:  Chief Financial Officer

5420388003

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.

Redwood Opportunity Master Fund, Ltd. - BYJU Claim Transfer Supporting Documents

# LSTA PAR/NEAR PAR TRADE CONFIRMATION

**To:**   ***Redwood Opportunity Master Fund, Ltd.***
      ***Buyer MEI:***     ***KY1L117664***
      ***Attention:***     ***Anna Xu***
      ***Phone No.:***     ██████████
      ***Fax No.:***
      ***Email:***     ██████████
      ***Address:***     ████████████████████

**From:**  ***JPMorgan Chase Bank, N.A.***
      ***Seller MEI:***     ***US1L019291***
      ***Attention:***     ***Frank Casano***
      ***Phone No.:***     ██████████
      ***Fax No.:***
      ***Email:***     ██████████
      ***Address:***     ████████████████████

**Date:**  ***08/29/2022***

      We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par/Near Par Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of December 1, 2021, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | | |
|---|---|---|
| **Trade Date:** | 08/25/2022 | |
| **Seller:** | JPMorgan Chase Bank, N.A. | ☑ Principal ☐ Agent |
| **Buyer:** | Redwood Opportunity Master Fund, Ltd. | ☑ Principal ☐ Agent |
| **Credit Agreement:** | CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent. | |
| **Borrower:** | BYJU's Alpha, Inc. | |

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.    

**Form of Purchase:**   Assignment

**Purchase Amount/
Type of Debt:**

| Purchase Amount | Type of Debt | Facility | CUSIP Number |
|---|---|---|---|
| USD 880,000.00 | Term | Initial Term Loan | Y8800HAB6 |

**Purchase Rate:**   ▮▮▮▮   Initial Term Loan

**Up Front Fees:
(if any):**   None   Initial Term Loan

**Credit Documents
to be provided:**   No

**Trade Specific
Other Terms of Trade:**   If the transaction set forth in this Confirmation results in or is the result of allocations to multiple funds or accounts by an investment manager or advisor (an "Allocated Transaction" and collectively, the "Allocated Transactions"), JPMorgan Chase Bank N.A. shall not be required to pay (in the aggregate) more than ONE FULL    Agent transfer fee set forth in this Confirmation or any of the other Confirmations relating to the Allocated Transactions.

Please provide the signature of a duly authorized officer or other signatory where indicated below and return this letter to the attention of Michelle Russo at ClearPar at the following fax number or email address: ▮▮▮▮▮▮▮▮▮▮

If you have any questions, please contact Michelle Russo at ▮▮▮▮▮▮▮▮

**JPMorgan Chase Bank, N.A.**

**Redwood Opportunity Master Fund, Ltd.
By: REDWOOD CAPITAL MANAGEMENT, LLC, its
Investment Manager**

By: _____

Name: Steven Blacker

Title:  Authorized Signatory

By: _____

Name: Toni Healey

Title:  Chief Financial Officer

5414556003

# LSTA PAR/NEAR PAR TRADE CONFIRMATION

**To:**  *Redwood Opportunity Master Fund, Ltd.*
   *Buyer MEI:*      *KY1L117664*
   *Attention:*      *Anna Xu*
   *Phone No.:*      ██████████
   *Fax No.:*        ██████████
   *Email:*          ██████████
   *Address:*        ██████████████████████

**From:** *JPMorgan Chase Bank, N.A.*
   *Seller MEI:*     *US1L019291*
   *Attention:*      *Frank Casano*
   *Phone No.:*      ██████████
   *Fax No.:*
   *Email:*          ██████████████████
   *Address:*        ██████████████████████

**Date:**  *08/30/2022*

We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par/Near Par Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of December 1, 2021, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | | |
|---|---|---|
| **Trade Date:** | 08/29/2022 | |
| **Seller:** | JPMorgan Chase Bank, N.A. | ☑ Principal  ☐ Agent |
| **Buyer:** | Redwood Opportunity Master Fund, Ltd. | ☑ Principal  ☐ Agent |

| | |
|---|---|
| **Credit Agreement:** | CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent. |
| **Borrower:** | BYJU's Alpha, Inc. |

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.

# LSTA PAR/NEAR PAR TRADE CONFIRMATION

**To:**  *Redwood Opportunity Master Fund, Ltd.*
    *Buyer MEI:*     **KY1L117664**
    *Attention:*     **Anna Xu**
    *Phone No.:*     █████████
    *Fax No.:*
    *Email:*     ████████████
    *Address:*     ████████████████████

**From:** *JPMorgan Chase Bank, N.A.*
    *Seller MEI:*     **US1L019291**
    *Attention:*     **Frank Casano**
    *Phone No.:*     █████████
    *Fax No.:*
    *Email:*     ████████████████
    *Address:*     ████████████████████

**Date:**   **09/02/2022**

We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par/Near Par Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of December 1, 2021, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | |
|---|---|
| **Trade Date:** | 08/30/2022 |
| **Seller:** | JPMorgan Chase Bank, N.A.      ☑ Principal  ☐ Agent |
| **Buyer:** | Redwood Opportunity Master Fund, Ltd.      ☑ Principal  ☐ Agent |
| **Credit Agreement:** | CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent. |
| **Borrower:** | BYJU's Alpha, Inc. |

5417409004

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.      1

**Form of Purchase:**     Assignment

**Purchase Amount/**
**Type of Debt:**

| Purchase Amount | Type of Debt | Facility | CUSIP Number |
|---|---|---|---|
| USD 1,000,000.00 | Term | Initial Term Loan | Y8800HAB6 |

**Purchase Rate:**     ▮▮▮▮     Initial Term Loan

**Up Front Fees:**     None     Initial Term Loan
**(if any):**

**Credit Documents**     No
**to be provided:**

**Trade Specific**     If the transaction set forth in this Confirmation results in or is the result of allocations to multiple
**Other Terms of Trade:**     funds or accounts by an investment manager or advisor (an "Allocated Transaction" and
collectively, the "Allocated Transactions"), JPMorgan Chase Bank N.A. shall not be required to pay
(in the aggregate) more than ONE FULL   Agent transfer fee set forth in this Confirmation or any
of the other Confirmations relating to the Allocated Transactions.

Please provide the signature of a duly authorized officer or other signatory where indicated below and return this letter to the
attention of Michelle Russo at ClearPar at the following fax number or email address: ▮▮▮▮▮▮▮▮▮▮
If you have any questions, please contact Michelle Russo at ▮▮▮▮▮▮▮▮

JPMorgan Chase Bank, N.A.

Redwood Opportunity Master Fund, Ltd.
By: REDWOOD CAPITAL MANAGEMENT, LLC, its
Investment Manager

By: _____

_____
Name: Steven Blacker
Title:  Authorized Signatory

By: _____

_____
Name: Toni Healey
Title:  Chief Financial Officer

5417409004

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.

# LSTA PAR/NEAR PAR TRADE CONFIRMATION

**To:** *Redwood Opportunity Master Fund, Ltd.*

| | |
|---|---|
| *Buyer MEI:* | *KY1L117664* |
| *Attention:* | *Anna Xu* |
| *Phone No.:* | ██████████ |
| *Fax No.:* | |
| *Email:* | ██████████████ |
| *Address:* | ██████████████████████████ |

**From:** *JPMorgan Chase Bank, N.A.*

| | |
|---|---|
| *Seller MEI:* | *US1L019291* |
| *Attention:* | *Frank Casano* |
| *Phone No.:* | ██████████ |
| *Fax No.:* | |
| *Email:* | ██████████████████ |
| *Address:* | ████████████████████████ |

**Date:** *08/31/2022*

We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par/Near Par Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of December 1, 2021, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | | |
|---|---|---|
| **Trade Date:** | 08/31/2022 | |
| **Seller:** | JPMorgan Chase Bank, N.A. | ☑ Principal ☐ Agent |
| **Buyer:** | Redwood Opportunity Master Fund, Ltd. | ☑ Principal ☐ Agent |
| **Credit Agreement:** | CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent. | |
| **Borrower:** | BYJU's Alpha, Inc. | |

**Form of Purchase:**        Assignment

**Purchase Amount/**
**Type of Debt:**

| Purchase Amount | Type of Debt | Facility | CUSIP Number |
|---|---|---|---|
| USD 180,000.00 | Term | Initial Term Loan | Y8800HAB6 |

**Purchase Rate:**            ▮▮▮▮▮        Initial Term Loan

**Up Front Fees:**                    None        Initial Term Loan
**(if any):**

**Credit Documents**        No
**to be provided:**

**Trade Specific**        If the transaction set forth in this Confirmation results in or is the result of allocations to multiple
**Other Terms of Trade:**    funds or accounts by an investment manager or advisor (an "Allocated Transaction" and
        collectively, the "Allocated Transactions"), JPMorgan Chase Bank N.A. shall not be required to pay
        (in the aggregate) more than ONE FULL    Agent transfer fee set forth in this Confirmation or any
        of the other Confirmations relating to the Allocated Transactions.

Please provide the signature of a duly authorized officer or other signatory where indicated below and return this letter to the
attention of Michelle Russo at ClearPar at the following fax number or email address: ▮▮▮▮▮▮▮▮▮▮▮▮
If you have any questions, please contact Michelle Russo at ▮▮▮▮▮▮▮▮

**JPMorgan Chase Bank, N.A.**

By: _____
        Name: Steven Blacker
        Title:  Authorized Signatory

**Redwood Opportunity Master Fund, Ltd.**
**By: REDWOOD CAPITAL MANAGEMENT, LLC, its**
**Investment Manager**

By: _____
        Name: Toni Healey
        Title:  Chief Financial Officer

5418321003

# LSTA PAR/NEAR PAR TRADE CONFIRMATION

**To:**   *Redwood Opportunity Master Fund, Ltd.*
   *Buyer MEI:*   *KY1L117664*
   *Attention:*   *Anna Xu*
   *Phone No.:*   ▮▮▮▮▮▮▮
   *Fax No.:*
   *Email:*   ▮▮▮▮▮▮▮
   *Address:*   ▮▮▮▮▮▮▮

**From:**  *JPMorgan Chase Bank, N.A.*
   *Seller MEI:*   *US1L019291*
   *Attention:*   *Frank Casano*
   *Phone No.:*   ▮▮▮▮▮▮▮
   *Fax No.:*
   *Email:*   ▮▮▮▮▮▮▮
   *Address:*   ▮▮▮▮▮▮▮

**Date:**  *09/07/2022*

We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par/Near Par Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of December 1, 2021, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | | | |
|---|---|---|---|
| **Trade Date:** | 09/02/2022 | | |
| **Seller:** | JPMorgan Chase Bank, N.A. | ☑ Principal ☐ Agent | |
| **Buyer:** | Redwood Opportunity Master Fund, Ltd. | ☑ Principal ☐ Agent | |

**Credit Agreement:**   CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent.

**Borrower:**   BYJU's Alpha, Inc.

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.

**Form of Purchase:**         Assignment

**Purchase Amount/**
**Type of Debt:**

| Purchase Amount | Type of Debt | Facility | CUSIP Number |
|---|---|---|---|
| USD 140,000.00 | Term | Initial Term Loan | Y8800HAB6 |

**Purchase Rate:**         ███████         Initial Term Loan

**Up Front Fees:**                None         Initial Term Loan
**(if any):**

**Credit Documents**         No
**to be provided:**

**Trade Specific**         If the transaction set forth in this Confirmation results in or is the result of allocations to multiple
**Other Terms of Trade:**         funds or accounts by an investment manager or advisor (an "Allocated Transaction" and
collectively, the "Allocated Transactions"), JPMorgan Chase Bank N.A. shall not be required to pay
(in the aggregate) more than ONE FULL    Agent transfer fee set forth in this Confirmation or any
of the other Confirmations relating to the Allocated Transactions.

Please provide the signature of a duly authorized officer or other signatory where indicated below and return this letter to the
attention of Michelle Russo at ClearPar at the following fax number or email address: ████████████████

If you have any questions, please contact Michelle Russo at ███████████████

**JPMorgan Chase Bank, N.A.**         **Redwood Opportunity Master Fund, Ltd.**
**By: REDWOOD CAPITAL MANAGEMENT, LLC, its**
**Investment Manager**

By: _____         By: _____

    Name: Steven Blacker             Name: Toni Healey

    Title:  Authorized Signatory             Title:  Chief Financial Officer

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.                                        2

# LSTA PAR/NEAR PAR TRADE CONFIRMATION

**To:** *Redwood Opportunity Master Fund, Ltd.*
    *Buyer MEI:*    **KY1L117664**
    *Attention:*    *Anna Xu*
    *Phone No.:*    █████████
    *Fax No.:*
    *Email:*    █████████
    *Address:*    █████████████████

**From:** *JPMorgan Chase Bank, N.A.*
    *Seller MEI:*    **US1L019291**
    *Attention:*    *Frank Casano*
    *Phone No.:*    █████████
    *Fax No.:*
    *Email:*    █████████████
    *Address:*    █████████████████

*Date:*  *09/09/2022*

We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par/Near Par Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of December 1, 2021, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | | |
|---|---|---|
| **Trade Date:** | 09/07/2022 | |
| **Seller:** | JPMorgan Chase Bank, N.A. | ☑ Principal ☐ Agent |
| **Buyer:** | Redwood Opportunity Master Fund, Ltd. | ☑ Principal ☐ Agent |

**Credit Agreement:**    CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent.

**Borrower:**    BYJU's Alpha, Inc.

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.    

**Form of Purchase:**     Assignment

**Purchase Amount/**
**Type of Debt:**

| Purchase Amount | Type of Debt | Facility | CUSIP Number |
|---|---|---|---|
| USD 3,210,000.00 | Term | Initial Term Loan | Y8800HAB6 |

**Purchase Rate:**     ███████     Initial Term Loan

**Up Front Fees:**     None     Initial Term Loan
**(if any):**

**Credit Documents**     No
**to be provided:**

**Trade Specific**     If the transaction set forth in this Confirmation results in or is the result of allocations to multiple
**Other Terms of Trade:**     funds or accounts by an investment manager or advisor (an "Allocated Transaction" and
     collectively, the "Allocated Transactions"), JPMorgan Chase Bank N.A. shall not be required to pay
     (in the aggregate) more than ONE FULL    Agent transfer fee set forth in this Confirmation or any
     of the other Confirmations relating to the Allocated Transactions.

Please provide the signature of a duly authorized officer or other signatory where indicated below and return this letter to the
attention of Michelle Russo at ClearPar at the following fax number or email address: ████████████████████
If you have any questions, please contact Michelle Russo at ████████████████

**JPMorgan Chase Bank, N.A.**                    **Redwood Opportunity Master Fund, Ltd.**
                    **By: REDWOOD CAPITAL MANAGEMENT, LLC, its**
                    **Investment Manager**

By: _____                    By: _____
     Name: Steven Blacker                         Name: Toni Healey
     Title:  Authorized Signatory                 Title:  Chief Financial Officer

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.                    2

# LSTA PAR/NEAR PAR TRADE CONFIRMATION

**To:**   *Redwood Opportunity Master Fund, Ltd.*
  *Buyer MEI:*      *KY1L117664*
  *Attention:*      *Anna Xu*
  *Phone No.:*      ██████████
  *Fax No.:*
  *Email:*      ████████████
  *Address:*      ████████████████████

**From:**  *JPMorgan Chase Bank, N.A.*
  *Seller MEI:*      *US1L019291*
  *Attention:*      *Frank Casano*
  *Phone No.:*      ██████████
  *Fax No.:*
  *Email:*      ████████████████
  *Address:*      ████████████████████

*Date:*   *09/13/2022*

 We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par/Near Par Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of December 1, 2021, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | | |
|---|---|---|
| **Trade Date:** | 09/09/2022 | |
| **Seller:** | JPMorgan Chase Bank, N.A. | ☑ Principal ☐ Agent |
| **Buyer:** | Redwood Opportunity Master Fund, Ltd. | ☑ Principal ☐ Agent |
| **Credit Agreement:** | CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent. | |
| **Borrower:** | BYJU's Alpha, Inc. | |

5431447003

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.                    1

**Form of Purchase:**   Assignment

**Purchase Amount/**
**Type of Debt:**

| Purchase Amount | Type of Debt | Facility | CUSIP Number |
|---|---|---|---|
| USD 500,000.00 | Term | Initial Term Loan | Y8800HAB6 |

**Purchase Rate:**   ███████   Initial Term Loan

**Up Front Fees:**   None   Initial Term Loan
**(if any):**

**Credit Documents**   No
**to be provided:**

**Trade Specific**   If the transaction set forth in this Confirmation results in or is the result of allocations to multiple
**Other Terms of Trade:**   funds or accounts by an investment manager or advisor (an "Allocated Transaction" and
collectively, the "Allocated Transactions"), JPMorgan Chase Bank N.A. shall not be required to pay
(in the aggregate) more than ONE FULL    Agent transfer fee set forth in this Confirmation or any
of the other Confirmations relating to the Allocated Transactions.

Please provide the signature of a duly authorized officer or other signatory where indicated below and return this letter to the
attention of Michelle Russo at ClearPar at the following fax number or email address: ██████████████████
If you have any questions, please contact Michelle Russo at ██████████████

JPMorgan Chase Bank, N.A.                    Redwood Opportunity Master Fund, Ltd.
                                            By: REDWOOD CAPITAL MANAGEMENT, LLC, its
                                            Investment Manager

By: _____         By: _____
    Name: Steven Blacker                        Name: Toni Healey
    Title:  Authorized Signatory                Title:  Chief Financial Officer

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.                    2

# LSTA PAR/NEAR PAR TRADE CONFIRMATION

*To:*  *Redwood Opportunity Master Fund, Ltd.*
     *Buyer MEI:*    *KY1L117664*
     *Attention:*    *Anna Xu*
     *Phone No.:*   ██████████
     *Fax No.:*
     *Email:*      ██████████
     *Address:*    ████████████████

*From:*  *JPMorgan Chase Bank, N.A.*
     *Seller MEI:*   *US1L019291*
     *Attention:*    *Frank Casano*
     *Phone No.:*   ██████████
     *Fax No.:*
     *Email:*      ██████████████
     *Address:*    ████████████████

*Date:*  *09/13/2022*

       We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par/Near Par Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of December 1, 2021, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | | |
|---|---|---|
| **Trade Date:** | 09/12/2022 | |
| **Seller:** | JPMorgan Chase Bank, N.A. | ☑ Principal ☐ Agent |
| **Buyer:** | Redwood Opportunity Master Fund, Ltd. | ☑ Principal ☐ Agent |

**Credit Agreement:**    CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent.

**Borrower:**    BYJU's Alpha, Inc.

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.        1

**Form of Purchase:**        Assignment

**Purchase Amount/**
**Type of Debt:**

| Purchase Amount | Type of Debt | Facility | CUSIP Number |
|---|---|---|---|
| USD 2,140,000.00 | Term | Initial Term Loan | Y8800HAB6 |

**Purchase Rate:**                    ███████        Initial Term Loan

**Up Front Fees:**                None        Initial Term Loan
**(if any):**

**Credit Documents**            No
**to be provided:**

**Trade Specific**            If the transaction set forth in this Confirmation results in or is the result of allocations to multiple
**Other Terms of Trade:**        funds or accounts by an investment manager or advisor (an "Allocated Transaction" and
                    collectively, the "Allocated Transactions"), JPMorgan Chase Bank N.A. shall not be required to pay
                    (in the aggregate) more than ONE FULL    Agent transfer fee set forth in this Confirmation or any
                    of the other Confirmations relating to the Allocated Transactions.

Please provide the signature of a duly authorized officer or other signatory where indicated below and return this letter to the attention of Michelle Russo at ClearPar at the following fax number or email address: ████████████████

If you have any questions, please contact Michelle Russo at ████████████

**JPMorgan Chase Bank, N.A.**            **Redwood Opportunity Master Fund, Ltd.**
                        **By: REDWOOD CAPITAL MANAGEMENT, LLC, its**
                        **Investment Manager**


By: _____            By: _____

    Name: Steven Blacker                Name: Toni Healey

    Title:  Authorized Signatory            Title:  Chief Financial Officer

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.

Redwood Opportunity Master Fund, Ltd. - BYJU Claim Transfer Supporting Documents

# LSTA PAR/NEAR PAR TRADE CONFIRMATION

**To:**  ***Redwood Opportunity Master Fund, Ltd.***
    ***Buyer MEI:***     **KY1L117664**
    ***Attention:***     **Anna Xu**
    ***Phone No.:***     ███████
    ***Fax No.:***
    ***Email:***     ███████████
    ***Address:***     ██████████████████

**From:** ***Morgan Stanley Bank, N.A.***
    ***Seller MEI:***     **US1L094930**
    ***Attention:***     **Angelo Went**
    ***Phone No.:***     ████████
    ***Fax No.:***
    ***Email:***     ████████████
    ***Address:***     █████████████

**Date:**   **09/15/2022**

      We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par/Near Par Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of December 1, 2021, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | | |
|---|---|---|
| **Trade Date:** | 09/14/2022 | |
| **Seller:** | Morgan Stanley Bank, N.A. | ☑ Principal ☐ Agent |
| **Buyer:** | Redwood Opportunity Master Fund, Ltd. | ☑ Principal ☐ Agent |

**Credit Agreement:**     CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent.

**Borrower:**     BYJU's Alpha, Inc.

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.     

**Form of Purchase:**   Assignment

**Purchase Amount/
Type of Debt:**

| Purchase Amount | Type of Debt | Facility | CUSIP Number |
|---|---|---|---|
| USD 3,620,000.00 | Term | Initial Term Loan | Y8800HAB6 |

**Purchase Rate:**   ███████   Initial Term Loan

**Up Front Fees:**   None   Initial Term Loan
**(if any):**

**Credit Documents**   No
**to be provided:**

**Trade Specific**   Recordation Fee is waived.
**Other Terms of Trade:**

Please provide the signature of a duly authorized officer or other signatory where indicated below and return this letter to the attention of Ramit Khera at ClearPar at the following fax number or email address: ████████████████████

If you have any questions, please contact Ramit Khera at ████████████████

**Morgan Stanley Bank, N.A.**

By: _____
    Name: Terence Lean
    Title:  Authorized Signatory

**Redwood Opportunity Master Fund, Ltd.**
**By: REDWOOD CAPITAL MANAGEMENT, LLC, its**
**Investment Manager**

By: _____
    Name: Toni Healey
    Title:  Chief Financial Officer

5434176003

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.                    2

Redwood Opportunity Master Fund, Ltd. - BYJU Claim Transfer Supporting Documents

# Morgan Stanley

## **LSTA PAR/NEAR PAR TRADE CONFIRMATION**

**To:**   ***Redwood Opportunity Master Fund, Ltd.***
   ***Buyer MEI:***      **KY1L117664**
   ***Attention:***      **Anna Xu**
   ***Phone No.:***      ███████
   ***Fax No.:***
   ***Email:***      ███████████
   ***Address:***      ████████████████████████

**From:**  ***Morgan Stanley Senior Funding, Inc.***
   ***Seller MEI:***      **US1L022337**
   ***Attention:***      **Angelo Went**
   ***Phone No.:***      ███████
   ***Fax No.:***
   ***Email:***      ██████████████
   ***Address:***      ██████████████

**Date:**   **09/16/2022**

We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par/Near Par Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of December 1, 2021, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | | |
|---|---|---|
| **Trade Date:** | 09/15/2022 | |
| **Seller:** | Morgan Stanley Senior Funding, Inc. | ☑ Principal ☐ Agent |
| **Buyer:** | Redwood Opportunity Master Fund, Ltd. | ☑ Principal ☐ Agent |

**Credit Agreement:**      CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent.

**Borrower:**      BYJU's Alpha, Inc.

5436649003

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.

**Form of Purchase:**     Assignment

**Purchase Amount/**
**Type of Debt:**

| Purchase Amount | Type of Debt | Facility | CUSIP Number |
|---|---|---|---|
| USD 5,360,000.00 | Term | Initial Term Loan | Y8800HAB6 |

**Purchase Rate:**     ███████     Initial Term Loan

**Up Front Fees:**     None     Initial Term Loan
**(if any):**

**Credit Documents**     No
**to be provided:**

**Trade Specific**     Recordation Fee is waived.
**Other Terms of Trade:**

Please provide the signature of a duly authorized officer or other signatory where indicated below and return this letter to the attention of Ramit Khera at ClearPar at the following fax number or email address: ████████████████████

If you have any questions, please contact Ramit Khera at ██████████████

**Morgan Stanley Senior Funding, Inc.**

By: _____

Name: Terence Lean

Title:  Authorized Signatory

**Redwood Opportunity Master Fund, Ltd.**
**By: REDWOOD CAPITAL MANAGEMENT, LLC, its**
**Investment Manager**

By: _____

Name: Toni Healey

Title:  Chief Financial Officer

5436649003

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.                     2

White Granite LLC - DD3 - BYJU Claim Transfer Supporting Documents

# LSTA PAR/NEAR PAR TRADE CONFIRMATION

**To:**  **White Granite LLC**
    **Buyer MEI:**  **US0M01KK78**
    **Attention:**  **Anna Xu**
    **Phone No.:**  ███████
    **Fax No.:**  ███████
    **Email:**  ████████████
    **Address:**  ████████████████████

**From:**  **Redwood Drawdown Master Fund III LP**
    **Seller MEI:**  **KY0M0089W6**
    **Attention:**  **Anna Xu**
    **Phone No.:**  ███████
    **Fax No.:**  ███████
    **Email:**  ████████████
    **Address:**  ████████████████████

**Date:**  **05/23/2023**

We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par/Near Par Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of December 1, 2021, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | | | | | |
|---|---|---|---|---|---|
| **Trade Date:** | 05/22/2023 | | | | |
| **Seller:** | Redwood Drawdown Master Fund III LP | | ☑ Principal | ☐ Agent | |
| **Buyer:** | White Granite LLC | | ☑ Principal | ☐ Agent | |

**Credit Agreement:**  CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent.

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.

**Borrower:**          BYJU's Alpha, Inc.

**Form of Purchase:**  Assignment

| **Purchase Amount/** **Type of Debt:** | Purchase Amount | Type of Debt | Facility | CUSIP Number |
|---|---|---|---|---|
| | USD 54,810,628.14 | Term | Initial Term Loan | Y8800HAB6 |

**Purchase Rate:**                    ▮▮▮▮        Initial Term Loan

**Up Front Fees:**              None      Initial Term Loan
**(if any):**

**Credit Documents**          No
**to be provided:**

**Trade Specific**          Recordation Fee is split and no more than one half.
**Other Terms of Trade:**

Please provide the signature of a duly authorized officer or other signatory where indicated below and return this letter to the attention of Kenny Feldman at ClearPar at the following fax number or email address: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

If you have any questions, please contact Kenny Feldman at ▮▮▮▮▮▮▮▮

**Redwood Drawdown Master Fund III LP**          White Granite LLC
**By: REDWOOD CAPITAL MANAGEMENT,**
**LLC, its Investment Manager**

*Toni Healey*                              *Toni Healey*

By: _____          By: _____

    Name: Toni Healey                  Name: Toni Healey

    Title:  Chief Financial Officer          Title:  Chief Financial Officer

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.

White Granite - Redwood Master Fund, Ltd. - BYJU
Claim Transfer Supporting Documents

# LSTA PAR/NEAR PAR TRADE CONFIRMATION

**To:**  **White Granite LLC**
  **Buyer MEI:**   **US0M01KK78**
  **Attention:**   **Anna Xu**
  **Phone No.:**   ███████████
  **Fax No.:**   ███████████
  **Email:**   ████████████████
  **Address:**   █████████████████████████████

**From:**  **Redwood Master Fund, Ltd.**
  **Seller MEI:**   **KY1L014424**
  **Attention:**   **Anna Xu**
  **Phone No.:**   ███████████
  **Fax No.:**   ███████████
  **Email:**   ████████████████
  **Address:**   █████████████████████████████

**Date:**  **05/23/2023**

We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par/Near Par Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of December 1, 2021, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | | | |
|---|---|---|---|
| **Trade Date:** | 05/22/2023 | | |
| **Seller:** | Redwood Master Fund, Ltd. | ☑ Principal | ☐ Agent |
| **Buyer:** | White Granite LLC | ☑ Principal | ☐ Agent |

**Credit Agreement:**  CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent.

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.

**Borrower:**          BYJU's Alpha, Inc.

**Form of Purchase:**      Assignment

**Purchase Amount/**
**Type of Debt:**

| Purchase Amount | Type of Debt | Facility | CUSIP Number |
|---|---|---|---|
| USD 72,369,315.35 | Term | Initial Term Loan | Y8800HAB6 |

**Purchase Rate:**          ███████      Initial Term Loan

**Up Front Fees:**              None      Initial Term Loan
**(if any):**

**Credit Documents**          No
**to be provided:**

**Trade Specific**          Recordation Fee is split and no more than one half.
**Other Terms of Trade:**

Please provide the signature of a duly authorized officer or other signatory where indicated below and return this letter to the attention of Kenny Feldman at ClearPar at the following fax number or email address: ████████████████████

If you have any questions, please contact Kenny Feldman at ████████████

**Redwood Master Fund, Ltd.**                    White Granite LLC
**By: REDWOOD CAPITAL MANAGEMENT,**
**LLC, its Investment Manager**

*Toni Healey*                          *Toni Healey*

By: _____      By: _____

   Name: Toni Healey                         Name: Toni Healey

   Title:  Chief Financial Officer            Title:  Chief Financial Officer

5781386002

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.                                    2

White Granite - Redwood Opportunity Master Fund, Ltd. - BYJU
Claim Transfer Supporting Documents

# LSTA PAR/NEAR PAR TRADE CONFIRMATION

**To:**   **White Granite LLC**
  **Buyer MEI:**   **US0M01KK78**
  **Attention:**   **Anna Xu**
  **Phone No.:**   ███████
  **Fax No.:**   ███████
  **Email:**   ████████
  **Address:**   ████████████

**From:**   **Redwood Opportunity Master Fund, Ltd.**
  **Seller MEI:**   **KY1L117664**
  **Attention:**   **Anna Xu**
  **Phone No.:**   ███████
  **Fax No.:**   ███████
  **Email:**   █████████
  **Address:**   █████████

**Date:**   **05/23/2023**

We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par/Near Par Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of December 1, 2021, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | | | |
|---|---|---|---|
| **Trade Date:** | 05/22/2023 | | |
| **Seller:** | Redwood Opportunity Master Fund, Ltd. | ☑ Principal   ☐ Agent | |
| **Buyer:** | White Granite LLC | ☑ Principal   ☐ Agent | |

**Credit Agreement:**   CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent.

5781386003

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.

**Borrower:**          BYJU's Alpha, Inc.

**Form of Purchase:**    Assignment

| | | | |
|---|---|---|---|
| **Purchase Amount/<br>Type of Debt:** | | | |

| Purchase<br>Amount | Type of<br>Debt | Facility | CUSIP<br>Number |
|---|---|---|---|
| USD 16,146,532.66 | Term | Initial Term Loan | Y8800HAB6 |

**Purchase Rate:**          ██████    Initial Term Loan

**Up Front Fees:**           None    Initial Term Loan
**(if any):**

**Credit Documents**       No
**to be provided:**

**Trade Specific**        Recordation Fee is split and no more than one half.
**Other Terms of Trade:**

Please provide the signature of a duly authorized officer or other signatory where indicated below and return this letter to the attention of Kenny Feldman at ClearPar at the following fax number or email address: ████████████████████

If you have any questions, please contact Kenny Feldman at ██████████

**Redwood Opportunity Master Fund, Ltd.**          White Granite LLC
**By: REDWOOD CAPITAL MANAGEMENT, LLC, its**
**Investment Manager**

*Toni Healey*                    *Toni Healey*

By: _____          By: _____

    Name: Toni Healey              Name: Toni Healey

    Title:  Chief Financial Officer          Title:  Chief Financial Officer

LSTA EFFECTIVE December 1, 2021 Copyright © LSTA 2021. All rights reserved.                    2

## **Schedule 4-A**

**Corporate Ownership Statement for Veritas Petitioning Creditors**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Neuron Fuel, Inc. | Case No. 24-_____ - (___) |
| Alleged Debtor. | |

## CORPORATE OWNERSHIP STATEMENT OF VERITAS PETITIONING CREDITORS

Pursuant to Rules 1010(b) and 7007-1 of the Federal Rules of Bankruptcy Procedure, Veritas Capital Credit Opportunities Fund SPV, L.L.C. and Veritas Capital Credit Opportunities Fund II SPV, L.L.C. (each a "Veritas Petitioning Creditor" and collectively, the "Veritas Petitioning Creditors") hereby submit this consolidated corporate ownership statement (this "Corporate Ownership Statement") in connection with the involuntary chapter 11 bankruptcy petition filed against Neuron Fuel, Inc. ("Neuron Fuel"). Each Veritas Petitioning Creditor is a separate and distinct lender under that certain Credit and Guaranty Agreement, dated as of November 24, 2021 by and among BYJU's Alpha, Inc., Think and Learn Private Limited ("Parent Guarantor"), certain subsidiaries of the Parent Guarantor (including, but not limited to, Neuron Fuel), each lender party thereto, and GLAS Trust Company LLC, as administrative agent and as collateral agent.  As set forth in more detail in Column D to Schedule 4-B, the Veritas Petitioning Creditors have no parent corporation and no publicly held corporation owns 10% or more of their respective stock.

### Declaration Under Penalty of Perjury

I, the undersigned authorized representative of the Veritas Petitioning Creditors, have authority to execute this Corporate Ownership Statement and the related involuntary bankruptcy

1

petition for Neuron Fuel on behalf of each Veritas Petitioning Creditor.  I declare under penalty of perjury that I have reviewed this Corporate Ownership Statement and **<u>Schedule 4-B</u>** attached hereto, and that all information contained therein is true and correct to the best of my knowledge, information and belief, with reliance on appropriate corporate officers.

*[Signature Page to Follow]*

2

Dated: May  29, 2024

_____

Name:          Mark Basile
Title:          President

*Veritas Capital Credit Opportunities Fund SPV, L.L.C.* and *Veritas Capital Credit Opportunities Fund II SPV, L.L.C.*

## **Schedule 4-B**

## **Claim Detail for Veritas Petitioning Creditors**

**Schedule 4-B** to Neuron Play, Inc. Involuntary Bankruptcy Petition
**Claim Detail for Veritas Petitioning Creditors**

| Name of Petitioning Creditor | Nature of Claim | Amount of the Claim Above the Value of Any Lien* | Corporate Entities Directly or Indirectly Owning 10% or More of Petitioning Creditor's Stock | Has There Been a Transfer of the Claim by or to the Petitioning Creditor? |
|---|---|---|---|---|
| Veritas Capital Credit Opportunities Fund II SPV, L.L.C. | Term loan holdings | $ ███████ | None | No |
| Veritas Capital Credit Opportunities Fund SPV, L.L.C. | Term loan holdings | $ ███████ | None | No |

*This amount represents the Petitioning Creditor's current total holdings under the Credit and Guaranty Agreement.  While such claim is secured, the Petitioning Creditor agrees individually, and the Petitioning Creditors agree jointly and severally, to cap their collective secured claim at an amount that is $18,600 less than the face amount of their collective claims.

## **Schedule 5-A**

**Corporate Ownership Statement for HGV BL SPV, LLC**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Neuron Fuel, Inc. | Case No. 24-_____ - (___) |
| Alleged Debtor. |  |

## CORPORATE OWNERSHIP STATEMENT OF HGV BL SPV, LLC

Pursuant to Rules 1010(b) and 7007-1 of the Federal Rules of Bankruptcy Procedure, HGV BL SPV, LLC (the "HGV Petitioning Creditor") hereby submits this corporate ownership statement (this "Corporate Ownership Statement") in connection with the involuntary chapter 11 bankruptcy petition filed against Neuron Fuel, Inc. ("Neuron Fuel"). The HGV Petitioning Creditor is a lender under that certain Credit and Guaranty Agreement, dated as of November 24, 2021 by and among BYJU's Alpha, Inc., Think and Learn Private Limited ("Parent Guarantor"), certain subsidiaries of the Parent Guarantor (including, but not limited to, Neuron Fuel), each lender party thereto, and GLAS Trust Company LLC, as administrative agent and as collateral agent. The HGV Petitioning Creditor is a wholly-owned subsidiary of HG Vora Special Opportunities Master Fund, Ltd., both of which are managed by HG Vora Capital Management, LLC ("HG Vora"). As set forth in Column D of **Schedule 5-B,** HG Vora Special Opportunities Master Fund, Ltd. is the HGV Petitioning Creditor's parent that directly or indirectly owns 10% or more of the HGV Petitioning Creditor's membership interests.

## Declaration Under Penalty of Perjury

I, the undersigned authorized representative of HG Vora Capital Management, LLC, have authority to execute this Corporate Ownership Statement and the related involuntary bankruptcy

1

petition for Neuron Fuel on behalf of the HGV Petitioning Creditor.  I declare under penalty of perjury that I have reviewed this Corporate Ownership Statement and **<u>Schedule 5-B</u>** attached hereto, and that all information contained therein is true and correct to the best of my knowledge, information and belief, with reliance on appropriate corporate officers.

*[Signature Page to Follow]*

2

Dated: June __3__, 2024

<div style="margin-left:40%;">

DocuSigned by:

_Mandy Lam_

C1A526510999540D...

Name:     Mandy Lam
Title:     General Counsel
Company:  HG Vora Capital Management, LLC

*On behalf of HGV BL SPV, LLC*

</div>

## Schedule 5-B

### Claim Detail for HGV BL SPV, LLC

**Schedule  5 -B** to Neuron Fuel, Inc.
**Involuntary Bankruptcy Petition**

**Claim Detail for HGV Petitioning Creditor**

| Name of HG Vora Petitioning Creditor | Nature of Claim | Amount of the Claim Above the Value of Any Lien* | Corporate Entities Directly or Indirectly Owning 10% or More of Petitioning Creditor's Stock | Has There Been a Transfer of the Claim by or to the Petitioning Creditor? |
|---|---|---|---|---|
| HGV BL SPV, LLC | Term loan holdings | $ ▮ | Petitioning Creditor is a wholly-owned, direct subsidiary of HG Vora Special Opportunities Master Fund, Ltd., which is managed by HG Vora Capital Management, LLC, its sole investment adviser | Yes |

\* This amount represents the Petitioning Creditor's current total holdings under the Credit and Guaranty Agreement.  While such claim is secured, the Petitioning Creditor agrees individually, and the Petitioning Creditors agree jointly and severally, to cap their collective secured claim at an amount that is $18,600 less than the face amount of their collective claims.

**<u>Schedule 5-C</u>**

**HGV BL SPV, LLC 1003(a) Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Neuron Fuel, Inc. | Case No. 24-_____ - (___) |
| Alleged Debtor. | |

**DECLARATION OF HG VORA CAPITAL MANAGEMENT, LLC ON BEHALF OF HGV BL SPV, LLC PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1003(a)**

Pursuant to 28 U.S.C. § 1746, I, Mandy Lam, declare as follows:

1.       I make this declaration on behalf of HGV BL SPV, LLC (the "HGV Petitioning Creditor") in the above-captioned involuntary chapter 11 case (the "Bankruptcy Case") filed by the HGV Petitioning Creditor and other petitioning creditors against alleged debtor Neuron Fuel, Inc. ("Neuron Fuel").  I am fully familiar with the facts set forth herein either through my own personal knowledge or through a review of documents related to the HGV Petitioning Creditor's claims against Neuron Fuel.  If called to testify in connection with the Bankruptcy Case, the following would constitute my testimony.

2.       I am the General Counsel of HG Vora Capital Management, LLC ("HG Vora").  The HGV Petitioning Creditor is a wholly-owned subsidiary of HG Vora Special Opportunities Master Fund, Ltd., both of which are managed by HG Vora.  I have authority to execute this declaration on behalf of the HGV Petitioning Creditor.

3.       As set forth more fully in Schedules 5-A and 5-B attached to the involuntary petition filed against Neuron Fuel, the HGV Petitioning Creditor holds a claim against Neuron Fuel based upon its holdings under that certain Credit and Guaranty Agreement dated as of November 24, 2021 (the "Credit Agreement"), by and among BYJU's Alpha, Inc., Think and

Learn Private Limited ("Parent Guarantor"), certain subsidiaries of the Parent Guarantor (including, but not limited to, Neuron Fuel), each lender party thereto, and GLAS Trust Company LLC, as administrative agent and as collateral agent.

4.      The HGV Petitioning Creditor's holdings under the Credit Agreement that are being relied upon for the purpose of satisfying the requirement of 11 U.S.C. § 303(b)(1) were acquired on May 24, 2024, as reflected in the documents attached hereto as **Exhibit A**.

5.      The HGV Petitioning Creditor did not acquire its claim for the purpose of commencing this case under the Bankruptcy Code.

6.      The HGV Petitioning Creditor acquired its claim from HG Vora Special Opportunities Master Fund, Ltd., another HG Vora-managed fund, which in turn acquired the claim on the open market for investment purposes.

7.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June __3__, 2024

DocuSigned by:

_Mandy Lam_

C1A52651099540D...

_____

Name:          Mandy Lam
Title:          General Counsel
Company:     HG Vora Capital Management, LLC

*On behalf of HGV BL SPV, LLC*

## Exhibit A

**HGV BL SPV, LLC Claim Transfer Supporting Documents**

# LSTA DISTRESSED TRADE CONFIRMATION

***To:*** **HGV BL SPV, LLC**
    ***Buyer MEI:*** ▇▇▇▇▇▇▇
    ***Attention:*** ▇▇▇▇▇
    ***Phone No.:*** ▇▇▇▇▇
    ***Fax No.:***
    ***Email:*** ▇▇▇▇▇▇▇▇

***From:*** **HG Vora Special Opportunities Master Fund, Ltd.**
    ***Seller MEI:*** ▇▇▇▇▇
    ***Attention:*** ▇▇▇▇▇
    ***Phone No.:*** ▇▇▇▇▇
    ***Fax No.:***
    ***Email:*** ▇▇▇▇▇▇▇

      We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Distressed Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of July 21, 2023, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | |
|---|---|
| **Trade Date:** | 05/17/2024 |
| **Seller:** | HG Vora Special Opportunities Master Fund, Ltd.   ☑ Principal   ☐ Agent |
| **Buyer:** | HGV BL SPV, LLC   ☑ Principal   ☐ Agent |
| **Credit Agreement:** | CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent. |
| **Borrower:** | BYJU's Alpha, Inc. |
| **Form of Purchase:** | Assignment |

**Purchase Amount /**
**Type of Debt:**

| | Purchase Amount | Type of Debt | Facility | CUSIP |
|---|---|---|---|---|
| USD | 106,210,244.65 | Term | Initial Term Loan | Y8800HAB6 |

LSTA EFFECTIVE July 21, 2023 Copyright © LSTA 2023. All rights reserved.

**Purchase Rate:** ▮▮▮▮▮ Initial Term Loan

**Accrued Interest:**
- ☐ Settled Without Accrued Interest
- ☑ Trades Flat
- ☐ Paid on Settlement Date

**Credit Documents
to be provided:** No

**LSTA Standard
Other Terms of Trade:**

☐ This Transaction shall be subject to the successful completion of the purchase by Seller of the Purchase Amount of the Debt to be sold to Buyer hereunder

☐ This Transaction shall be subject to the successful completion of the sale by Buyer of the Purchase Amount of the Debt to be purchased from Seller hereunder

☐ Flip representations shall apply (election is applicable only if Seller is a Riskless Principal (i.e., the first box above has been checked), the settlement of the sale of the Purchase Amount of the Debt to Buyer from Seller occurs no later than one (1) business day after the settlement of the purchase of the Purchase Amount of the Debt by Seller from Seller's immediate prior seller(s) and the other criteria specified in Section 11 of the Standard Terms and Conditions are met)

☐ Buyer shall be the Drafting Party

**Trade Specific
Other Terms of Trade:**

Recordation Fee is waived.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**Subject To:** Negotiation, execution and delivery of reasonably acceptable contracts and instruments of transfer in accordance herewith.

Please provide the signature of a duly authorized signatory where indicated below and return this letter to the attention of Khushi Bhatia at the following fax number or by email at khushi.bhatia1@spglobal.com.

If you have any questions, please contact Khushi Bhatia at 12124381573.

6313288001
LSTA EFFECTIVE July 21, 2023 Copyright © LSTA 2023. All rights reserved.

**HG Vora Special Opportunities Master Fund, Ltd.**
**By: HG Vora Capital Management LLC, as investment**
**adviser**

By: _____

    Name:  Philip Garthe

    Title:   Chief Operating Officer

**HGV BL SPV, LLC**

By: _____

    Name:  Philip Garthe

    Title:   Chief Operating Officer

LSTA EFFECTIVE July 21, 2023 Copyright © LSTA 2023. All rights reserved.

## ASSIGNMENT AND ASSUMPTION

This Assignment and Assumption (the "Assignment and Assumption") is dated as of the Effective Date set forth below and is entered into by and between HG Vora Special Opportunities Master Fund, Ltd. (the "Assignor") and HGV BL SPV, LLC (the "Assignee"). Capitalized terms used but not defined herein shall have the meanings given to them in the Credit and Guaranty Agreement identified below, receipt of a copy of which is hereby acknowledged by the Assignee. The Standard Terms and Conditions set forth in Annex I attached hereto (the "Standard Terms and Conditions") are hereby agreed to and incorporated herein by reference and made a part of this Assignment and Assumption as if set forth herein in full.

For an agreed consideration, the Assignor hereby irrevocably sells and assigns to the Assignee, and the Assignee hereby irrevocably purchases and assumes from the Assignor, subject to and in accordance with the Standard Terms and Conditions and the Credit Agreement, as of the Effective Date inserted by the Administrative Agent as contemplated below (i) all of the Assignor's rights and obligations in its capacity as a Lender under the Credit Agreement and any other documents or instruments delivered pursuant thereto to the extent related to the amount and percentage interest identified below of all of such outstanding rights and obligations of the Assignor under the facility identified below (including any guarantees included in such facility) and (ii) to the extent permitted to be assigned under applicable law, all claims, suits, causes of action and any other right of the Assignor (in its capacity as a Lender) against any Person, whether known or unknown, arising under or in connection with the Credit Agreement, any other documents or instruments delivered pursuant thereto or the loan transactions governed thereby or in any way based on or related to any of the foregoing, including contract claims, tort claims, malpractice claims, statutory claims and all other claims at law or in equity related to the rights and obligations sold and assigned pursuant to clause (i) above (the rights and obligations sold and assigned pursuant to clauses (i) and (ii) above being referred to herein collectively as the "Assigned Interest"). Such sale and assignment is without recourse to the Assignor and, except as expressly provided in this Assignment and Assumption, without representation or warranty by the Assignor

| | | |
|---|---|---|
| 1. | Assignor: | HG Vora Special Opportunities Master Fund, Ltd. |
| 2. | Assignee: | HGV BL SPV, LLC |
| 3. | Borrower: | BYJU's Alpha, Inc. (the "Borrower") |
| 4. | Administrative Agent: | GLAS Trust Company LLC, as the administrative agent under the Credit Agreement. |
| 5. | Credit Agreement: | Credit and Guaranty Agreement, dated as of November 24, 2021 (as amended, restated, amended and restated, supplemented, extended and/or otherwise modified from time to time, the "Credit Agreement"), among BYJU's Alpha, Inc. as the Borrower, the Guarantors from time to time party thereto, the Lenders from time to time party thereto, and GLAS Trust Company LLC as the Administrative Agent and the Collateral Agent. |

6.       Assigned Interest:

| Facility Assigned | Aggregate Amount of Term Loans for all Lenders | Amount of Terms Loans Assigned | Percentage Assigned of Term Loans |
|---|---|---|---|
| Initial Term Loan | USD 1,189,513,684.78 | USD 106,210,244.65 | 8.9288795925% |

    Effective Date:          May 24, 2024

The Assignee agrees to deliver to the Administrative Agent a completed Administrative Questionnaire in which the Assignee designates one or more credit contacts to whom all syndicate-level information (which may contain material non-public information about the Loan Parties and their Related Parties or their respective securities) will be made available and who may receive such information in accordance with the Assignee's compliance procedures and applicable laws, including Federal and state securities laws.

The terms set forth in this Assignment and Assumption are hereby agreed to:

ASSIGNOR

**HG VORA SPECIAL OPPORTUNITIES MASTER FUND, LTD., as Assignor**

**By: HG Vora Capital Management LLC, as investment adviser**

By: _____

Name: Philip Garthe

Title: Chief Operating Officer

ASSIGNEE

**HGV BL SPV, LLC, as Assignee**

By: _____

Name: Philip Garthe

Title: Chief Operating Officer

Consented to and Accepted:

**GLAS TRUST COMPANY LLC, as Administrative Agent**

By: _____

Name: Serena Harrell

Title: Authorized Signatory

Consented to:

**BYJU'S ALPHA, INC.**

By:    N/A
_____

Name:

Title:

## **Schedule 6**

**[Reserved]**

## **Schedule 7-A**

**Corporate Ownership Statement for Midtown Acquisitions L.P.**

## Schedule 7-A – No Corporate Ownership Statement Required
## for Midtown Acquisitions L.P.

Midtown Acquisitions L.P. is a limited partnership, which is not a corporation under 11 U.S.C. § 101(9). Accordingly, Midtown Acquisitions L.P. is exempt from the requirement to file a corporate ownership statement under Federal Rule of Bankruptcy Procedure 7007.1, which is made applicable through Federal Rule of Bankruptcy Procedure 1010(b).

**Schedule 7-B**

**Claim Detail for Midtown Acquisitions L.P.**

**Schedule 7-B** to Neuron Fuel, Inc. Involuntary Bankruptcy Petition
Claim Detail for Midtown Acquisitions L.P.

| Name of Petitioning Creditor | Nature of Claim | Amount of the Claim Above the Value of Any Lien* | Corporate Entities Directly or Indirectly Owning 10% or More of Petitioning Creditor's Stock | Has There Been a Transfer of the Claim by or to the Petitioning Creditor? |
|---|---|---|---|---|
| Midtown Acquisitions L.P. | Term loan holdings | $ ███████ | N/A - Limited Partnership | Yes |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

* This amount represents the Petitioning Creditor's current total holdings under the Credit and Guaranty Agreement.  While such claim is secured, the Petitioning Creditor agrees individually, and the Petitioning Creditors agree jointly and severally, to cap their collective secured claim at an amount that is $18,600 less than the face amount of their collective claims.

## **Schedule 7-C**

**Midtown Acquisitions L.P. 1003(a) Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Neuron Fuel, Inc. | Case No. 24-_____ - (___) |
| Alleged Debtor. | |

**DECLARATION OF MIDTOWN ACQUISITIONS GP LLC ON BEHALF OF
MIDTOWN ACQUISITIONS L.P. PURSUANT TO FEDERAL RULE OF
BANKRUPTCY PROCEDURE 1003(a)**

Pursuant to 28 U.S.C. § 1746, I, Shulamit Leviant, declare as follows:

1.    I make this declaration on behalf of Midtown Acquisitions L.P. ("Midtown Acquisitions") in the above-captioned involuntary chapter 11 case (the "Bankruptcy Case") filed by Midtown Acquisitions and other petitioning creditors against alleged debtor Neuron Fuel, Inc. ("Neuron Fuel").  I am fully familiar with the facts set forth herein either through my own personal knowledge or through a review of documents related to Midtown Acquisitions' claims against Neuron Fuel.  If called to testify in connection with the Bankruptcy Case, the following would constitute my testimony.

2.    I am an authorized signatory of Midtown Acquisitions GP LLC, the general partner of Midtown Acquisitions.  I have authority to execute this declaration on behalf of Midtown Acquisitions.

3.    As set forth more fully in Schedule 7-B attached to the involuntary petition filed against Neuron Fuel, Midtown Acquisitions holds a claim against Neuron Fuel based upon its holdings under that certain Credit and Guaranty Agreement dated as of November 24, 2021 (the "Credit Agreement"), by and among BYJU's Alpha, Inc., Think and Learn Private Limited ("Parent Guarantor"), certain subsidiaries of the Parent Guarantor (including, but not limited to,

Neuron Fuel), each lender party thereto, and GLAS Trust Company LLC, as administrative agent and as collateral agent.

4.      Midtown Acquisitions' holdings under the Credit Agreement that are being relied upon for the purpose of satisfying the requirement of 11 U.S.C. § 303(b)(1) were acquired between December 2021 and August 2023, as reflected in the documents attached hereto as **Exhibit A**.

5.      Midtown Acquisitions did not acquire its claim for the purpose of commencing this case under the Bankruptcy Code.

6.      Midtown Acquisitions acquired its claim on the open market for investment purposes.

7.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 4, 2024

_____

Name:          Shulamit Leviant
Title:          Authorized Signatory
Company:     Midtown Acquisitions GP LLC,
as general partner of Midtown Acquisitions L.P.

*On behalf of Midtown Acquisitions L.P.*

## **Exhibit A**

Midtown Acquisitions L.P. – Claim Transfer Supporting Documents

# ASSIGNMENT AND ASSUMPTION

This Assignment and Assumption (the "Assignment and Assumption") is dated as of the Effective Date set forth below and is entered into by and between JPMorgan Chase Bank, N.A. (the "Assignor") and Midtown Acquisitions L.P. (the "Assignee"). Capitalized terms used but not defined herein shall have the meanings given to them in the Credit and Guaranty Agreement identified below, receipt of a copy of which is hereby acknowledged by the Assignee. The Standard Terms and Conditions set forth in Annex I attached hereto (the "Standard Terms and Conditions") are hereby agreed to and incorporated herein by reference and made a part of this Assignment and Assumption as if set forth herein in full.

For an agreed consideration, the Assignor hereby irrevocably sells and assigns to the Assignee, and the Assignee hereby irrevocably purchases and assumes from the Assignor, subject to and in accordance with the Standard Terms and Conditions and the Credit Agreement, as of the Effective Date inserted by the Administrative Agent as contemplated below (i) all of the Assignor's rights and obligations in its capacity as a Lender under the Credit Agreement and any other documents or instruments delivered pursuant thereto to the extent related to the amount and percentage interest identified below of all of such outstanding rights and obligations of the Assignor under the facility identified below (including any guarantees included in such facility) and (ii) to the extent permitted to be assigned under applicable law, all claims, suits, causes of action and any other right of the Assignor (in its capacity as a Lender) against any Person, whether known or unknown, arising under or in connection with the Credit Agreement, any other documents or instruments delivered pursuant thereto or the loan transactions governed thereby or in any way based on or related to any of the foregoing, including contract claims, tort claims, malpractice claims, statutory claims and all other claims at law or in equity related to the rights and obligations sold and assigned pursuant to clause (i) above (the rights and obligations sold and assigned pursuant to clauses (i) and (ii) above being referred to herein collectively as the "Assigned Interest"). Such sale and assignment is without recourse to the Assignor and, except as expressly provided in this Assignment and Assumption, without representation or warranty by the Assignor

| | | |
|---|---|---|
| 1. | Assignor: | JPMorgan Chase Bank, N.A. |
| 2. | Assignee: | Midtown Acquisitions L.P. |
| 3. | Borrower: | BYJU's Alpha, Inc. (the "Borrower") |
| 4. | Administrative Agent: | GLAS Trust Company LLC, as the administrative agent under the Credit Agreement. |
| 5. | Credit Agreement: | Credit and Guaranty Agreement, dated as of November 24, 2021 (as amended, restated, amended and restated, supplemented, extended and/or otherwise modified from time to time, the "Credit Agreement"), among BYJU's Alpha, Inc. as the Borrower, the Guarantors from time to time party thereto, the Lenders from time to time party thereto, and GLAS Trust Company LLC as the Administrative Agent and the Collateral Agent. |

6.       Assigned Interest:

| Facility Assigned | Aggregate Amount of Term Loans for all Lenders | Amount of Terms Loans Assigned | Percentage Assigned of Term Loans |
|---|---|---|---|
| Initial Term Loan | USD 1,189,513,684.78 | ██████████ | ██████████ |

Effective Date:          August 31, 2023

The Assignee agrees to deliver to the Administrative Agent a completed Administrative Questionnaire in which the Assignee designates one or more credit contacts to whom all syndicate-level information (which may contain material non-public information about the Loan Parties and their Related Parties or their respective securities) will be made available and who may receive such information in accordance with the Assignee's compliance procedures and applicable laws, including Federal and state securities laws.

The terms set forth in this Assignment and Assumption are hereby agreed to:

ASSIGNOR

**JPMORGAN CHASE BANK, N.A., as Assignor**

By: _____

Name: Steven Blacker
Title: Authorized Signatory

ASSIGNEE

**MIDTOWN ACQUISITIONS L.P., as Assignee**
**By: Midtown Acquisitions GP LLC**

By: _____

Name: Jennifer Donovan
Title: Authorized Signatory

Consented to and Accepted:

**GLAS TRUST COMPANY LLC, as Administrative Agent**

By: _____

Name: Paige Bolus

Title: Client Service Associate

Consented to:

**BYJU'S ALPHA, INC.**

By: <u>   N/A   </u>_____

Name:

Title:

## ASSIGNMENT AND ASSUMPTION

With effect from August 16, 2023 (the "Amendment Effective Date"), this Assignment and Assumption dated September 19, 2023 (the "Assignment and Assumption") amends and restates the Assignment and Assumption with an Effective Date of August 16, 2023 (the "Prior Assignment and Assumption") set forth below and is entered into by and between Deutsche Bank AG, London Branch (the "Assignor") and Midtown Acquisitions L.P. (the "Assignee"). Capitalized terms used but not defined herein shall have the meanings given to them in the Credit and Guaranty Agreement identified below, receipt of a copy of which is hereby acknowledged by the Assignee. The Standard Terms and Conditions set forth in Annex I attached hereto (the "Standard Terms and Conditions") are hereby agreed to and incorporated herein by reference and made a part of this Assignment and Assumption as if set forth herein in full.

For an agreed consideration, the Assignor hereby irrevocably sells and assigns to the Assignee, and the Assignee hereby irrevocably purchases and assumes from the Assignor, subject to and in accordance with the Standard Terms and Conditions and the Credit Agreement, as of the Effective Date inserted by the Administrative Agent as contemplated below (i) all of the Assignor's rights and obligations in its capacity as a Lender under the Credit Agreement and any other documents or instruments delivered pursuant thereto to the extent related to the amount and percentage interest identified below of all of such outstanding rights and obligations of the Assignor under the facility identified below (including any guarantees included in such facility) and (ii) to the extent permitted to be assigned under applicable law, all claims, suits, causes of action and any other right of the Assignor (in its capacity as a Lender) against any Person, whether known or unknown, arising under or in connection with the Credit Agreement, any other documents or instruments delivered pursuant thereto or the loan transactions governed thereby or in any way based on or related to any of the foregoing, including contract claims, tort claims, malpractice claims, statutory claims and all other claims at law or in equity related to the rights and obligations sold and assigned pursuant to clause (i) above (the rights and obligations sold and assigned pursuant to clauses (i) and (ii) above being referred to herein collectively as the "Assigned Interest"). Such sale and assignment is without recourse to the Assignor and, except as expressly provided in this Assignment and Assumption, without representation or warranty by the Assignor

| | | |
|---|---|---|
| 1. | Assignor: | Deutsche Bank AG, London Branch |
| 2. | Assignee: | Midtown Acquisitions L.P. |
| 3. | Borrower: | BYJU's Alpha, Inc. (the "Borrower") |
| 4. | Administrative Agent: | GLAS Trust Company LLC, as the administrative agent under the Credit Agreement. |
| 5. | Credit Agreement: | Credit and Guaranty Agreement, dated as of November 24, 2021 (as amended, restated, amended and restated, supplemented, extended and/or otherwise modified from time to time, the "Credit Agreement"), among BYJU's Alpha, Inc. as the Borrower, the Guarantors from time to time party thereto, the Lenders from time to time party thereto, and GLAS Trust Company LLC as the Administrative Agent and the Collateral Agent. |

6.      Assigned Interest:

| Facility Assigned | Aggregate Amount of Term Loans for all Lenders | Amount of Terms Loans Assigned | Percentage Assigned of Term Loans |
|---|---|---|---|
| Initial Term Loan | USD 1,189,513,684.78 | ██████████ | ██████████ |

Effective Date:          August _16_, 2023

The Assignee agrees to deliver to the Administrative Agent a completed Administrative Questionnaire in which the Assignee designates one or more credit contacts to whom all syndicate-level information (which may contain material non-public information about the Loan Parties and their Related Parties or their respective securities) will be made available and who may receive such information in accordance with the Assignee's compliance procedures and applicable laws, including Federal and state securities laws.

The terms set forth in this Assignment and Assumption are hereby agreed to:

ASSIGNOR

**DEUTSCHE BANK AG, LONDON BRANCH , as Assignor**

By: _____

Name:

Title:
Ben Tsang
Director

By: _____

Name:

Title:
Jessie Liu
Director

ASSIGNEE

**Midtown Acquisitions L.P., as Assignee**

**By: Midtown Acquisitions GP LLC**

By: _____

Name: Jennifer E. Donovan

Title: Authorized Signatory

Consented to and Accepted:

**GLAS TRUST COMPANY LLC, as Administrative Agent**

By: _Serena Harrell_

Name: Serena Harrell
Title: Vice President

Consented to:

**BYJU'S ALPHA, INC.**

By: N/A

Name:

Title:

# ASSIGNMENT AND ASSUMPTION

This Assignment and Assumption (the "Assignment and Assumption") is dated as of the Effective Date set forth below and is entered into by and between JPMorgan Chase Bank, N.A. (the "Assignor") and Midtown Acquisitions L.P. (the "Assignee"). Capitalized terms used but not defined herein shall have the meanings given to them in the Credit and Guaranty Agreement identified below, receipt of a copy of which is hereby acknowledged by the Assignee. The Standard Terms and Conditions set forth in Annex I attached hereto (the "Standard Terms and Conditions") are hereby agreed to and incorporated herein by reference and made a part of this Assignment and Assumption as if set forth herein in full.

For an agreed consideration, the Assignor hereby irrevocably sells and assigns to the Assignee, and the Assignee hereby irrevocably purchases and assumes from the Assignor, subject to and in accordance with the Standard Terms and Conditions and the Credit Agreement, as of the Effective Date inserted by the Administrative Agent as contemplated below (i) all of the Assignor's rights and obligations in its capacity as a Lender under the Credit Agreement and any other documents or instruments delivered pursuant thereto to the extent related to the amount and percentage interest identified below of all of such outstanding rights and obligations of the Assignor under the facility identified below (including any guarantees included in such facility) and (ii) to the extent permitted to be assigned under applicable law, all claims, suits, causes of action and any other right of the Assignor (in its capacity as a Lender) against any Person, whether known or unknown, arising under or in connection with the Credit Agreement, any other documents or instruments delivered pursuant thereto or the loan transactions governed thereby or in any way based on or related to any of the foregoing, including contract claims, tort claims, malpractice claims, statutory claims and all other claims at law or in equity related to the rights and obligations sold and assigned pursuant to clause (i) above (the rights and obligations sold and assigned pursuant to clauses (i) and (ii) above being referred to herein collectively as the "Assigned Interest"). Such sale and assignment is without recourse to the Assignor and, except as expressly provided in this Assignment and Assumption, without representation or warranty by the Assignor

| | | |
|---|---|---|
| 1. | Assignor: | JPMorgan Chase Bank, N.A. |
| 2. | Assignee: | Midtown Acquisitions L.P. |
| 3. | Borrower: | BYJU's Alpha, Inc. (the "Borrower") |
| 4. | Administrative Agent: | GLAS Trust Company LLC, as the administrative agent under the Credit Agreement. |
| 5. | Credit Agreement: | Credit and Guaranty Agreement, dated as of November 24, 2021 (as amended, restated, amended and restated, supplemented, extended and/or otherwise modified from time to time, the "Credit Agreement"), among BYJU's Alpha, Inc. as the Borrower, the Guarantors from time to time party thereto, the Lenders from time to time party thereto, and GLAS Trust Company LLC as the Administrative Agent and the Collateral Agent. |

6.      Assigned Interest:

| Facility Assigned | Aggregate Amount of Term Loans for all Lenders | Amount of Terms Loans Assigned | Percentage Assigned of Term Loans |
|---|---|---|---|
| Initial Term Loan | USD 1,189,513,684.78 | ████████ | ████████ |

Effective Date:            June 26, 2023

The Assignee agrees to deliver to the Administrative Agent a completed Administrative Questionnaire in which the Assignee designates one or more credit contacts to whom all syndicate-level information (which may contain material non-public information about the Loan Parties and their Related Parties or their respective securities) will be made available and who may receive such information in accordance with the Assignee's compliance procedures and applicable laws, including Federal and state securities laws.

The terms set forth in this Assignment and Assumption are hereby agreed to:

ASSIGNOR

**JPMORGAN CHASE BANK, N.A., as Assignor**

By: _____

Name: Aaron Pieroni

Title: Authorized Signatory

ASSIGNEE

**MIDTOWN ACQUISITIONS L.P., as Assignee**

**By: Midtown Acquisitions GP LLC**

By: _____

Name: Jennifer Donovan

Title: Authorized Signatory

Consented to and Accepted:

**GLAS TRUST COMPANY LLC, as Administrative Agent**

By: _____

Name: Serena Harrell

Title: Authorized Signatory

Consented to:

**BYJU'S ALPHA, INC.**

By:  N/A _____

Name:

Title:

## ASSIGNMENT AND ASSUMPTION

This Assignment and Assumption (the "Assignment and Assumption") is dated as of the Effective Date set forth below and is entered into by and between Morgan Stanley Senior Funding, Inc. (the "Assignor") and Midtown Acquisitions L.P. (the "Assignee"). Capitalized terms used but not defined herein shall have the meanings given to them in the Credit and Guaranty Agreement identified below, receipt of a copy of which is hereby acknowledged by the Assignee. The Standard Terms and Conditions set forth in Annex I attached hereto (the "Standard Terms and Conditions") are hereby agreed to and incorporated herein by reference and made a part of this Assignment and Assumption as if set forth herein in full.

For an agreed consideration, the Assignor hereby irrevocably sells and assigns to the Assignee, and the Assignee hereby irrevocably purchases and assumes from the Assignor, subject to and in accordance with the Standard Terms and Conditions and the Credit Agreement, as of the Effective Date inserted by the Administrative Agent as contemplated below (i) all of the Assignor's rights and obligations in its capacity as a Lender under the Credit Agreement and any other documents or instruments delivered pursuant thereto to the extent related to the amount and percentage interest identified below of all of such outstanding rights and obligations of the Assignor under the facility identified below (including any guarantees included in such facility) and (ii) to the extent permitted to be assigned under applicable law, all claims, suits, causes of action and any other right of the Assignor (in its capacity as a Lender) against any Person, whether known or unknown, arising under or in connection with the Credit Agreement, any other documents or instruments delivered pursuant thereto or the loan transactions governed thereby or in any way based on or related to any of the foregoing, including contract claims, tort claims, malpractice claims, statutory claims and all other claims at law or in equity related to the rights and obligations sold and assigned pursuant to clause (i) above (the rights and obligations sold and assigned pursuant to clauses (i) and (ii) above being referred to herein collectively as the "Assigned Interest"). Such sale and assignment is without recourse to the Assignor and, except as expressly provided in this Assignment and Assumption, without representation or warranty by the Assignor

| | | |
|---|---|---|
| 1. | Assignor: | Morgan Stanley Senior Funding, Inc. |
| 2. | Assignee: | Midtown Acquisitions L.P. |
| 3. | Borrower: | BYJU's Alpha, Inc. (the "Borrower") |
| 4. | Administrative Agent: | GLAS Trust Company LLC, as the administrative agent under the Credit Agreement. |
| 5. | Credit Agreement: | Credit and Guaranty Agreement, dated as of November 24, 2021 (as amended, restated, amended and restated, supplemented, extended and/or otherwise modified from time to time, the "Credit Agreement"), among BYJU's Alpha, Inc. as the Borrower, the Guarantors from time to time party thereto, the Lenders from time to time party thereto, and GLAS Trust Company LLC as the Administrative Agent and the Collateral Agent. |

6.      Assigned Interest:

| Facility Assigned | Aggregate Amount of Term Loans for all Lenders | Amount of Terms Loans Assigned | Percentage Assigned of Term Loans |
|---|---|---|---|
| Initial Term Loan | USD 1,189,513,684.78 | ██████████ | ████████ |

Effective Date:        May 12, 2023

The Assignee agrees to deliver to the Administrative Agent a completed Administrative Questionnaire in which the Assignee designates one or more credit contacts to whom all syndicate-level information (which may contain material non-public information about the Loan Parties and their Related Parties or their respective securities) will be made available and who may receive such information in accordance with the Assignee's compliance procedures and applicable laws, including Federal and state securities laws.

The terms set forth in this Assignment and Assumption are hereby agreed to:

ASSIGNOR

**MORGAN STANLEY SENIOR FUNDING, INC., as Assignor**

By: _____

Name: Terence Lean
Title: Authorized Signatory

ASSIGNEE

**MIDTOWN ACQUISITIONS L.P., as Assignee**
**By: Midtown Acquisitions GP LLC**

By: _____

Name: Jennifer Donovan
Title: Authorized Signatory

Consented to and Accepted:

**GLAS TRUST COMPANY LLC, as Administrative Agent**

By: _____

Name: Serena Harrell
Title: Authorized Signatory

Consented to:

**BYJU'S ALPHA, INC.**

By:  N/A
   _____

Name:
Title:

## ASSIGNMENT AND ASSUMPTION

This Assignment and Assumption (the "Assignment and Assumption") is dated as of the Effective Date set forth below and is entered into by and between Morgan Stanley Senior Funding, Inc. (the "Assignor") and Midtown Acquisitions L.P. (the "Assignee"). Capitalized terms used but not defined herein shall have the meanings given to them in the Credit and Guaranty Agreement identified below, receipt of a copy of which is hereby acknowledged by the Assignee. The Standard Terms and Conditions set forth in Annex I attached hereto (the "Standard Terms and Conditions") are hereby agreed to and incorporated herein by reference and made a part of this Assignment and Assumption as if set forth herein in full.

For an agreed consideration, the Assignor hereby irrevocably sells and assigns to the Assignee, and the Assignee hereby irrevocably purchases and assumes from the Assignor, subject to and in accordance with the Standard Terms and Conditions and the Credit Agreement, as of the Effective Date inserted by the Administrative Agent as contemplated below (i) all of the Assignor's rights and obligations in its capacity as a Lender under the Credit Agreement and any other documents or instruments delivered pursuant thereto to the extent related to the amount and percentage interest identified below of all of such outstanding rights and obligations of the Assignor under the facility identified below (including any guarantees included in such facility) and (ii) to the extent permitted to be assigned under applicable law, all claims, suits, causes of action and any other right of the Assignor (in its capacity as a Lender) against any Person, whether known or unknown, arising under or in connection with the Credit Agreement, any other documents or instruments delivered pursuant thereto or the loan transactions governed thereby or in any way based on or related to any of the foregoing, including contract claims, tort claims, malpractice claims, statutory claims and all other claims at law or in equity related to the rights and obligations sold and assigned pursuant to clause (i) above (the rights and obligations sold and assigned pursuant to clauses (i) and (ii) above being referred to herein collectively as the "Assigned Interest"). Such sale and assignment is without recourse to the Assignor and, except as expressly provided in this Assignment and Assumption, without representation or warranty by the Assignor

| | | |
|---|---|---|
| 1. | Assignor: | Morgan Stanley Senior Funding, Inc. |
| 2. | Assignee: | Midtown Acquisitions L.P. |
| 3. | Borrower: | BYJU's Alpha, Inc. (the "Borrower") |
| 4. | Administrative Agent: | GLAS Trust Company LLC, as the administrative agent under the Credit Agreement. |
| 5. | Credit Agreement: | Credit and Guaranty Agreement, dated as of November 24, 2021 (as amended, restated, amended and restated, supplemented, extended and/or otherwise modified from time to time, the "Credit Agreement"), among BYJU's Alpha, Inc. as the Borrower, the Guarantors from time to time party thereto, the Lenders from time to time party thereto, and GLAS Trust Company LLC as the Administrative Agent and the Collateral Agent. |

6.       Assigned Interest:

| Facility Assigned | Aggregate Amount of Term Loans for all Lenders | Amount of Terms Loans Assigned | Percentage Assigned of Term Loans |
|---|---|---|---|
| Initial Term Loan | USD 1,189,513,684.78 | ███████████ | ███████████ |

Effective Date:          May 17, 2023

The Assignee agrees to deliver to the Administrative Agent a completed Administrative Questionnaire in which the Assignee designates one or more credit contacts to whom all syndicate-level information (which may contain material non-public information about the Loan Parties and their Related Parties or their respective securities) will be made available and who may receive such information in accordance with the Assignee's compliance procedures and applicable laws, including Federal and state securities laws.

The terms set forth in this Assignment and Assumption are hereby agreed to:

ASSIGNOR

**MORGAN STANLEY SENIOR FUNDING, INC., as Assignor**

By: _____

Name: Terence Lean

Title: Authorized Signatory

ASSIGNEE

**MIDTOWN ACQUISITIONS L.P., as Assignee**

**By: Midtown Acquisitions GP LLC**

By: _____

Name: Erica Vinson

Title: Authorized Signatory

Consented to and Accepted:

**GLAS TRUST COMPANY LLC, as Administrative
Agent**

By: _____

Name: Serena Harrell

Title: Authorized Signatory

Consented to:

**BYJU'S ALPHA, INC.**

By:   N/A  _____

Name:

Title:

## ASSIGNMENT AND ASSUMPTION

This Assignment and Assumption (the "Assignment and Assumption") is dated as of the Effective Date set forth below and is entered into by and between Morgan Stanley Bank, N.A. (the "Assignor") and Midtown Acquisitions L.P. (the "Assignee"). Capitalized terms used but not defined herein shall have the meanings given to them in the Credit and Guaranty Agreement identified below, receipt of a copy of which is hereby acknowledged by the Assignee. The Standard Terms and Conditions set forth in Annex I attached hereto (the "Standard Terms and Conditions") are hereby agreed to and incorporated herein by reference and made a part of this Assignment and Assumption as if set forth herein in full.

For an agreed consideration, the Assignor hereby irrevocably sells and assigns to the Assignee, and the Assignee hereby irrevocably purchases and assumes from the Assignor, subject to and in accordance with the Standard Terms and Conditions and the Credit Agreement, as of the Effective Date inserted by the Administrative Agent as contemplated below (i) all of the Assignor's rights and obligations in its capacity as a Lender under the Credit Agreement and any other documents or instruments delivered pursuant thereto to the extent related to the amount and percentage interest identified below of all of such outstanding rights and obligations of the Assignor under the facility identified below (including any guarantees included in such facility) and (ii) to the extent permitted to be assigned under applicable law, all claims, suits, causes of action and any other right of the Assignor (in its capacity as a Lender) against any Person, whether known or unknown, arising under or in connection with the Credit Agreement, any other documents or instruments delivered pursuant thereto or the loan transactions governed thereby or in any way based on or related to any of the foregoing, including contract claims, tort claims, malpractice claims, statutory claims and all other claims at law or in equity related to the rights and obligations sold and assigned pursuant to clause (i) above (the rights and obligations sold and assigned pursuant to clauses (i) and (ii) above being referred to herein collectively as the "Assigned Interest"). Such sale and assignment is without recourse to the Assignor and, except as expressly provided in this Assignment and Assumption, without representation or warranty by the Assignor

| | | |
|---|---|---|
| 1. | Assignor: | Morgan Stanley Bank, N.A. |
| 2. | Assignee: | Midtown Acquisitions L.P. |
| 3. | Borrower: | BYJU's Alpha, Inc. (the "Borrower") |
| 4. | Administrative Agent: | GLAS Trust Company LLC, as the administrative agent under the Credit Agreement. |
| 5. | Credit Agreement: | Credit and Guaranty Agreement, dated as of November 24, 2021 (as amended, restated, amended and restated, supplemented, extended and/or otherwise modified from time to time, the "Credit Agreement"), among BYJU's Alpha, Inc. as the Borrower, the Guarantors from time to time party thereto, the Lenders from time to time party thereto, and GLAS Trust Company LLC as the Administrative Agent and the Collateral Agent. |

6.    Assigned Interest:

| Facility Assigned | Aggregate Amount of Term Loans for all Lenders | Amount of Terms Loans Assigned | Percentage Assigned of Term Loans |
|---|---|---|---|
| Initial Term Loan | USD 1,189,513,684.78 | ██████████ | ██████████ |

Effective Date:        May 17, 2023

The Assignee agrees to deliver to the Administrative Agent a completed Administrative Questionnaire in which the Assignee designates one or more credit contacts to whom all syndicate-level information (which may contain material non-public information about the Loan Parties and their Related Parties or their respective securities) will be made available and who may receive such information in accordance with the Assignee's compliance procedures and applicable laws, including Federal and state securities laws.

The terms set forth in this Assignment and Assumption are hereby agreed to:

ASSIGNOR

**MORGAN STANLEY BANK, N.A., as Assignor**

By: _____

Name: Terence Lean
Title: Authorized Signatory

ASSIGNEE

**MIDTOWN ACQUISITIONS L.P., as Assignee**
**By: Midtown Acquisitions GP LLC**

By: _____

Name: Jennifer Donovan
Title: Authorized Signatory

Consented to and Accepted:

**GLAS TRUST COMPANY LLC, as Administrative Agent**

By: _____

Name: Serena Harrell

Title: Authorized Signatory

Consented to:

**BYJU'S ALPHA, INC.**

By:   N/A   _____

Name:

Title:

# ASSIGNMENT AND ASSUMPTION

This Assignment and Assumption (the "Assignment and Assumption") is dated as of the Effective Date set forth below and is entered into by and between JPMorgan Chase Bank, N.A. (the "Assignor") and Midtown Acquisitions L.P. (the "Assignee"). Capitalized terms used but not defined herein shall have the meanings given to them in the Credit and Guaranty Agreement identified below, receipt of a copy of which is hereby acknowledged by the Assignee. The Standard Terms and Conditions set forth in Annex I attached hereto (the "Standard Terms and Conditions") are hereby agreed to and incorporated herein by reference and made a part of this Assignment and Assumption as if set forth herein in full.

For an agreed consideration, the Assignor hereby irrevocably sells and assigns to the Assignee, and the Assignee hereby irrevocably purchases and assumes from the Assignor, subject to and in accordance with the Standard Terms and Conditions and the Credit Agreement, as of the Effective Date inserted by the Administrative Agent as contemplated below (i) all of the Assignor's rights and obligations in its capacity as a Lender under the Credit Agreement and any other documents or instruments delivered pursuant thereto to the extent related to the amount and percentage interest identified below of all of such outstanding rights and obligations of the Assignor under the facility identified below (including any guarantees included in such facility) and (ii) to the extent permitted to be assigned under applicable law, all claims, suits, causes of action and any other right of the Assignor (in its capacity as a Lender) against any Person, whether known or unknown, arising under or in connection with the Credit Agreement, any other documents or instruments delivered pursuant thereto or the loan transactions governed thereby or in any way based on or related to any of the foregoing, including contract claims, tort claims, malpractice claims, statutory claims and all other claims at law or in equity related to the rights and obligations sold and assigned pursuant to clause (i) above (the rights and obligations sold and assigned pursuant to clauses (i) and (ii) above being referred to herein collectively as the "Assigned Interest"). Such sale and assignment is without recourse to the Assignor and, except as expressly provided in this Assignment and Assumption, without representation or warranty by the Assignor

| | | |
|---|---|---|
| 1. | Assignor: | JPMorgan Chase Bank, N.A. |
| 2. | Assignee: | Midtown Acquisitions L.P. |
| 3. | Borrower: | BYJU's Alpha, Inc. (the "Borrower") |
| 4. | Administrative Agent: | GLAS Trust Company LLC, as the administrative agent under the Credit Agreement. |
| 5. | Credit Agreement: | Credit and Guaranty Agreement, dated as of November 24, 2021 (as amended, restated, amended and restated, supplemented, extended and/or otherwise modified from time to time, the "Credit Agreement"), among BYJU's Alpha, Inc. as the Borrower, the Guarantors from time to time party thereto, the Lenders from time to time party thereto, and GLAS Trust Company LLC as the Administrative Agent and the Collateral Agent. |

6.    Assigned Interest:

| Facility Assigned | Aggregate Amount of Term Loans for all Lenders | Amount of Terms Loans Assigned | Percentage Assigned of Term Loans |
|---|---|---|---|
| Initial Term Loan | USD 1,189,513,684.78 | ██████████ | ██████████ |

Effective Date:    August 31, 2023

The Assignee agrees to deliver to the Administrative Agent a completed Administrative Questionnaire in which the Assignee designates one or more credit contacts to whom all syndicate-level information (which may contain material non-public information about the Loan Parties and their Related Parties or their respective securities) will be made available and who may receive such information in accordance with the Assignee's compliance procedures and applicable laws, including Federal and state securities laws.

The terms set forth in this Assignment and Assumption are hereby agreed to:

ASSIGNOR

**JPMORGAN CHASE BANK, N.A., as Assignor**

By: _____

Name: Tyler Warrington
Title: Authorized Signatory

ASSIGNEE

**MIDTOWN ACQUISITIONS L.P., as Assignee**
**By: Midtown Acquisitions GP LLC**

By: _____

Name: Jennifer Donovan
Title: Authorized Signatory

Consented to and Accepted:

**GLAS TRUST COMPANY LLC, as Administrative Agent**

By: _____

Name: Paige Bolus

Title: Client Service Associate

Consented to:

**BYJU'S ALPHA, INC.**

By:  N/A _____

Name:

Title:

## ASSIGNMENT AND ASSUMPTION

This Assignment and Assumption (the "Assignment and Assumption") is dated as of the Effective Date set forth below and is entered into by and between Morgan Stanley Bank, N.A. (the "Assignor") and Midtown Acquisitions L.P. (the "Assignee"). Capitalized terms used but not defined herein shall have the meanings given to them in the Credit and Guaranty Agreement identified below, receipt of a copy of which is hereby acknowledged by the Assignee. The Standard Terms and Conditions set forth in Annex I attached hereto (the "Standard Terms and Conditions") are hereby agreed to and incorporated herein by reference and made a part of this Assignment and Assumption as if set forth herein in full.

For an agreed consideration, the Assignor hereby irrevocably sells and assigns to the Assignee, and the Assignee hereby irrevocably purchases and assumes from the Assignor, subject to and in accordance with the Standard Terms and Conditions and the Credit Agreement, as of the Effective Date inserted by the Administrative Agent as contemplated below (i) all of the Assignor's rights and obligations in its capacity as a Lender under the Credit Agreement and any other documents or instruments delivered pursuant thereto to the extent related to the amount and percentage interest identified below of all of such outstanding rights and obligations of the Assignor under the facility identified below (including any guarantees included in such facility) and (ii) to the extent permitted to be assigned under applicable law, all claims, suits, causes of action and any other right of the Assignor (in its capacity as a Lender) against any Person, whether known or unknown, arising under or in connection with the Credit Agreement, any other documents or instruments delivered pursuant thereto or the loan transactions governed thereby or in any way based on or related to any of the foregoing, including contract claims, tort claims, malpractice claims, statutory claims and all other claims at law or in equity related to the rights and obligations sold and assigned pursuant to clause (i) above (the rights and obligations sold and assigned pursuant to clauses (i) and (ii) above being referred to herein collectively as the "Assigned Interest"). Such sale and assignment is without recourse to the Assignor and, except as expressly provided in this Assignment and Assumption, without representation or warranty by the Assignor

| | | |
|---|---|---|
| 1. | Assignor: | Morgan Stanley Bank, N.A. |
| 2. | Assignee: | Midtown Acquisitions L.P. |
| 3. | Borrower: | BYJU's Alpha, Inc. (the "Borrower") |
| 4. | Administrative Agent: | GLAS Trust Company LLC, as the administrative agent under the Credit Agreement. |
| 5. | Credit Agreement: | Credit and Guaranty Agreement, dated as of November 24, 2021 (as amended, restated, amended and restated, supplemented, extended and/or otherwise modified from time to time, the "Credit Agreement"), among BYJU's Alpha, Inc. as the Borrower, the Guarantors from time to time party thereto, the Lenders from time to time party thereto, and GLAS Trust Company LLC as the Administrative Agent and the Collateral Agent. |

6.    Assigned Interest:

| Facility Assigned | Aggregate Amount of Term Loans for all Lenders | Amount of Terms Loans Assigned | Percentage Assigned of Term Loans |
|---|---|---|---|
| Initial Term Loan | USD 1,192,513,684.78 | ███████████ | ███████████ |

Effective Date:        March 14, 2023

The Assignee agrees to deliver to the Administrative Agent a completed Administrative Questionnaire in which the Assignee designates one or more credit contacts to whom all syndicate-level information (which may contain material non-public information about the Loan Parties and their Related Parties or their respective securities) will be made available and who may receive such information in accordance with the Assignee's compliance procedures and applicable laws, including Federal and state securities laws.

The terms set forth in this Assignment and Assumption are hereby agreed to:

ASSIGNOR

**MORGAN STANLEY BANK, N.A., as Assignor**

By: _____

Name: Terence Lean
Title: Authorized Signatory

ASSIGNEE

**MIDTOWN ACQUISITIONS L.P., as Assignee**
**By: Midtown Acquisitions GP LLC**

By: _____

Name: Jennifer Donovan
Title: Authorized Signatory

Consented to and Accepted:

**GLAS TRUST COMPANY LLC, as Administrative Agent**

By: _____

Name: Serena Harrell

Title: Authorized Signatory

Consented to:

**BYJU'S ALPHA, INC.**

By:   N/A _____

Name:

Title:

## ASSIGNMENT AND ASSUMPTION

This Assignment and Assumption (the "Assignment and Assumption") is dated as of the Effective Date set forth below and is entered into by and between JPMorgan Chase Bank, N.A. (the "Assignor") and Midtown Acquisitions L.P. (the "Assignee"). Capitalized terms used but not defined herein shall have the meanings given to them in the Credit and Guaranty Agreement identified below, receipt of a copy of which is hereby acknowledged by the Assignee. The Standard Terms and Conditions set forth in Annex I attached hereto (the "Standard Terms and Conditions") are hereby agreed to and incorporated herein by reference and made a part of this Assignment and Assumption as if set forth herein in full.

For an agreed consideration, the Assignor hereby irrevocably sells and assigns to the Assignee, and the Assignee hereby irrevocably purchases and assumes from the Assignor, subject to and in accordance with the Standard Terms and Conditions and the Credit Agreement, as of the Effective Date inserted by the Administrative Agent as contemplated below (i) all of the Assignor's rights and obligations in its capacity as a Lender under the Credit Agreement and any other documents or instruments delivered pursuant thereto to the extent related to the amount and percentage interest identified below of all of such outstanding rights and obligations of the Assignor under the facility identified below (including any guarantees included in such facility) and (ii) to the extent permitted to be assigned under applicable law, all claims, suits, causes of action and any other right of the Assignor (in its capacity as a Lender) against any Person, whether known or unknown, arising under or in connection with the Credit Agreement, any other documents or instruments delivered pursuant thereto or the loan transactions governed thereby or in any way based on or related to any of the foregoing, including contract claims, tort claims, malpractice claims, statutory claims and all other claims at law or in equity related to the rights and obligations sold and assigned pursuant to clause (i) above (the rights and obligations sold and assigned pursuant to clauses (i) and (ii) above being referred to herein collectively as the "Assigned Interest"). Such sale and assignment is without recourse to the Assignor and, except as expressly provided in this Assignment and Assumption, without representation or warranty by the Assignor

1.      Assignor:                         JPMorgan Chase Bank, N.A.

2.      Assignee:                         Midtown Acquisitions L.P.

3.      Borrower:                         BYJU's Alpha, Inc. (the "Borrower")

4.      Administrative Agent:             GLAS Trust Company LLC, as the administrative agent under the Credit Agreement.

5.      Credit Agreement:                 Credit and Guaranty Agreement, dated as of November 24, 2021 (as amended, restated, amended and restated, supplemented, extended and/or otherwise modified from time to time, the "Credit Agreement"), among BYJU's Alpha, Inc. as the Borrower, the Guarantors from time to time party thereto, the Lenders from time to time party thereto, and GLAS Trust Company LLC as the Administrative Agent and the Collateral Agent.

6.      Assigned Interest:

| Facility Assigned | Aggregate Amount of Term Loans for all Lenders | Amount of Terms Loans Assigned | Percentage Assigned of Term Loans |
|---|---|---|---|
| Initial Term Loan | USD 1,192,513,684.78 | ███████████ | ██████████ |

Effective Date:          March 14, 2023

The Assignee agrees to deliver to the Administrative Agent a completed Administrative Questionnaire in which the Assignee designates one or more credit contacts to whom all syndicate-level information (which may contain material non-public information about the Loan Parties and their Related Parties or their respective securities) will be made available and who may receive such information in accordance with the Assignee's compliance procedures and applicable laws, including Federal and state securities laws.

The terms set forth in this Assignment and Assumption are hereby agreed to:

ASSIGNOR

**JPMORGAN CHASE BANK, N.A., as Assignor**

By: _____

Name: Tyler Warrington

Title: Authorized Signatory

ASSIGNEE

**MIDTOWN ACQUISITIONS L.P., as Assignee**
**By: Midtown Acquisitions GP LLC**

By: _____

Name: Erica Vinson

Title: Authorized Signatory

Consented to and Accepted:

**GLAS TRUST COMPANY LLC, as Administrative Agent**

By: _____

Name: Serena Harrell

Title: Authorized Signatory

Consented to:

**BYJU'S ALPHA, INC.**

By:  N/A  _____

Name:

Title:

## ASSIGNMENT AND ASSUMPTION

This Assignment and Assumption (the "Assignment and Assumption") is dated as of the Effective Date set forth below and is entered into by and between Morgan Stanley Bank, N.A. (the "Assignor") and Midtown Acquisitions L.P. (the "Assignee"). Capitalized terms used but not defined herein shall have the meanings given to them in the Credit and Guaranty Agreement identified below, receipt of a copy of which is hereby acknowledged by the Assignee. The Standard Terms and Conditions set forth in Annex I attached hereto (the "Standard Terms and Conditions") are hereby agreed to and incorporated herein by reference and made a part of this Assignment and Assumption as if set forth herein in full.

For an agreed consideration, the Assignor hereby irrevocably sells and assigns to the Assignee, and the Assignee hereby irrevocably purchases and assumes from the Assignor, subject to and in accordance with the Standard Terms and Conditions and the Credit Agreement, as of the Effective Date inserted by the Administrative Agent as contemplated below (i) all of the Assignor's rights and obligations in its capacity as a Lender under the Credit Agreement and any other documents or instruments delivered pursuant thereto to the extent related to the amount and percentage interest identified below of all of such outstanding rights and obligations of the Assignor under the facility identified below (including any guarantees included in such facility) and (ii) to the extent permitted to be assigned under applicable law, all claims, suits, causes of action and any other right of the Assignor (in its capacity as a Lender) against any Person, whether known or unknown, arising under or in connection with the Credit Agreement, any other documents or instruments delivered pursuant thereto or the loan transactions governed thereby or in any way based on or related to any of the foregoing, including contract claims, tort claims, malpractice claims, statutory claims and all other claims at law or in equity related to the rights and obligations sold and assigned pursuant to clause (i) above (the rights and obligations sold and assigned pursuant to clauses (i) and (ii) above being referred to herein collectively as the "Assigned Interest"). Such sale and assignment is without recourse to the Assignor and, except as expressly provided in this Assignment and Assumption, without representation or warranty by the Assignor

| | | |
|---|---|---|
| 1. | Assignor: | Morgan Stanley Bank, N.A. |
| 2. | Assignee: | Midtown Acquisitions L.P. |
| 3. | Borrower: | BYJU's Alpha, Inc. (the "Borrower") |
| 4. | Administrative Agent: | GLAS Trust Company LLC, as the administrative agent under the Credit Agreement. |
| 5. | Credit Agreement: | Credit and Guaranty Agreement, dated as of November 24, 2021 (as amended, restated, amended and restated, supplemented, extended and/or otherwise modified from time to time, the "Credit Agreement"), among BYJU's Alpha, Inc. as the Borrower, the Guarantors from time to time party thereto, the Lenders from time to time party thereto, and GLAS Trust Company LLC as the Administrative Agent and the Collateral Agent. |

6.      Assigned Interest:

| Facility Assigned | Aggregate Amount of Term Loans for all Lenders | Amount of Terms Loans Assigned | Percentage Assigned of Term Loans |
|---|---|---|---|
| Initial Term Loan | USD 1,189,513,684.78 | ███████████ | ███████████ |

Effective Date:         May 12, 2023

The Assignee agrees to deliver to the Administrative Agent a completed Administrative Questionnaire in which the Assignee designates one or more credit contacts to whom all syndicate-level information (which may contain material non-public information about the Loan Parties and their Related Parties or their respective securities) will be made available and who may receive such information in accordance with the Assignee's compliance procedures and applicable laws, including Federal and state securities laws.

The terms set forth in this Assignment and Assumption are hereby agreed to:

ASSIGNOR

**MORGAN STANLEY BANK, N.A., as Assignor**

By: _____

Name: Terence Lean

Title: Authorized Signatory

ASSIGNEE

**MIDTOWN ACQUISITIONS L.P., as Assignee**

**By: Midtown Acquisitions GP LLC**

By: _____

Name: Jennifer Donovan

Title: Authorized Signatory

Consented to and Accepted:

**GLAS TRUST COMPANY LLC, as Administrative
Agent**

By: _____

Name: Serena Harrell

Title: Authorized Signatory

Consented to:

**BYJU'S ALPHA, INC.**

By:   N/A
   _____

Name:

Title:

## ASSIGNMENT AND ASSUMPTION

This Assignment and Assumption (the "Assignment and Assumption") is dated as of the Effective Date set forth below and is entered into by and between Morgan Stanley Bank, N.A. (the "Assignor") and Midtown Acquisitions L.P. (the "Assignee"). Capitalized terms used but not defined herein shall have the meanings given to them in the Credit and Guaranty Agreement identified below, receipt of a copy of which is hereby acknowledged by the Assignee. The Standard Terms and Conditions set forth in Annex I attached hereto (the "Standard Terms and Conditions") are hereby agreed to and incorporated herein by reference and made a part of this Assignment and Assumption as if set forth herein in full.

For an agreed consideration, the Assignor hereby irrevocably sells and assigns to the Assignee, and the Assignee hereby irrevocably purchases and assumes from the Assignor, subject to and in accordance with the Standard Terms and Conditions and the Credit Agreement, as of the Effective Date inserted by the Administrative Agent as contemplated below (i) all of the Assignor's rights and obligations in its capacity as a Lender under the Credit Agreement and any other documents or instruments delivered pursuant thereto to the extent related to the amount and percentage interest identified below of all of such outstanding rights and obligations of the Assignor under the facility identified below (including any guarantees included in such facility) and (ii) to the extent permitted to be assigned under applicable law, all claims, suits, causes of action and any other right of the Assignor (in its capacity as a Lender) against any Person, whether known or unknown, arising under or in connection with the Credit Agreement, any other documents or instruments delivered pursuant thereto or the loan transactions governed thereby or in any way based on or related to any of the foregoing, including contract claims, tort claims, malpractice claims, statutory claims and all other claims at law or in equity related to the rights and obligations sold and assigned pursuant to clause (i) above (the rights and obligations sold and assigned pursuant to clauses (i) and (ii) above being referred to herein collectively as the "Assigned Interest"). Such sale and assignment is without recourse to the Assignor and, except as expressly provided in this Assignment and Assumption, without representation or warranty by the Assignor

| | | |
|---|---|---|
| 1. | Assignor: | Morgan Stanley Bank, N.A. |
| 2. | Assignee: | Midtown Acquisitions L.P. |
| 3. | Borrower: | BYJU's Alpha, Inc. (the "Borrower") |
| 4. | Administrative Agent: | GLAS Trust Company LLC, as the administrative agent under the Credit Agreement. |
| 5. | Credit Agreement: | Credit and Guaranty Agreement, dated as of November 24, 2021 (as amended, restated, amended and restated, supplemented, extended and/or otherwise modified from time to time, the "Credit Agreement"), among BYJU's Alpha, Inc. as the Borrower, the Guarantors from time to time party thereto, the Lenders from time to time party thereto, and GLAS Trust Company LLC as the Administrative Agent and the Collateral Agent. |

1

6.      Assigned Interest:

| Facility Assigned | Aggregate Amount of Term Loans for all Lenders | Amount of Terms Loans Assigned | Percentage Assigned of Term Loans |
|---|---|---|---|
| Initial Term Loan | USD 1,189,513,684.78 | ██████████ | ██████████ |

Effective Date:          May 17, 2023

The Assignee agrees to deliver to the Administrative Agent a completed Administrative Questionnaire in which the Assignee designates one or more credit contacts to whom all syndicate-level information (which may contain material non-public information about the Loan Parties and their Related Parties or their respective securities) will be made available and who may receive such information in accordance with the Assignee's compliance procedures and applicable laws, including Federal and state securities laws.

The terms set forth in this Assignment and Assumption are hereby agreed to:

ASSIGNOR

**MORGAN STANLEY BANK, N.A., as Assignor**

By: _____

Name: Terence Lean

Title: Authorized Signatory

ASSIGNEE

**MIDTOWN ACQUISITIONS L.P., as Assignee**

**By: Midtown Acquisitions GP LLC**

By: _____

Name: Erica Vinson

Title: Authorized Signatory

Consented to and Accepted:

**GLAS TRUST COMPANY LLC, as Administrative Agent**

By: _____

Name: Serena Harrell

Title: Authorized Signatory

Consented to:

**BYJU'S ALPHA, INC.**

By:   N/A_____

Name:

Title:

5627520

4

## ASSIGNMENT AND ASSUMPTION

This Assignment and Assumption (the "Assignment and Assumption") is dated as of the Effective Date set forth below and is entered into by and between JPMorgan Chase Bank, N.A. (the "Assignor") and Midtown Acquisitions L.P. (the "Assignee"). Capitalized terms used but not defined herein shall have the meanings given to them in the Credit and Guaranty Agreement identified below, receipt of a copy of which is hereby acknowledged by the Assignee. The Standard Terms and Conditions set forth in Annex I attached hereto (the "Standard Terms and Conditions") are hereby agreed to and incorporated herein by reference and made a part of this Assignment and Assumption as if set forth herein in full.

For an agreed consideration, the Assignor hereby irrevocably sells and assigns to the Assignee, and the Assignee hereby irrevocably purchases and assumes from the Assignor, subject to and in accordance with the Standard Terms and Conditions and the Credit Agreement, as of the Effective Date inserted by the Administrative Agent as contemplated below (i) all of the Assignor's rights and obligations in its capacity as a Lender under the Credit Agreement and any other documents or instruments delivered pursuant thereto to the extent related to the amount and percentage interest identified below of all of such outstanding rights and obligations of the Assignor under the facility identified below (including any guarantees included in such facility) and (ii) to the extent permitted to be assigned under applicable law, all claims, suits, causes of action and any other right of the Assignor (in its capacity as a Lender) against any Person, whether known or unknown, arising under or in connection with the Credit Agreement, any other documents or instruments delivered pursuant thereto or the loan transactions governed thereby or in any way based on or related to any of the foregoing, including contract claims, tort claims, malpractice claims, statutory claims and all other claims at law or in equity related to the rights and obligations sold and assigned pursuant to clause (i) above (the rights and obligations sold and assigned pursuant to clauses (i) and (ii) above being referred to herein collectively as the "Assigned Interest"). Such sale and assignment is without recourse to the Assignor and, except as expressly provided in this Assignment and Assumption, without representation or warranty by the Assignor

| | | |
|---|---|---|
| 1. | Assignor: | JPMorgan Chase Bank, N.A. |
| 2. | Assignee: | Midtown Acquisitions L.P. |
| 3. | Borrower: | BYJU's Alpha, Inc. (the "Borrower") |
| 4. | Administrative Agent: | GLAS Trust Company LLC, as the administrative agent under the Credit Agreement. |
| 5. | Credit Agreement: | Credit and Guaranty Agreement, dated as of November 24, 2021 (as amended, restated, amended and restated, supplemented, extended and/or otherwise modified from time to time, the "Credit Agreement"), among BYJU's Alpha, Inc. as the Borrower, the Guarantors from time to time party thereto, the Lenders from time to time party thereto, and GLAS Trust Company LLC as the Administrative Agent and the Collateral Agent. |

6.      Assigned Interest:

| Facility Assigned | Aggregate Amount of Term Loans for all Lenders | Amount of Terms Loans Assigned | Percentage Assigned of Term Loans |
|---|---|---|---|
| Initial Term Loan | USD 1,192,513,684.78 | ███████████ | ███████████ |

Effective Date:            March 8, 2023

The Assignee agrees to deliver to the Administrative Agent a completed Administrative Questionnaire in which the Assignee designates one or more credit contacts to whom all syndicate-level information (which may contain material non-public information about the Loan Parties and their Related Parties or their respective securities) will be made available and who may receive such information in accordance with the Assignee's compliance procedures and applicable laws, including Federal and state securities laws.

The terms set forth in this Assignment and Assumption are hereby agreed to:

ASSIGNOR

**JPMORGAN CHASE BANK, N.A., as Assignor**


By: _____

Name: Steven Blacker

Title: Authorized Signatory

ASSIGNEE

**MIDTOWN ACQUISITIONS L.P., as Assignee**

**By: Midtown Acquisitions GP LLC**


By: _____

Name: Jennifer Donovan

Title: Authorized Signatory

Consented to and Accepted:

**GLAS TRUST COMPANY LLC, as Administrative Agent**

By: _____

Name: Serena Harrell

Title: Authorized Signatory

Consented to:

**BYJU'S ALPHA, INC.**

By:    N/A _____

Name:

Title:

## ASSIGNMENT AND ASSUMPTION

This Assignment and Assumption (the "Assignment and Assumption") is dated as of the Effective Date set forth below and is entered into by and between JPMorgan Chase Bank, N.A. (the "Assignor") and Midtown Acquisitions L.P. (the "Assignee"). Capitalized terms used but not defined herein shall have the meanings given to them in the Credit and Guaranty Agreement identified below, receipt of a copy of which is hereby acknowledged by the Assignee. The Standard Terms and Conditions set forth in Annex I attached hereto (the "Standard Terms and Conditions") are hereby agreed to and incorporated herein by reference and made a part of this Assignment and Assumption as if set forth herein in full.

For an agreed consideration, the Assignor hereby irrevocably sells and assigns to the Assignee, and the Assignee hereby irrevocably purchases and assumes from the Assignor, subject to and in accordance with the Standard Terms and Conditions and the Credit Agreement, as of the Effective Date inserted by the Administrative Agent as contemplated below (i) all of the Assignor's rights and obligations in its capacity as a Lender under the Credit Agreement and any other documents or instruments delivered pursuant thereto to the extent related to the amount and percentage interest identified below of all of such outstanding rights and obligations of the Assignor under the facility identified below (including any guarantees included in such facility) and (ii) to the extent permitted to be assigned under applicable law, all claims, suits, causes of action and any other right of the Assignor (in its capacity as a Lender) against any Person, whether known or unknown, arising under or in connection with the Credit Agreement, any other documents or instruments delivered pursuant thereto or the loan transactions governed thereby or in any way based on or related to any of the foregoing, including contract claims, tort claims, malpractice claims, statutory claims and all other claims at law or in equity related to the rights and obligations sold and assigned pursuant to clause (i) above (the rights and obligations sold and assigned pursuant to clauses (i) and (ii) above being referred to herein collectively as the "Assigned Interest"). Such sale and assignment is without recourse to the Assignor and, except as expressly provided in this Assignment and Assumption, without representation or warranty by the Assignor

| | | |
|---|---|---|
| 1. | Assignor: | JPMorgan Chase Bank, N.A. |
| 2. | Assignee: | Midtown Acquisitions L.P. |
| 3. | Borrower: | BYJU's Alpha, Inc. (the "Borrower") |
| 4. | Administrative Agent: | GLAS Trust Company LLC, as the administrative agent under the Credit Agreement. |
| 5. | Credit Agreement: | Credit and Guaranty Agreement, dated as of November 24, 2021 (as amended, restated, amended and restated, supplemented, extended and/or otherwise modified from time to time, the "Credit Agreement"), among BYJU's Alpha, Inc. as the Borrower, the Guarantors from time to time party thereto, the Lenders from time to time party thereto, and GLAS Trust Company LLC as the Administrative Agent and the Collateral Agent. |

6.        Assigned Interest:

| Facility Assigned | Aggregate Amount of Term Loans for all Lenders | Amount of Terms Loans Assigned | Percentage Assigned of Term Loans |
|---|---|---|---|
| Initial Term Loan | USD 1,192,513,684.78 | ███████████ | ███████████ |

        Effective Date:              March 10, 2023

The Assignee agrees to deliver to the Administrative Agent a completed Administrative Questionnaire in which the Assignee designates one or more credit contacts to whom all syndicate-level information (which may contain material non-public information about the Loan Parties and their Related Parties or their respective securities) will be made available and who may receive such information in accordance with the Assignee's compliance procedures and applicable laws, including Federal and state securities laws.

The terms set forth in this Assignment and Assumption are hereby agreed to:

ASSIGNOR

**JPMORGAN CHASE BANK, N.A., as Assignor**

By: _____

Name: Aaron Pieroni

Title: Authorized Signatory

ASSIGNEE

**MIDTOWN ACQUISITIONS L.P., as Assignee**
**By: Midtown Acquisitions GP LLC**

By: _____

Name: Jennifer Donovan

Title: Authorized Signatory

Consented to and Accepted:

**GLAS TRUST COMPANY LLC, as Administrative Agent**

By: _____

Name: Serena Harrell

Title: Authorized Signatory

Consented to:

**BYJU'S ALPHA, INC.**

By:  N/A  _____

Name:

Title:

**ASSIGNMENT AND ASSUMPTION**

This Assignment and Assumption (the "Assignment and Assumption") is dated as of the Effective Date set forth below and is entered into by and between JPMorgan Chase Bank, N.A. (the "Assignor") and Midtown Acquisitions L.P. (the "Assignee"). Capitalized terms used but not defined herein shall have the meanings given to them in the Credit and Guaranty Agreement identified below, receipt of a copy of which is hereby acknowledged by the Assignee. The Standard Terms and Conditions set forth in Annex I attached hereto (the "Standard Terms and Conditions") are hereby agreed to and incorporated herein by reference and made a part of this Assignment and Assumption as if set forth herein in full.

For an agreed consideration, the Assignor hereby irrevocably sells and assigns to the Assignee, and the Assignee hereby irrevocably purchases and assumes from the Assignor, subject to and in accordance with the Standard Terms and Conditions and the Credit Agreement, as of the Effective Date inserted by the Administrative Agent as contemplated below (i) all of the Assignor's rights and obligations in its capacity as a Lender under the Credit Agreement and any other documents or instruments delivered pursuant thereto to the extent related to the amount and percentage interest identified below of all of such outstanding rights and obligations of the Assignor under the facility identified below (including any guarantees included in such facility) and (ii) to the extent permitted to be assigned under applicable law, all claims, suits, causes of action and any other right of the Assignor (in its capacity as a Lender) against any Person, whether known or unknown, arising under or in connection with the Credit Agreement, any other documents or instruments delivered pursuant thereto or the loan transactions governed thereby or in any way based on or related to any of the foregoing, including contract claims, tort claims, malpractice claims, statutory claims and all other claims at law or in equity related to the rights and obligations sold and assigned pursuant to clause (i) above (the rights and obligations sold and assigned pursuant to clauses (i) and (ii) above being referred to herein collectively as the "Assigned Interest"). Such sale and assignment is without recourse to the Assignor and, except as expressly provided in this Assignment and Assumption, without representation or warranty by the Assignor

| | | |
|---|---|---|
| 1. | Assignor: | JPMorgan Chase Bank, N.A. |
| 2. | Assignee: | Midtown Acquisitions L.P. |
| 3. | Borrower: | BYJU's Alpha, Inc. (the "Borrower") |
| 4. | Administrative Agent: | GLAS Trust Company LLC, as the administrative agent under the Credit Agreement. |
| 5. | Credit Agreement: | Credit and Guaranty Agreement, dated as of November 24, 2021 (as amended, restated, amended and restated, supplemented, extended and/or otherwise modified from time to time, the "Credit Agreement"), among BYJU's Alpha, Inc. as the Borrower, the Guarantors from time to time party thereto, the Lenders from time to time party thereto, and GLAS Trust Company LLC as the Administrative Agent and the Collateral Agent. |

6.      Assigned Interest:

| Facility Assigned | Aggregate Amount of Term Loans for all Lenders | Amount of Terms Loans Assigned | Percentage Assigned of Term Loans |
|---|---|---|---|
| Initial Term Loan | USD 1,192,513,684.78 | ██████████ | ██████████ |

Effective Date:              March 15, 2023

The Assignee agrees to deliver to the Administrative Agent a completed Administrative Questionnaire in which the Assignee designates one or more credit contacts to whom all syndicate-level information (which may contain material non-public information about the Loan Parties and their Related Parties or their respective securities) will be made available and who may receive such information in accordance with the Assignee's compliance procedures and applicable laws, including Federal and state securities laws.

The terms set forth in this Assignment and Assumption are hereby agreed to:

ASSIGNOR

**JPMORGAN CHASE BANK, N.A., as Assignor**

By: _____

Name: Steven Blacker

Title: Authorized Signatory

ASSIGNEE

**MIDTOWN ACQUISITIONS L.P., as Assignee**

**By: Midtown Acquisitions GP LLC**

By: _____

Name: Jennifer Donovan

Title: Authorized Signatory

Consented to and Accepted:

**GLAS TRUST COMPANY LLC, as Administrative Agent**

By: _____

Name: Serena Harrell
Title: Authorized Signatory

Consented to:

**BYJU'S ALPHA, INC.**

By:   N/A   _____

Name:
Title:

## ASSIGNMENT AND ASSUMPTION

This Assignment and Assumption (the "Assignment and Assumption") is dated as of the Effective Date set forth below and is entered into by and between Morgan Stanley Senior Funding, Inc. (the "Assignor") and Midtown Acquisitions L.P. (the "Assignee"). Capitalized terms used but not defined herein shall have the meanings given to them in the Credit and Guaranty Agreement identified below, receipt of a copy of which is hereby acknowledged by the Assignee. The Standard Terms and Conditions set forth in Annex I attached hereto (the "Standard Terms and Conditions") are hereby agreed to and incorporated herein by reference and made a part of this Assignment and Assumption as if set forth herein in full.

For an agreed consideration, the Assignor hereby irrevocably sells and assigns to the Assignee, and the Assignee hereby irrevocably purchases and assumes from the Assignor, subject to and in accordance with the Standard Terms and Conditions and the Credit Agreement, as of the Effective Date inserted by the Administrative Agent as contemplated below (i) all of the Assignor's rights and obligations in its capacity as a Lender under the Credit Agreement and any other documents or instruments delivered pursuant thereto to the extent related to the amount and percentage interest identified below of all of such outstanding rights and obligations of the Assignor under the facility identified below (including any guarantees included in such facility) and (ii) to the extent permitted to be assigned under applicable law, all claims, suits, causes of action and any other right of the Assignor (in its capacity as a Lender) against any Person, whether known or unknown, arising under or in connection with the Credit Agreement, any other documents or instruments delivered pursuant thereto or the loan transactions governed thereby or in any way based on or related to any of the foregoing, including contract claims, tort claims, malpractice claims, statutory claims and all other claims at law or in equity related to the rights and obligations sold and assigned pursuant to clause (i) above (the rights and obligations sold and assigned pursuant to clauses (i) and (ii) above being referred to herein collectively as the "Assigned Interest"). Such sale and assignment is without recourse to the Assignor and, except as expressly provided in this Assignment and Assumption, without representation or warranty by the Assignor

| | | |
|---|---|---|
| 1. | Assignor: | Morgan Stanley Senior Funding, Inc. |
| 2. | Assignee: | Midtown Acquisitions L.P. |
| 3. | Borrower: | BYJU's Alpha, Inc. (the "Borrower") |
| 4. | Administrative Agent: | GLAS Trust Company LLC, as the administrative agent under the Credit Agreement. |
| 5. | Credit Agreement: | Credit and Guaranty Agreement, dated as of November 24, 2021 (as amended, restated, amended and restated, supplemented, extended and/or otherwise modified from time to time, the "Credit Agreement"), among BYJU's Alpha, Inc. as the Borrower, the Guarantors from time to time party thereto, the Lenders from time to time party thereto, and GLAS Trust Company LLC as the Administrative Agent and the Collateral Agent. |

6.      Assigned Interest:

| Facility Assigned | Aggregate Amount of Term Loans for all Lenders | Amount of Terms Loans Assigned | Percentage Assigned of Term Loans |
|---|---|---|---|
| Initial Term Loan | USD 1,200,000,000.00 | ███████████ | ██████████ |

Effective Date:            December 16, 2021

The Assignee agrees to deliver to the Administrative Agent a completed Administrative Questionnaire in which the Assignee designates one or more credit contacts to whom all syndicate-level information (which may contain material non-public information about the Loan Parties and their Related Parties or their respective securities) will be made available and who may receive such information in accordance with the Assignee's compliance procedures and applicable laws, including Federal and state securities laws.

The terms set forth in this Assignment and Assumption are hereby agreed to:

ASSIGNOR

**MORGAN STANLEY SENIOR FUNDING, INC., as Assignor**

By: _____

Name: Josh Herrera
Title: Authorized Signatory

ASSIGNEE

**MIDTOWN ACQUISITIONS L.P., as Assignee**
**By: Midtown Acquisitions GP LLC**

By: _____

Name: Jennifer Donovan
Title: Authorized Signatory

Consented to and Accepted:

**GLAS TRUST COMPANY LLC, as Administrative Agent**

By: _____

Name: Serena Harrell
Title: Authorized Signatory


Consented to:

**BYJU'S ALPHA, INC.**



By: _____

Name: Riju Ravindran
Title: Director

**<u>Schedule 8-A</u>**

**Corporate Ownership Statement for Silver Point Petitioning Creditors**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Neuron Fuel, Inc. | Case No. 24-_____ - (___) |
| Alleged Debtor. | |

## CORPORATE OWNERSHIP STATEMENT OF THE
## SILVER POINT PETITIONING CREDITORS

Pursuant to Rules 1010(b) and 7007-1 of the Federal Rules of Bankruptcy Procedure, the petitioning creditors identified on **Schedule 8-B** attached hereto (each a "Silver Point Petitioning Creditor" and collectively, the "Silver Point Petitioning Creditors") hereby submit this consolidated corporate ownership statement (this "Corporate Ownership Statement") in connection with the involuntary chapter 11 bankruptcy petition filed against Neuron Fuel, Inc. ("Neuron Fuel"). Each Silver Point Petitioning Creditor is a separate and distinct lender under that certain Credit and Guaranty Agreement, dated as of November 24, 2021 by and among BYJU's Alpha, Inc., Think and Learn Private Limited ("Parent Guarantor"), certain subsidiaries of the Parent Guarantor (including, but not limited to, Neuron Fuel), each lender party thereto, and GLAS Trust Company LLC, as administrative agent and as collateral agent. Silver Point Capital, L.P., is the manager/sole member of the manager of each of the Silver Point Petitioning Creditors. Column D of **Schedule 8-B** identifies all corporate entities that directly or indirectly own 10% or more of each Silver Point Petitioning Creditor's equity interests.

## Declaration Under Penalty of Perjury

I, the undersigned authorized representative of Silver Point Capital, L.P., have authority to execute this Corporate Ownership Statement and the related involuntary bankruptcy petition for

Neuron Fuel on behalf of each Silver Point Petitioning Creditor.  I declare under penalty of perjury that I have reviewed this Corporate Ownership Statement and **<u>Schedule 8-B</u>** attached hereto, and that all information contained therein is true and correct to the best of my knowledge, information and belief, with reliance on appropriate corporate officers.

*[Signature Page to Follow]*

Dated: June 4, 2024

Name:        Steven Weiser
Title:        General Counsel
Company:   Silver Point Capital, L.P.

*On behalf of each Silver Point Petitioning Creditor identified on Schedule 8-B attached hereto*

**<u>Schedule 8-B</u>**

**Claim Detail for Silver Point Petitioning Creditors**

**Schedule 8-B to Neuron Fuel, Inc. Involuntary Bankruptcy Petition**
**Claim Detail for Silver Point Petitioning Creditors**

| Name of Silver Point Petitioning Creditor | Nature of Claim | Amount of the Claim Above the Value of Any Lien* | Corporate Entities Directly or Indirectly Owning 10% or More of Petitioning Creditor's Stock | Has There Been a Transfer of the Claim by or to the Petitioning Creditor? |
|---|---|---|---|---|
| SPCP GROUP, LLC | Term loan holdings | $ ▮▮▮▮▮ | Silver Point Capital Fund, L.P.  - 50% Silver Point Capital Offshore Master Fund, L.P.  - 50% | Yes |
| SPCP Institutional Group LLC | Term loan holdings | $ ▮▮▮▮▮ | Silver Point Distressed Opportunity Institutional Partners, L.P. - 50% Silver Point Distressed Opportunity Institutional Partners Master Fund (Offshore), L.P. - 50% | Yes |

*This amount represents the Petitioning Creditor's current total holdings under the Credit and Guaranty Agreement.  While such claim is secured, the Petitioning Creditor agrees individually, and the Petitioning Creditors agree jointly and severally, to cap their collective secured claim at an amount that is $18,600 less than the face amount of their collective claims.

## **Schedule 8-C**

**Silver Point Petitioning Creditors 1003(a) Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Neuron Fuel, Inc. | Case No. 24-_____ - (___) |
| Alleged Debtor. | |

**DECLARATION OF SILVER POINT CAPITAL, L.P. ON BEHALF OF THE SILVER POINT PETITIONING CREDITORS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1003(a)**

Pursuant to 28 U.S.C. § 1746, I, Jesse Dorigo, declare as follows:

1. I make this declaration on behalf of SPCP Group, LLC and SPCP Institutional Group LLC (each a "Silver Point Petitioning Creditor" and collectively, the "Silver Point Petitioning Creditors") in the above-captioned involuntary chapter 11 case (the "Bankruptcy Case") filed by the Silver Point Petitioning Creditors and other petitioning creditors against alleged debtor Neuron Fuel, Inc. ("Neuron Fuel"). I am fully familiar with the facts set forth herein either through my own personal knowledge or through a review of documents related to the Silver Point Petitioning Creditors' claims against Neuron Fuel. If called to testify in connection with the Bankruptcy Case, the following would constitute my testimony.

2. I am an authorized signatory of Silver Point Capital, L.P. ("Silver Point"). Each Silver Point Petitioning Creditor is an investment fund or an entity owned by one or more investment funds managed by Silver Point. I have authority to execute this declaration on behalf of each Silver Point Petitioning Creditor.

3. As set forth more fully in Schedules 8-A and 8-B attached to the involuntary petition filed against Neuron Fuel, each Silver Point Petitioning Creditor holds a claim against Neuron Fuel based upon its holdings under that certain Credit and Guaranty Agreement dated as

of November 24, 2021 (the "<u>Credit Agreement</u>"), by and among BYJU's Alpha, Inc., Think and Learn Private Limited ("<u>Parent Guarantor</u>"), certain subsidiaries of the Parent Guarantor (including, but not limited to, Neuron Fuel), each lender party thereto, and GLAS Trust Company LLC, as administrative agent and as collateral agent.

4.      The Silver Point Petitioning Creditors' holdings under the Credit Agreement that are being relied upon for the purpose of satisfying the requirement of 11 U.S.C. § 303(b)(1) were acquired in March of 2024, as reflected in documents attached hereto as **<u>Exhibit A</u>**.

5.      No Silver Point Petitioning Creditor acquired its claim for the purpose of commencing this case under the Bankruptcy Code.

6.      Each Silver Point Petitioning Creditor either (i) acquired its claim on the open market for investment purposes or (ii) acquired its claim from another Silver Point-managed fund, who in turn acquired the claim on the open market for investment purposes.

7.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: May 30, 2024

_____
Name: Jesse Dorigo
Title: Authorized Signatory
Company:      Silver Point Capital, L.P.

*On behalf of each Silver Point Petitioning Creditor
identified on Schedule 8-B attached hereto*

**<u>Exhibit A</u>**

**Silverpoint Petitioning Creditor Claim Transfer Supporting Documents**

## ASSIGNMENT AND ASSUMPTION

This Assignment and Assumption (the "Assignment and Assumption") is dated as of the Effective Date set forth below and is entered into by and between Morgan Stanley Senior Funding, Inc. (the "Assignor") and SPCP Institutional Group, LLC (the "Assignee"). Capitalized terms used but not defined herein shall have the meanings given to them in the Credit and Guaranty Agreement identified below, receipt of a copy of which is hereby acknowledged by the Assignee. The Standard Terms and Conditions set forth in Annex I attached hereto (the "Standard Terms and Conditions") are hereby agreed to and incorporated herein by reference and made a part of this Assignment and Assumption as if set forth herein in full.

For an agreed consideration, the Assignor hereby irrevocably sells and assigns to the Assignee, and the Assignee hereby irrevocably purchases and assumes from the Assignor, subject to and in accordance with the Standard Terms and Conditions and the Credit Agreement, as of the Effective Date inserted by the Administrative Agent as contemplated below (i) all of the Assignor's rights and obligations in its capacity as a Lender under the Credit Agreement and any other documents or instruments delivered pursuant thereto to the extent related to the amount and percentage interest identified below of all of such outstanding rights and obligations of the Assignor under the facility identified below (including any guarantees included in such facility) and (ii) to the extent permitted to be assigned under applicable law, all claims, suits, causes of action and any other right of the Assignor (in its capacity as a Lender) against any Person, whether known or unknown, arising under or in connection with the Credit Agreement, any other documents or instruments delivered pursuant thereto or the loan transactions governed thereby or in any way based on or related to any of the foregoing, including contract claims, tort claims, malpractice claims, statutory claims and all other claims at law or in equity related to the rights and obligations sold and assigned pursuant to clause (i) above (the rights and obligations sold and assigned pursuant to clauses (i) and (ii) above being referred to herein collectively as the "Assigned Interest"). Such sale and assignment is without recourse to the Assignor and, except as expressly provided in this Assignment and Assumption, without representation or warranty by the Assignor

| 1. | Assignor: | Morgan Stanley Bank, N.A. |
|---|---|---|
| 2. | Assignee: | SPCP Institutional Group, LLC |
| 3. | Borrower: | BYJU's Alpha, Inc. (the "Borrower") |
| 4. | Administrative Agent: | GLAS Trust Company LLC, as the administrative agent under the Credit Agreement. |
| 5. | Credit Agreement: | Credit and Guaranty Agreement, dated as of November 24, 2021 (as amended, restated, amended and restated, supplemented, extended and/or otherwise modified from time to time, the "Credit Agreement"), among BYJU's Alpha, Inc. as the Borrower, the Guarantors from time to time party thereto, the Lenders from time to time party thereto, and GLAS Trust Company LLC as the Administrative Agent and the Collateral Agent. |

1

6.    Assigned Interest:

| Facility Assigned | Aggregate Amount of Term Loans for all Lenders | Amount of Terms Loans Assigned | Percentage Assigned of Term Loans |
|---|---|---|---|
| Initial Term Loan | USD 1,189,513,684.78 | ██████████ | ██████████ |

Effective Date:            March 11, 2024

The Assignee agrees to deliver to the Administrative Agent a completed Administrative Questionnaire in which the Assignee designates one or more credit contacts to whom all syndicate-level information (which may contain material non-public information about the Loan Parties and their Related Parties or their respective securities) will be made available and who may receive such information in accordance with the Assignee's compliance procedures and applicable laws, including Federal and state securities laws.

The terms set forth in this Assignment and Assumption are hereby agreed to:

ASSIGNOR

MORGAN STANLEY BANK, N.A., as Assignor

By: _____

Name: Belkys Ortiz
       Authorized Signatory

Title:

ASSIGNEE

SPCP INSTITUTIONAL GROUP, LLC, as Assignee

By: _____

Name: Jennifer Poccia
       Authorized Signatory

Title:

3

Consented to and Accepted:

GLAS TRUST COMPANY LLC, as Administrative Agent


By:  _Serena Harrell_____

Name:  Serena Harrell

Title:  Vice President


Consented to:

BYJU'S ALPHA, INC.


By:  _____N/A_____

Name:

Title:

4

## ASSIGNMENT AND ASSUMPTION

This Assignment and Assumption (the "Assignment and Assumption") is dated as of the Effective Date set forth below and is entered into by and between Morgan Stanley Bank, N.A. (the "Assignor") and SPCP Group, LLC (the "Assignee"). Capitalized terms used but not defined herein shall have the meanings given to them in the Credit and Guaranty Agreement identified below, receipt of a copy of which is hereby acknowledged by the Assignee. The Standard Terms and Conditions set forth in Annex I attached hereto (the "Standard Terms and Conditions") are hereby agreed to and incorporated herein by reference and made a part of this Assignment and Assumption as if set forth herein in full.

For an agreed consideration, the Assignor hereby irrevocably sells and assigns to the Assignee, and the Assignee hereby irrevocably purchases and assumes from the Assignor, subject to and in accordance with the Standard Terms and Conditions and the Credit Agreement, as of the Effective Date inserted by the Administrative Agent as contemplated below (i) all of the Assignor's rights and obligations in its capacity as a Lender under the Credit Agreement and any other documents or instruments delivered pursuant thereto to the extent related to the amount and percentage interest identified below of all of such outstanding rights and obligations of the Assignor under the facility identified below (including any guarantees included in such facility) and (ii) to the extent permitted to be assigned under applicable law, all claims, suits, causes of action and any other right of the Assignor (in its capacity as a Lender) against any Person, whether known or unknown, arising under or in connection with the Credit Agreement, any other documents or instruments delivered pursuant thereto or the loan transactions governed thereby or in any way based on or related to any of the foregoing, including contract claims, tort claims, malpractice claims, statutory claims and all other claims at law or in equity related to the rights and obligations sold and assigned pursuant to clause (i) above (the rights and obligations sold and assigned pursuant to clauses (i) and (ii) above being referred to herein collectively as the "Assigned Interest"). Such sale and assignment is without recourse to the Assignor and, except as expressly provided in this Assignment and Assumption, without representation or warranty by the Assignor

| | | |
|---|---|---|
| 1. | Assignor: | Morgan Stanley Bank, N.A. |
| 2. | Assignee: | SPCP Group, LLC |
| 3. | Borrower: | BYJU's Alpha, Inc. (the "Borrower") |
| 4. | Administrative Agent: | GLAS Trust Company LLC, as the administrative agent under the Credit Agreement. |
| 5. | Credit Agreement: | Credit and Guaranty Agreement, dated as of November 24, 2021 (as amended, restated, amended and restated, supplemented, extended and/or otherwise modified from time to time, the "Credit Agreement"), among BYJU's Alpha, Inc. as the Borrower, the Guarantors from time to time party thereto, the Lenders from time to time party thereto, and GLAS Trust Company LLC as the Administrative Agent and the Collateral Agent. |

6.      Assigned Interest:

| Facility Assigned | Aggregate Amount of Term Loans for all Lenders | Amount of Terms Loans Assigned | Percentage Assigned of Term Loans |
|---|---|---|---|
| Initial Term Loan | USD 1,189,513,684.78 | ██████████ | ██████████ |

Effective Date:                March 11, 2024

The Assignee agrees to deliver to the Administrative Agent a completed Administrative Questionnaire in which the Assignee designates one or more credit contacts to whom all syndicate-level information (which may contain material non-public information about the Loan Parties and their Related Parties or their respective securities) will be made available and who may receive such information in accordance with the Assignee's compliance procedures and applicable laws, including Federal and state securities laws.

The terms set forth in this Assignment and Assumption are hereby agreed to:

ASSIGNOR

**MORGAN STANLEY BANK, N.A., as Assignor**

By: _____

Name: Belkys Ortiz

Title: Attorney-in-fact

ASSIGNEE

**SPCP GROUP, LLC, as Assignee**

By: _____

Name: Jennifer Poccia

Title: Authorized Signatory

Consented to and Accepted:

**GLAS TRUST COMPANY LLC, as Administrative Agent**

By: _____

Name: Serena Harrell

Title: Authorized Signatory

Consented to:

**BYJU'S ALPHA, INC.**

By:    N/A_____

Name:

Title:

ASSIGNMENT AND ASSUMPTION

This Assignment and Assumption (the "Assignment and Assumption") is dated as of the Effective Date set forth below and is entered into by and between Morgan Stanley Senior Funding, Inc. (the "Assignor") and SPCP Group, LLC (the "Assignee"). Capitalized terms used but not defined herein shall have the meanings given to them in the Credit and Guaranty Agreement identified below, receipt of a copy of which is hereby acknowledged by the Assignee. The Standard Terms and Conditions set forth in Annex I attached hereto (the "Standard Terms and Conditions") are hereby agreed to and incorporated herein by reference and made a part of this Assignment and Assumption as if set forth herein in full.

For an agreed consideration, the Assignor hereby irrevocably sells and assigns to the Assignee, and the Assignee hereby irrevocably purchases and assumes from the Assignor, subject to and in accordance with the Standard Terms and Conditions and the Credit Agreement, as of the Effective Date inserted by the Administrative Agent as contemplated below (i) all of the Assignor's rights and obligations in its capacity as a Lender under the Credit Agreement and any other documents or instruments delivered pursuant thereto to the extent related to the amount and percentage interest identified below of all of such outstanding rights and obligations of the Assignor under the facility identified below (including any guarantees included in such facility) and (ii) to the extent permitted to be assigned under applicable law, all claims, suits, causes of action and any other right of the Assignor (in its capacity as a Lender) against any Person, whether known or unknown, arising under or in connection with the Credit Agreement, any other documents or instruments delivered pursuant thereto or the loan transactions governed thereby or in any way based on or related to any of the foregoing, including contract claims, tort claims, malpractice claims, statutory claims and all other claims at law or in equity related to the rights and obligations sold and assigned pursuant to clause (i) above (the rights and obligations sold and assigned pursuant to clauses (i) and (ii) above being referred to herein collectively as the "Assigned Interest"). Such sale and assignment is without recourse to the Assignor and, except as expressly provided in this Assignment and Assumption, without representation or warranty by the Assignor

| | | |
|---|---|---|
| 1. | Assignor: | Morgan Stanley Bank, N.A. |
| 2. | Assignee: | SPCP Group, LLC |
| 3. | Borrower: | BYJU's Alpha, Inc. (the "Borrower") |
| 4. | Administrative Agent: | GLAS Trust Company LLC, as the administrative agent under the Credit Agreement. |
| 5. | Credit Agreement: | Credit and Guaranty Agreement, dated as of November 24, 2021 (as amended, restated, amended and restated, supplemented, extended and/or otherwise modified from time to time, the "Credit Agreement"), among BYJU's Alpha, Inc. as the Borrower, the Guarantors from time to time party thereto, the Lenders from time to time party thereto, and GLAS Trust Company LLC as the Administrative Agent and the Collateral Agent. |

6.      Assigned Interest:

| Facility Assigned | Aggregate Amount of Term Loans for all Lenders | Amount of Terms Loans Assigned | Percentage Assigned of Term Loans |
|---|---|---|---|
| Initial Term Loan | USD 1,189,513,684.78 | ███████████ | ███████████ |

Effective Date:          March  11 , 2024

The Assignee agrees to deliver to the Administrative Agent a completed Administrative Questionnaire in which the Assignee designates one or more credit contacts to whom all syndicate-level information (which may contain material non-public information about the Loan Parties and their Related Parties or their respective securities) will be made available and who may receive such information in accordance with the Assignee's compliance procedures and applicable laws, including Federal and state securities laws.

The terms set forth in this Assignment and Assumption are hereby agreed to:

ASSIGNOR

MORGAN STANLEY BANK, N.A., as Assignor

By: _____

Name:    Belkys Ortiz
         Authorized Signatory

Title:

ASSIGNEE

SPCP GROUP, LLC, as Assignee

By: _____

Name:

Title:    Jennifer Poccia
          Authorized Signatory

3

Consented to and Accepted:

GLAS TRUST COMPANY LLC, as Administrative
Agent

By:  *Serena Harrell*
_____

Name:  Serena Harrell

Title:  Vice President

Consented to:

BYJU'S ALPHA, INC.

By:  N/A
_____

Name:

Title:

4

## ASSIGNMENT AND ASSUMPTION

This Assignment and Assumption (the "Assignment and Assumption") is dated as of the Effective Date set forth below and is entered into by and between Morgan Stanley Bank, N.A. (the "Assignor") and SPCP Institutional Group, LLC (the "Assignee"). Capitalized terms used but not defined herein shall have the meanings given to them in the Credit and Guaranty Agreement identified below, receipt of a copy of which is hereby acknowledged by the Assignee. The Standard Terms and Conditions set forth in Annex I attached hereto (the "Standard Terms and Conditions") are hereby agreed to and incorporated herein by reference and made a part of this Assignment and Assumption as if set forth herein in full.

For an agreed consideration, the Assignor hereby irrevocably sells and assigns to the Assignee, and the Assignee hereby irrevocably purchases and assumes from the Assignor, subject to and in accordance with the Standard Terms and Conditions and the Credit Agreement, as of the Effective Date inserted by the Administrative Agent as contemplated below (i) all of the Assignor's rights and obligations in its capacity as a Lender under the Credit Agreement and any other documents or instruments delivered pursuant thereto to the extent related to the amount and percentage interest identified below of all of such outstanding rights and obligations of the Assignor under the facility identified below (including any guarantees included in such facility) and (ii) to the extent permitted to be assigned under applicable law, all claims, suits, causes of action and any other right of the Assignor (in its capacity as a Lender) against any Person, whether known or unknown, arising under or in connection with the Credit Agreement, any other documents or instruments delivered pursuant thereto or the loan transactions governed thereby or in any way based on or related to any of the foregoing, including contract claims, tort claims, malpractice claims, statutory claims and all other claims at law or in equity related to the rights and obligations sold and assigned pursuant to clause (i) above (the rights and obligations sold and assigned pursuant to clauses (i) and (ii) above being referred to herein collectively as the "Assigned Interest"). Such sale and assignment is without recourse to the Assignor and, except as expressly provided in this Assignment and Assumption, without representation or warranty by the Assignor

| | | |
|---|---|---|
| 1. | Assignor: | Morgan Stanley Bank, N.A. |
| 2. | Assignee: | SPCP Institutional Group, LLC |
| 3. | Borrower: | BYJU's Alpha, Inc. (the "Borrower") |
| 4. | Administrative Agent: | GLAS Trust Company LLC, as the administrative agent under the Credit Agreement. |
| 5. | Credit Agreement: | Credit and Guaranty Agreement, dated as of November 24, 2021 (as amended, restated, amended and restated, supplemented, extended and/or otherwise modified from time to time, the "Credit Agreement"), among BYJU's Alpha, Inc. as the Borrower, the Guarantors from time to time party thereto, the Lenders from time to time party thereto, and GLAS Trust Company LLC as the Administrative Agent and the Collateral Agent. |

6.      Assigned Interest:

| Facility Assigned | Aggregate Amount of Term Loans for all Lenders | Amount of Terms Loans Assigned | Percentage Assigned of Term Loans |
|---|---|---|---|
| Initial Term Loan | USD 1,189,513,684.78 | ███████████ | ███████████ |

Effective Date:      March 11, 2024

The Assignee agrees to deliver to the Administrative Agent a completed Administrative Questionnaire in which the Assignee designates one or more credit contacts to whom all syndicate-level information (which may contain material non-public information about the Loan Parties and their Related Parties or their respective securities) will be made available and who may receive such information in accordance with the Assignee's compliance procedures and applicable laws, including Federal and state securities laws.

The terms set forth in this Assignment and Assumption are hereby agreed to:

ASSIGNOR

**MORGAN STANLEY BANK, N.A., as Assignor**

By: _____

Name: Belkys Ortiz

Title: Attorney-in-fact

ASSIGNEE

**SPCP INSTITUTIONAL GROUP, LLC, as Assignee**

By: _____

Name: Jennifer Poccia

Title: Authorized Signatory

Consented to and Accepted:

**GLAS TRUST COMPANY LLC, as Administrative Agent**

By: _____

Name: Serena Harrell
Title: Authorized Signatory

Consented to:

**BYJU'S ALPHA, INC.**

By:    N/A
_____
Name:
Title:

## **Schedule 9-A**

**Corporate Ownership Statement for Shawnee 2022-1 LLC**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Neuron Fuel, Inc. | Case No. 24-_____ - (___) |
| Alleged Debtor. | |

## CORPORATE OWNERSHIP STATEMENT OF SHAWNEE 2022-1 LLC

Pursuant to Rules 1010(b) and 7007-1 of the Federal Rules of Bankruptcy Procedure, Shawnee 2022-1 LLC (the "SBC Petitioning Creditor) hereby submits this corporate ownership statement (this "Corporate Ownership Statement") in connection with the involuntary chapter 11 bankruptcy petition filed against Neuron Fuel, Inc. ("Neuron Fuel").  The SBC Petitioning Creditor is a lender under that certain Credit and Guaranty Agreement, dated as of November 24, 2021 by and among BYJU's Alpha, Inc., Think and Learn Private Limited ("Parent Guarantor"), certain subsidiaries of the Parent Guarantor (including, but not limited to, Neuron Fuel), each lender party thereto, and GLAS Trust Company LLC, as administrative agent and as collateral agent.  The SBC Petitioning Creditor is a bankruptcy remote, special purpose vehicle formed for the sole purpose of holding collateralized loan obligations and issuing notes secured thereby.  Shawnee 2022-1 LLC is advised and administered by Panagram Structured Asset Management, LLC and Security Benefit Corporation.  As set forth in Column D of **Schedule 9-B**, the SBC Petitioning Creditor has no corporate parent and no corporate entities directly or indirectly own 10% or more of the SBC Petitioning Creditor's equity interests.

### **Declaration Under Penalty of Perjury**

I, the undersigned authorized representative of Shawnee 2022-1 LLC, have authority to execute this Corporate Ownership Statement and the related involuntary bankruptcy petition for Neuron Fuel on behalf of the SBC Petitioning Creditor.  I declare under penalty of perjury that I have reviewed this Corporate Ownership Statement and **Schedule 9-B** attached hereto, and that all information contained therein is true and correct to the best of my knowledge, information and belief, with reliance on appropriate corporate officers.

*[Signature Page to Follow]*

Dated: June 4, 2024

DocuSigned by:

*Don Puglisi*

A3139BB10852407...

Name:  Donald J. Puglisi, the sole member a
manager of Shawnee 2022-1 LLC

*On behalf of Shawnee 2022-1 LLC*

## **Schedule 9-B**

**Claim Detail for Shawnee 2022-1 LLC**

**Schedule 9-B** to Neuron Fuel, Inc. Involuntary Bankruptcy Petition

**Claim Detail for Shawnee 2022-1 LLC**

| Name of Petitioning Creditor | Nature of Claim | Amount of the Claim Above the Value of Any Lien* | | Corporate Entities Directly or Indirectly Owning 10% or More of Petitioning Creditor's Stock | Has There Been a Transfer of the Claim by or to the Petitioning Creditor? |
|---|---|---|---|---|---|
| Shawnee 2022-1 LLC | Term loan holdings | $ | | None | Yes |

**\*This amount represents the Petitioning Creditor's current total holdings under the Credit and Guaranty Agreement.  While such claim is secured, the Petitioning Creditor agrees individually, and the Petitioning Creditors agree jointly and severally, to cap their collective secured claim at an amount that is $18,600 less than the face amount of their collective claims.**

## **Schedule 9-C**

**Shawnee 2022-1 LLC 1003(a) Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Neuron Fuel, Inc. | Case No. 24-_____ - (___) |
| Alleged Debtor. | |

**DECLARATION OF SHAWNEE 2022-1 LLC PURSUANT**
**TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1003(a)**

Pursuant to 28 U.S.C. § 1746, I, Donald J. Puglisi, declare as follows:

1.      I make this declaration on behalf of Shawnee 2022-1 LLC (the "SBC Petitioning Creditor") in the above-captioned involuntary chapter 11 case (the "Bankruptcy Case") filed by the SBC Petitioning Creditor and other petitioning creditors against alleged debtor Neuron Fuel, Inc. ("Neuron Fuel"). I am fully familiar with the facts set forth herein either through my own personal knowledge or through a review of documents related to the SBC Petitioning Creditor's claims against Neuron Fuel. If called to testify in connection with the Bankruptcy Case, the following would constitute my testimony.

2.      I am the sole member and a manager of the SBC Petitioning Creditor. The SBC Petitioning Creditor is advised and administered by Panagram Structured Asset Management, LLC and Security Benefit Corporation. I have authority to execute this declaration on behalf of the SBC Petitioning Creditor.

3.      As set forth more fully in Schedules 9-A and 9-B attached to the involuntary petition filed against Neuron Fuel, the SBC Petitioning Creditor holds a claim against Neuron Fuel based upon its holdings under that certain Credit and Guaranty Agreement dated as of November 24, 2021 (the "Credit Agreement"), by and among BYJU's Alpha, Inc., Think and Learn Private

Limited ("Parent Guarantor"), certain subsidiaries of the Parent Guarantor (including, but not limited to, Neuron Fuel), each lender party thereto, and GLAS Trust Company LLC, as administrative agent and as collateral agent.

4.      The SBC Petitioning Creditor's holdings under the Credit Agreement that are being relied upon for the purpose of satisfying the requirement of 11 U.S.C. § 303(b)(1) were acquired on March 16, 2022, as reflected in the documents attached hereto as **Exhibit A**.

5.      The SBC Petitioning Creditor did not acquire its claim for the purpose of commencing this case under the Bankruptcy Code.

6.      The SBC Petitioning Creditor acquired its claim for investment purposes.

7.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 4, 2024

_____

DocuSigned by:

*Don Puglisi*

A3139BB10852407...

Name: Donald J. Puglisi, the sole member and a
manager of Shawnee 2022-1 LLC

*On behalf of Shawnee 2022-1 LLC*

**<u>Exhibit A</u>**

**Shawnee 2022-1 LLC Claim Transfer Supporting Documents**



**LSTA PAR/NEAR PAR TRADE CONFIRMATION**

| | | | |
|---|---|---|---|
| **To: Buyer Name:** | *Shawnee 2022-1 LLC* | **From: Seller Name:** | *CHAIN BRIDGE OPPORTUNISTIC FUNDING, LLC* |
| **Buyer MEI :** | ███████ | **Seller MEI :** | |
| **Contact Person:** | ███████ | **Contact Person:** | ███████ |
| **Phone No.:** | ███████ | **Phone No.:** | ███████ |
| **Fax No.:** | ███████ | **Fax No.:** | ███████ |
| **Email Address:** | ███████ | **Email Address:** | ███████ |

We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par/Near Par Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of December 1, 2021, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | |
|---|---|
| **Trade Date** | 04-MAR-2022 |
| **Seller:** | CHAIN BRIDGE OPPORTUNISTIC FUNDING, LLC |
| **Buyer:** | Shawnee 2022-1 LLC |
| **Credit Agreement:** | Credit and Guaranty Agreement, dated as of November 24, 2021 (as amended, restated, amended and restated, supplemented, extended and/or otherwise modified from time to time, the "Credit Agreement"), among BYJU's Alpha, Inc as the Borrower, the Guarantors from time to time party thereto, the Lenders from time to time party thereto, and GLAS Trust Company LLC as the Administrative Agent and the Collateral Agent. |
| **Borrower:** | BYJU's ALPHA, INC |
| **Form Of Purchase:** | If no election is made, "Assignment" applies. |
| | ☒ Assignment |
| | ☐ Participation |
| | ☐ Multilateral Netting |
| | ☐ Assignment Only |

**Purchase Amount/ Type of Debt:**

| Purchase Amount | Type of Debt | Facility | CUSIP Number |
|---|---|---|---|
| USD25,000,000.00 | Term | Initial Term Loan | Y8800HAB6 |

**Purchase Rate:**  ███████%

LSTA EFFECTIVE December 1, 2021
LEGAL02/39166467v2

Copyright © LSTA [2021]. All rights reserved.

VTS 395814-1

**Up-front Fee:** None

**Accrued Interest:**

☒ Settled Without Accrued Interest

☐ Paid On Settlement Date

☐ Trades Flat

☐ Discount From Next Rollover Date

☐ Buyer Receives Benefit of Interest

☐ N/A

**Assignment Fee Paid By:** Waived

**Credit Documents
to be provided by Seller:**

☐ Yes (only applicable if Buyer was not a Lender on Trade Date and made its requests on or prior to Trade Date)

☒ No

**Collateral Annex
Applicable:**

☐ Yes

☐ No

**Collateral Account
Institution:**

☐ Collateral Account established with Seller

　　if selected, Collateral Account Segregation: ☐ Yes ☐ No

☐ Collateral Account established with a Third-Party Custodian

**Trade Specific
Other Terms of Trade:**

☐

**Subject to:** Negotiation, execution and delivery of reasonably acceptable contracts and instruments of transfer in accordance herewith.

VTS 395814-1



If you have any questions, please contact **Andrelia Jackson at 713 -993-4300**.

| **SELLER** | **BUYER** |
|---|---|
| CHAIN BRIDGE OPPORTUNISTIC FUNDING, LLC | Shawnee 2022-1 LLC |
| By: CBAM Partners, LLC, as Investment Manager | |
| By: (Electronic Signature on file) | By: (Electronic Signature on file) |

Name: Tiffany Short         Name: Tiffany Short

Title:   Securities Operations Supervisor   Title:   Securities Operations Supervisor

Date:   16-MAR-22         Date:   16-MAR-22

---

LSTA EFFECTIVE December 1, 2021 Copyright ® LSTA [2021]. All rights reserved.
LEGAL02/39166467v2

ASSIGNMENT AND ASSUMPTION

This Assignment and Assumption (the "Assignment and Assumption") is dated as of the Effective Date set forth below and is entered into by and between CHAIN BRIDGE OPPORTUNISTIC FUNDING, LLC ( "Assignor") and Shawnee 2022-1 LLC (the "Assignee"). Capitalized terms used but not defined herein shall have the meanings given to them in the Credit and Guaranty Agreement identified below, receipt of a copy of which is hereby acknowledged by the Assignee. The Standard Terms and Conditions set forth in Annex I attached hereto (the "Standard Terms and Conditions") are hereby agreed to and incorporated herein by reference and made a part of this Assignment and Assumption as if set forth herein in full.

For an agreed consideration, the Assignor hereby irrevocably sells and assigns to the Assignee, and the Assignee hereby irrevocably purchases and assumes from the Assignor, subject to and in accordance with the Standard Terms and Conditions and the Credit Agreement, as of the Effective Date inserted by the Administrative Agent as contemplated below (i) all of the Assignor's rights and obligations in its capacity as a Lender under the Credit Agreement and any other documents or instruments delivered pursuant thereto to the extent related to the amount and percentage interest identified below of all of such outstanding rights and obligations of the Assignor under the facility identified below (including any guarantees included in such facility) and (ii) to the extent permitted to be assigned under applicable law, all claims, suits, causes of action and any other right of the Assignor (in its capacity as a Lender) against any Person, whether known or unknown, arising under or in connection with the Credit Agreement, any other documents or instruments delivered pursuant thereto or the loan transactions governed thereby or in any way based on or related to any of the foregoing, including contract claims, tort claims, malpractice claims, statutory claims and all other claims at law or in equity related to the rights and obligations sold and assigned pursuant to clause (i) above (the rights and obligations sold and assigned pursuant to clauses (i) and (ii) above being referred to herein collectively as the "Assigned Interest"). Such sale and assignment is without recourse to the Assignor and, except as expressly provided in this Assignment and Assumption, without representation or warranty by the Assignor.

1. Assignor:                    CHAIN BRIDGE OPPORTUNISTIC FUNDING, LLC

2. Assignee:                    Shawnee 2022-1 LLC

3. Borrower:                    BYJU's Alpha, Inc. (the "Borrower")

4. Administrative Agent:        GLAS Trust Company LLC as the administrative agent under the Credit Agreement

5. Credit Agreement             Credit and Guaranty Agreement, dated as of November 24, 2021 (as amended, restated, amended and restated, supplemented, extended and/or otherwise modified from time to time, the "Credit Agreement"), among BYJU's Alpha, Inc as the Borrower, the Guarantors from time to time party thereto, the Lenders from time to time party thereto, and GLAS Trust Company LLC as the Administrative Agent and the Collateral Agent.

6. Assigned Interest:

| Facility Assigned | Aggregate Amount of Term Loans for all Lenders | Amount of Term Loans Assigned | Percentage Assigned of Term Loans |
|---|---|---|---|
| Initial Term Loan | USD 1,197,000,000.00 | USD 24,937,500.00 | 2.0833333333% |

Effective Date: 4/1/2022

The Assignee agrees to deliver to the Administrative Agent a completed Administrative Questionnaire in which the Assignee designates one or more credit contacts to whom all syndicate-level information (which may contain material non-public information about the Loan Parties and their Related Parties or their respective securities) will be made available and who may receive such information in accordance with the Assignee's compliance procedures and applicable laws, including Federal and state securities laws.

The terms set forth in this Assignment and Assumption are hereby agreed to:

ASSIGNOR

CHAIN BRIDGE OPPORTUNISTIC FUNDING, LLC
By: CBAM Partners, LLC, as Investment Manager

By:   (Electronic Signature on file)

Name: Tiffany Short
Title:  Securities Operations Supervisor

ASSIGNEE

Shawnee 2022-1 LLC

By:   (Electronic Signature on file)

Name: Tiffany Short
Title:  Securities Operations Supervisor

VTS 395814-1

Consented to and Accepted:

GLAS Trust Company LLC AS THE ADMINISTRATIVE AGENT

Name: _Edward Polanco_

Title: _Vice President_

Consented to:

BYJU's Alpha, Inc.

By:_____N/A_____

Name:

Title:

## **Schedule 10-A**

**Corporate Ownership Statement for Sentinel Dome Petitioning Creditors**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Neuron Fuel, Inc. | Case No. 24-_____ - (___) |
| Alleged Debtor. | |

## CORPORATE OWNERSHIP STATEMENT OF THE SENTINEL DOME PETITIONING CREDITORS

Pursuant to Rules 1010(b) and 7007-1 of the Federal Rules of Bankruptcy Procedure, the petitioning creditors identified on **Schedule 10-B** attached hereto (each a "Sentinel Dome Petitioning Creditor" and collectively, the "Sentinel Dome Petitioning Creditors") hereby submit this consolidated corporate ownership statement (this "Corporate Ownership Statement") in connection with the involuntary chapter 11 bankruptcy petition filed against Neuron Fuel, Inc. ("Neuron Fuel").  Each Sentinel Dome Petitioning Creditor is a separate and distinct lender under that certain Credit and Guaranty Agreement, dated as of November 24, 2021 by and among BYJU's Alpha, Inc., Think and Learn Private Limited ("Parent Guarantor"), certain subsidiaries of the Parent Guarantor (including, but not limited to, Neuron Fuel), each lender party thereto, and GLAS Trust Company LLC, as administrative agent and as collateral agent.  Each Sentinel Dome Petitioning Creditor is managed by Sentinel Dome Partners, LLC.  As set forth in Column D of **Schedule 10-B** attached hereto, no Sentinel Dome Petitioning Creditor has a corporate parent and no corporate entity directly or indirectly owns 10% or more of any Sentinel Dome Petitioning Creditor's equity interests.

## **Declaration Under Penalty of Perjury**

I, the undersigned authorized representative of Sentinel Dome Partners, LLC, have authority to execute this Corporate Ownership Statement and the related involuntary bankruptcy petition for Neuron Fuel on behalf of each Sentinel Dome Petitioning Creditor.  I declare under penalty of perjury that I have reviewed this Corporate Ownership Statement and **Schedule 10-B** attached hereto, and that all information contained therein is true and correct to the best of my knowledge, information and belief, with reliance on appropriate corporate officers.

*[Signature Page to Follow]*

2

Dated: June 4, 2024

_____

Name:         Charlene Nyberg
Title:          Chief Financial Officer
Company:    Sentinel Dome Partners, LLC

*On behalf of each Sentinel Dome Petitioning Creditor identified on <u>Schedule 10-B</u> attached hereto*

## Schedule 10-B

### Claim Detail for Sentinel Dome Petitioning Creditors

**Schedule 10-B** to Neuron Fuel, Inc. Involuntary Bankruptcy Petition

**Claim Detail for Sentinel Dome Petitioning Creditors**

| Name of Petitioning Creditor | Nature of Claim | Amount of the Claim Above the Value of Any Lien* | Corporate Entities Directly or Indirectly Owning 10% or More of Petitioning Creditor's Stock | Has There Been a Transfer of the Claim by or to the Petitioning Creditor? |
|---|---|---|---|---|
| NPB Manager Fund, SPC. on behalf of and for the account of Segregated Portfolio 103 | Term loan holdings | $ ■■■■ | N/A | No |
| SDP Flagship Master Fund LP | Term loan holdings | $ ■■■■ | N/A | No |

\* This amount represents the Petitioning Creditor's current total holdings under the Credit and Guaranty Agreement.  While such claim is secured, the Petitioning Creditor agrees individually, and the Petitioning Creditors agree jointly and severally, to cap their collective secured claim at an amount that is $18,600 less than the face amount of their collective claims.

## **Schedule 11-A**

**Corporate Ownership Statement for Stonehill Petitioning Creditors**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Neuron Fuel, Inc. | Case No. 24-_____ - (____) |
| Alleged Debtor. | |

## CORPORATE OWNERSHIP STATEMENT OF THE STONEHILL PETITIONING CREDITORS

Pursuant to Rules 1010(b) and 7007-1 of the Federal Rules of Bankruptcy Procedure, the petitioning creditors identified on **Schedule 11-B** attached hereto (each a "Stonehill Petitioning Creditor" and collectively, the "Stonehill Petitioning Creditors") hereby submit this consolidated corporate ownership statement (this "Corporate Ownership Statement") in connection with the involuntary chapter 11 bankruptcy petition filed against Neuron Fuel, Inc. ("Neuron Fuel").  Each Stonehill Petitioning Creditor is a separate and distinct lender under that certain Credit and Guaranty Agreement, dated as of November 24, 2021 by and among BYJU's Alpha, Inc., Think and Learn Private Limited ("Parent Guarantor"), certain subsidiaries of the Parent Guarantor (including, but not limited to, Neuron Fuel), each lender party thereto, and GLAS Trust Company LLC, as administrative agent and as collateral agent.  Each Stonehill Creditor is managed by Stonehill Capital Management LLC.  Column D of **Schedule 11-B** identifies all corporate entities that directly or indirectly own 10% or more of each Stonehill Petitioning Creditor's equity interests.

## Declaration Under Penalty of Perjury

I, the undersigned authorized representative of Stonehill Capital Management LLC, have authority to execute this Corporate Ownership Statement and the related involuntary bankruptcy

1

petition for Neuron Fuel on behalf of each Stonehill Petitioning Creditor.  I declare under penalty of perjury that I have reviewed this Corporate Ownership Statement and **Schedule 11-B** attached hereto, and that all information contained therein is true and correct to the best of my knowledge, information and belief, with reliance on appropriate corporate officers.

*[Signature Page to Follow]*

2

Dated: June 4, 2024

DocuSigned by:

*Paul Malek*

C2D41A92669E46F

| | |
|---|---|
| Name: | Paul D. Malek |
| Title: | Authorized Signatory |
| Company: | Stonehill Capital Management LLC |

*On behalf of each Stonehill Petitioning Creditor identified on*
*Schedule 11-B attached hereto*

3

## **Schedule 11-B**

**Claim Detail for Stonehill Petitioning Creditors**

**Schedule 11-B to Neuron Fuel, Inc. Involuntary Bankruptcy Petition**

**Claim Detail for Stonehill Petitioning Creditors**

| Name of Petitioning Creditor | Nature of Claim | Above the Value of Any Lien* | Corporate Entities Directly or Indirectly Owning 10% or More of Petitioning Creditor's Stock | Has There Been a Transfer of the Claim by or to the Petitioning |
|---|---|---|---|---|
| Stonehill Master Fund Ltd. | Term loan holdings | $ ███ | Stonehill Offshore Partners Limited | Yes |
| Stonehill Institutional Partners, L.P. | Term loan holdings | $ ███ | N/A – Entity is a limited partnership exempt from filing corporate ownership statement pursuant to FRBP 7007.1 | Yes |

* This amount represents the Petitioning Creditor's current total holdings under the Credit and Guaranty Agreement.  While such claim is secured, the Petitioning Creditor agrees individually, and the Petitioning Creditors agree jointly and severally, to cap their collective secured claim at an amount that is $18,600 less than the face amount of their collective claims.

## **<u>Schedule 11-C</u>**

**Stonehill Petitioning Creditors 1003(a) Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Neuron Fuel, Inc. | Case No. 24-_____ - (____) |
| Alleged Debtor. | |

**DECLARATION OF STONEHILL CAPITAL MANAGEMENT, LLC ON BEHALF OF STONEHILL PETITIONING CREDITORS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1003(a)**

Pursuant to 28 U.S.C. § 1746, I, Paul D. Malek, declare as follows:

1.      I make this declaration on behalf of Stonehill Master Fund Ltd. and Stonehill Institutional Partners, L.P. (each a "Stonehill Petitioning Creditor" and collectively, the "Stonehill Petitioning Creditors") in the above-captioned involuntary chapter 11 case (the "Bankruptcy Case") filed by Petitioning Creditor and other petitioning creditors against alleged debtor Neuron Fuel, Inc. ("Neuron Fuel").  I am fully familiar with the facts set forth herein either through my own personal knowledge or through a review of documents related to the Stonehill Petitioning Creditors' claims against Neuron Fuel.  If called to testify in connection with the Bankruptcy Case, the following would constitute my testimony.

2.      I am the General Counsel and Chief Compliance Officer of Stonehill Capital Management, LLC ("Stonehill Capital").  Each Stonehill Petitioning Creditor is an investment fund or wholly-owned subsidiary of an investment fund sponsored by Stonehill Capital.  I have authority to execute this declaration on behalf of each Stonehill Petitioning Creditor.

3.      As set forth more fully in Schedule 11-B attached to the involuntary petition filed against Neuron Fuel, each Stonehill Petitioning Creditor holds a claim against Neuron Fuel based upon its holdings under that certain Credit and Guaranty Agreement dated as of November 24,

2021 (the "Credit Agreement"), by and among BYJU's Alpha, Inc., Think and Learn Private Limited ("Parent Guarantor"), certain subsidiaries of the Parent Guarantor (including, but not limited to, Neuron Fuel), each lender party thereto, and GLAS Trust Company LLC, as administrative agent and as collateral agent.

4.      The Stonehill Petitioning Creditors' holdings under the Credit Agreement that are being relied upon for the purpose of satisfying the requirement of 11 U.S.C. § 303(b)(1) were acquired in February 2024, as reflected in the documents attached hereto as **Exhibit A**.

5.      No Stonehill Petitioning Creditor acquired its claim for the purpose of commencing this case under the Bankruptcy Code.

6.      Each Stonehill Petitioning Creditor acquired its claim on the open market for investment purposes.

7.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 4, 2024

DocuSigned by:

*Paul Malek*

C2D41A92660E46F...

Name:        Paul D. Malek
Title:        Authorized Signatory
Company:    Stonehill Capital Management LLC

*On behalf of each Stonehill Petitioning Creditor identified on*
*Schedule 11-B attached hereto*

**<u>Exhibit A</u>**

**Stonehill Capital Management, LLC – Claims Transfer Supporting Documents**

Morgan Stanley

# LSTA DISTRESSED TRADE CONFIRMATION

*To:* **Stonehill Institutional Partners, L.P.**
    *Buyer MEI:*     **US1L053225**
    *Attention:*     **Anthony Maietta**
    *Phone No.:*     **212-739-7474**
    *Fax No.:*
    *Email:*     **amaietta@stonehillcap.com**

*From:* **Morgan Stanley Senior Funding, Inc.**
    *Seller MEI:*     **US1L022337**
    *Attention:*     **Angelo Went**
    *Phone No.:*     **4436274232**
    *Fax No.:*
    *Email:*     **angelo.went@morganstanley.com**

We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Distressed Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of July 21, 2023, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | |
|---|---|
| **Trade Date:** | 02/06/2024 |
| **Seller:** | Morgan Stanley Senior Funding, Inc.     ☑ Principal   ☐ Agent |
| **Buyer:** | Stonehill Institutional Partners, L.P.     ☑ Principal   ☐ Agent |
| **Credit Agreement:** | CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent. |
| **Borrower:** | BYJU's Alpha, Inc. |
| **Form of Purchase:** | Assignment |

| **Purchase Amount /** **Type of Debt:** | Purchase Amount | Type of Debt | Facility | CUSIP |
|---|---|---|---|---|
| | USD ████ | Term | Initial Term Loan | Y8800HAB6 |

6136759001

LSTA EFFECTIVE July 21, 2023 Copyright © LSTA 2023. All rights reserved.

| | |
|---|---|
| **Purchase Rate:** | ████████    Initial Term Loan |

**Accrued Interest:**
☐ Settled Without Accrued Interest
☑ Trades Flat
☐ Paid on Settlement Date

**Credit Documents
to be provided:**    No

**LSTA Standard
Other Terms of Trade:**

☐ This Transaction shall be subject to the successful completion of the purchase by Seller of the Purchase Amount of the Debt to be sold to Buyer hereunder

☐ This Transaction shall be subject to the successful completion of the sale by Buyer of the Purchase Amount of the Debt to be purchased from Seller hereunder

☐ Flip representations shall apply (election is applicable only if Seller is a Riskless Principal (i.e., the first box above has been checked), the settlement of the sale of the Purchase Amount of the Debt to Buyer from Seller occurs no later than one (1) business day after the settlement of the purchase of the Purchase Amount of the Debt by Seller from Seller's immediate prior seller(s) and the other criteria specified in Section 11 of the Standard Terms and Conditions are met)

☐ Buyer shall be the Drafting Party

**Trade Specific
Other Terms of Trade:**

Unless otherwise specified herein, Morgan Stanley Senior Funding, Inc. shall not be required to pay (in the aggregate) more than one-half of one Agent transfer fee for transactions (specified in this or any other Confirmation related to this trade) allocated by an investment manager or advisor to multiple funds or accounts.

Please see attached under "Other docs" additional trade confirm language agreed by both parties.

**Subject To:**    Negotiation, execution and delivery of reasonably acceptable contracts and instruments of transfer in accordance herewith.

Please provide the signature of a duly authorized signatory where indicated below and return this letter to the attention of Michael Ferrara at the following fax number or by email at michael.ferrara@spglobal.com.

If you have any questions, please contact Michael Ferrara at +1 646 690 4313.

**Morgan Stanley Senior Funding, Inc.**

By: _____

    Name:  Belkys Ortiz

    Title:  Attorney-in-fact

**Stonehill Institutional Partners, L.P.**
**By: Stonehill Capital Management, LLC, its Investment Adviser**

By: _____

    Name:  Anthony Maietta

    Title:   Authorized Signatory

LSTA EFFECTIVE July 21, 2023 Copyright © LSTA 2023. All rights reserved.

Morgan Stanley

# LSTA DISTRESSED TRADE CONFIRMATION

**To:** **Stonehill Master Fund Ltd.**

| | |
|---|---|
| **Buyer MEI:** | **KY1L177544** |
| **Attention:** | **Anthony Maietta** |
| **Phone No.:** | **212-739-7474** |
| **Fax No.:** | |
| **Email:** | **amaietta@stonehillcap.com** |

**From: Morgan Stanley Senior Funding, Inc.**

| | |
|---|---|
| **Seller MEI:** | **US1L022337** |
| **Attention:** | **Angelo Went** |
| **Phone No.:** | **4436274232** |
| **Fax No.:** | |
| **Email:** | **angelo.went@morganstanley.com** |

We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Distressed Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of July 21, 2023, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | |
|---|---|
| **Trade Date:** | 02/06/2024 |
| **Seller:** | Morgan Stanley Senior Funding, Inc.     ☑ Principal ☐ Agent |
| **Buyer:** | Stonehill Master Fund Ltd.     ☑ Principal ☐ Agent |
| **Credit Agreement:** | CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent. |
| **Borrower:** | BYJU's Alpha, Inc. |
| **Form of Purchase:** | Assignment |

| Purchase Amount / Type of Debt: | Purchase Amount | Type of Debt | Facility | CUSIP |
|---|---|---|---|---|
| | USD ▓▓▓▓ | Term | Initial Term Loan | Y8800HAB6 |

<div align="center">6136759002</div>

LSTA EFFECTIVE July 21, 2023 Copyright © LSTA 2023. All rights reserved.      1

**Purchase Rate:** ▮▮▮▮▮▮ Initial Term Loan

**Accrued Interest:**
☐ Settled Without Accrued Interest
☑ Trades Flat
☐ Paid on Settlement Date

**Credit Documents to be provided:** No

**LSTA Standard Other Terms of Trade:**

☐ This Transaction shall be subject to the successful completion of the purchase by Seller of the Purchase Amount of the Debt to be sold to Buyer hereunder

☐ This Transaction shall be subject to the successful completion of the sale by Buyer of the Purchase Amount of the Debt to be purchased from Seller hereunder

☐ Flip representations shall apply (election is applicable only if Seller is a Riskless Principal (i.e., the first box above has been checked), the settlement of the sale of the Purchase Amount of the Debt to Buyer from Seller occurs no later than one (1) business day after the settlement of the purchase of the Purchase Amount of the Debt by Seller from Seller's immediate prior seller(s) and the other criteria specified in Section 11 of the Standard Terms and Conditions are met)

☐ Buyer shall be the Drafting Party

**Trade Specific Other Terms of Trade:**

Unless otherwise specified herein, Morgan Stanley Senior Funding, Inc. shall not be required to pay (in the aggregate) more than one-half of one Agent transfer fee for transactions (specified in this or any other Confirmation related to this trade) allocated by an investment manager or advisor to multiple funds or accounts.

Please see attached under "Other docs" additional trade confirm language agreed by both parties.

**Subject To:** Negotiation, execution and delivery of reasonably acceptable contracts and instruments of transfer in accordance herewith.

Please provide the signature of a duly authorized signatory where indicated below and return this letter to the attention of Michael Ferrara at the following fax number or by email at michael.ferrara@spglobal.com.

If you have any questions, please contact Michael Ferrara at +1 646 690 4313.

LSTA EFFECTIVE July 21, 2023 Copyright © LSTA 2023. All rights reserved.

**Morgan Stanley Senior Funding, Inc.**

By: _____

    Name:  Belkys Ortiz

    Title:   Attorney-in-fact

**Stonehill Master Fund Ltd.**
**By: Stonehill Capital Management, LLC, its Investment Adviser**

By: _____

    Name:  Anthony Maietta

    Title:   Authorized Signatory

6136759002

LSTA EFFECTIVE July 21, 2023 Copyright © LSTA 2023. All rights reserved.

# LSTA DISTRESSED TRADE CONFIRMATION

**To:** **Stonehill Institutional Partners, L.P.**

    **Buyer MEI:**     *US1L053225*

    **Attention:**     *Anthony Maietta*

    **Phone No.:**     *212-739-7474*

    **Fax No.:**

    **Email:**     *amaietta@stonehillcap.com*

**From:** **Bank of America, N.A.**

    **Seller MEI:**     *US1L223141*

    **Attention:**     *Seth Denson*

    **Phone No.:**     *646 556-2107*

    **Fax No.:**

    **Email:**     *seth.denson@bofa.com*

We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Distressed Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of July 21, 2023, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | |
|---|---|
| **Trade Date:** | 02/02/2024 |
| **Seller:** | Bank of America, N.A. or one of its affiliates    ☑ Principal   ☐ Agent |
| **Buyer:** | Stonehill Institutional Partners, L.P.    ☑ Principal   ☐ Agent |
| **Credit Agreement:** | CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent. |
| **Borrower:** | BYJU's Alpha, Inc. |
| **Form of Purchase:** | Assignment |

**Purchase Amount / Type of Debt:**

| Purchase Amount | Type of Debt | Facility | CUSIP |
|---|---|---|---|
| USD ▮▮▮▮▮ | Term | Initial Term Loan | Y8800HAB6 |

**Purchase Rate:** ▇▇▇ Initial Term Loan

**Accrued Interest:**
- ☐ Settled Without Accrued Interest
- ☑ Trades Flat
- ☐ Paid on Settlement Date

**Credit Documents
to be provided:** No

**LSTA Standard
Other Terms of Trade:**

☐ This Transaction shall be subject to the successful completion of the purchase by Seller of the Purchase Amount of the Debt to be sold to Buyer hereunder

☐ This Transaction shall be subject to the successful completion of the sale by Buyer of the Purchase Amount of the Debt to be purchased from Seller hereunder

☐ Flip representations shall apply (election is applicable only if Seller is a Riskless Principal (i.e., the first box above has been checked), the settlement of the sale of the Purchase Amount of the Debt to Buyer from Seller occurs no later than one (1) business day after the settlement of the purchase of the Purchase Amount of the Debt by Seller from Seller's immediate prior seller(s) and the other criteria specified in Section 11 of the Standard Terms and Conditions are met)

☐ Buyer shall be the Drafting Party

**Trade Specific
Other Terms of Trade:**

Unless otherwise specified herein, Bank of America, N.A. shall not be required to pay (in the aggregate) more than one full Agent transfer fee for the transactions (specified in this or any other Confirmation) allocated by an investment manager or advisor to multiple funds or accounts.

PLEASE SEE RIDER A ATTACHED.

**Subject To:** Negotiation, execution and delivery of reasonably acceptable contracts and instruments of transfer in accordance herewith.

Please provide the signature of a duly authorized signatory where indicated below and return this letter to the attention of Melinda Celaj at the following fax number (646)6904301 or by email at melinda.celaj@spglobal.com.

If you have any questions, please contact Melinda Celaj at (646)6904271.

Bank of America, N.A.

Stonehill Institutional Partners, L.P.
By: Stonehill Capital Management, LLC, its Investment Adviser

By: _____

Name: Kelly Candais

Title: VP

By: _____

Name: Doris Lau

Title: CFO

The Bank of America Global Loans and Special Situations Sales and Trading Desk conducts its sales and trading activity from the public side of the Information Wall, and you are reminded that you should not provide the Desk with any written or electronic loan-related information unless Bank of America expressly authorizes you to do so. All written or electronic loan related information, including materials relating to loan assignments and materials distributed under any loan or credit agreement, should be sent only to Jon Barnes, Bank of America, Credit and Information Group, NC1-027-15-01, 214 North Tryon Street, Charlotte, North Carolina 28255; HYPERLINK "mailto:bas.infomanager@bankofamerica.com"bas.infomanager@bankofamerica.com; 980-386-0805 (phone); 704-409-0768 (fax). In addition, you should not orally communicate to the Desk any non-public information relating to a company or a loan unless Bank of America expressly authorizes you to do so.

# LSTA DISTRESSED TRADE CONFIRMATION

**To:**  **Stonehill Institutional Partners, L.P.**

| | |
|---|---|
| **Buyer MEI:** | **US1L053225** |
| **Attention:** | **Anthony Maietta** |
| **Phone No.:** | **212-739-7474** |
| **Fax No.:** | |
| **Email:** | **amaietta@stonehillcap.com** |

**From:** **Bank of America, N.A.**

| | |
|---|---|
| **Seller MEI:** | **US1L223141** |
| **Attention:** | **Seth Denson** |
| **Phone No.:** | **646 556-2107** |
| **Fax No.:** | |
| **Email:** | **seth.denson@bofa.com** |

We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Distressed Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of July 21, 2023, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | |
|---|---|
| **Trade Date:** | 02/08/2024 |
| **Seller:** | Bank of America, N.A. or one of its affiliates    ☑ Principal  ☐ Agent |
| **Buyer:** | Stonehill Institutional Partners, L.P.    ☑ Principal  ☐ Agent |
| **Credit Agreement:** | CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent. |
| **Borrower:** | BYJU's Alpha, Inc. |
| **Form of Purchase:** | Assignment |

| **Purchase Amount / Type of Debt:** | Purchase Amount | Type of Debt | Facility | CUSIP |
|---|---|---|---|---|
| | USD ▮▮▮▮ | Term | Initial Term Loan | Y8800HAB6 |

**Purchase Rate:** ▮▮▮▮▮ Initial Term Loan

**Accrued Interest:**
- ☐ Settled Without Accrued Interest
- ☑ Trades Flat
- ☐ Paid on Settlement Date

**Credit Documents
to be provided:** No

**LSTA Standard
Other Terms of Trade:**

☐ This Transaction shall be subject to the successful completion of the purchase by Seller of the Purchase Amount of the Debt to be sold to Buyer hereunder

☐ This Transaction shall be subject to the successful completion of the sale by Buyer of the Purchase Amount of the Debt to be purchased from Seller hereunder

☐ Flip representations shall apply (election is applicable only if Seller is a Riskless Principal (i.e., the first box above has been checked), the settlement of the sale of the Purchase Amount of the Debt to Buyer from Seller occurs no later than one (1) business day after the settlement of the purchase of the Purchase Amount of the Debt by Seller from Seller's immediate prior seller(s) and the other criteria specified in Section 11 of the Standard Terms and Conditions are met)

☐ Buyer shall be the Drafting Party

**Trade Specific
Other Terms of Trade:**

Unless otherwise specified herein, Bank of America, N.A. shall not be required to pay (in the aggregate) more than one full Agent transfer fee for the transactions (specified in this or any other Confirmation) allocated by an investment manager or advisor to multiple funds or accounts.

PLEASE SEE RIDER A ATTACHED.

**Subject To:** Negotiation, execution and delivery of reasonably acceptable contracts and instruments of transfer in accordance herewith.

Please provide the signature of a duly authorized signatory where indicated below and return this letter to the attention of Melinda Celaj at the following fax number (646)6904301 or by email at melinda.celaj@spglobal.com.

If you have any questions, please contact Melinda Celaj at (646)6904271.

Bank of America, N.A.

**Stonehill Institutional Partners, L.P.**
**By: Stonehill Capital Management, LLC, its Investment**
**Adviser**

By: _(signature)_

Name: Kelly Landers

Title: VP

By: _Wang Mei Lau (signature)_

Name: Doris Lau

Title: CFO

The Bank of America Global Loans and Special Situations Sales and Trading Desk conducts its sales and trading activity from the public side of the Information Wall, and you are reminded that you should not provide the Desk with any written or electronic loan-related information unless Bank of America expressly authorizes you to do so. All written or electronic loan related information, including materials relating to loan assignments and materials distributed under any loan or credit agreement, should be sent only to Jon Barnes, Bank of America, Credit and Information Group, NC1-027-15-01, 214 North Tryon Street, Charlotte, North Carolina 28255; HYPERLINK "mailto:bas.infomanager@bankofamerica.com"bas.infomanager@bankofamerica.com; 980-386-0805 (phone); 704-409-0768 (fax). In addition, you should not orally communicate to the Desk any non-public information relating to a company or a loan unless Bank of America expressly authorizes you to do so.

# LSTA DISTRESSED TRADE CONFIRMATION

**To:**   **Stonehill Master Fund Ltd.**

|  |  |
|---|---|
| *Buyer MEI:* | **KY1L177544** |
| *Attention:* | **Anthony Maietta** |
| *Phone No.:* | **212-739-7474** |
| *Fax No.:* | |
| *Email:* | **amaietta@stonehillcap.com** |

**From:** **Bank of America, N.A.**

|  |  |
|---|---|
| *Seller MEI:* | **US1L223141** |
| *Attention:* | **Seth Denson** |
| *Phone No.:* | **646 556-2107** |
| *Fax No.:* | |
| *Email:* | **seth.denson@bofa.com** |

We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Distressed Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of July 21, 2023, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | |
|---|---|
| **Trade Date:** | 02/02/2024 |
| **Seller:** | Bank of America, N.A. or one of its affiliates ☑ Principal ☐ Agent |
| **Buyer:** | Stonehill Master Fund Ltd. ☑ Principal ☐ Agent |
| **Credit Agreement:** | CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent. |
| **Borrower:** | BYJU's Alpha, Inc. |
| **Form of Purchase:** | Assignment |

| **Purchase Amount / Type of Debt:** | Purchase Amount | Type of Debt | Facility | CUSIP |
|---|---|---|---|---|
| | USD ▮▮▮ | Term | Initial Term Loan | Y8800HAB6 |

6131478002

**Purchase Rate:** ▮▮▮▮   Initial Term Loan

**Accrued Interest:**
- ☐ Settled Without Accrued Interest
- ☑ Trades Flat
- ☐ Paid on Settlement Date

**Credit Documents
to be provided:**   No

**LSTA Standard
Other Terms of Trade:**

☐ This Transaction shall be subject to the successful completion of the purchase by Seller of the Purchase Amount of the Debt to be sold to Buyer hereunder

☐ This Transaction shall be subject to the successful completion of the sale by Buyer of the Purchase Amount of the Debt to be purchased from Seller hereunder

☐ Flip representations shall apply (election is applicable only if Seller is a Riskless Principal (i.e., the first box above has been checked), the settlement of the sale of the Purchase Amount of the Debt to Buyer from Seller occurs no later than one (1) business day after the settlement of the purchase of the Purchase Amount of the Debt by Seller from Seller's immediate prior seller(s) and the other criteria specified in Section 11 of the Standard Terms and Conditions are met)

☐ Buyer shall be the Drafting Party

**Trade Specific
Other Terms of Trade:**

Unless otherwise specified herein, Bank of America, N.A. shall not be required to pay (in the aggregate) more than one full Agent transfer fee for the transactions (specified in this or any other Confirmation) allocated by an investment manager or advisor to multiple funds or accounts.

PLEASE SEE RIDER A ATTACHED.

**Subject To:**   Negotiation, execution and delivery of reasonably acceptable contracts and instruments of transfer in accordance herewith.

Please provide the signature of a duly authorized signatory where indicated below and return this letter to the attention of Melinda Celaj at the following fax number (646)6904301 or by email at melinda.celaj@spglobal.com.

If you have any questions, please contact Melinda Celaj at (646)6904271.

Bank of America, N.A.

Stonehill Master Fund Ltd.
By: Stonehill Capital Management, LLC, its Investment
Adviser


By: _____

Name: _____

Title: _____


By: _____

Name: Doris Lau

Title: CFO


The Bank of America Global Loans and Special Situations Sales and Trading Desk conducts its sales and trading activity from the public side of the Information Wall, and you are reminded that you should not provide the Desk with any written or electronic loan-related information unless Bank of America expressly authorizes you to do so. All written or electronic loan related information, including materials relating to loan assignments and materials distributed under any loan or credit agreement, should be sent only to Jon Barnes, Bank of America, Credit and Information Group, NC1-027-15-01, 214 North Tryon Street, Charlotte, North Carolina 28255; HYPERLINK "mailto:bas.infomanager@bankofamerica.com"bas.infomanager@bankofamerica.com; 980-386-0805 (phone); 704-409-0768 (fax). In addition, you should not orally communicate to the Desk any non-public information relating to a company or a loan unless Bank of America expressly authorizes you to do so.

# LSTA DISTRESSED TRADE CONFIRMATION

**To:**  *Stonehill Master Fund Ltd.*

    *Buyer MEI:*      *KY1L177544*

    *Attention:*      *Anthony Maietta*

    *Phone No.:*      *212-739-7474*

    *Fax No.:*

    *Email:*      *amaietta@stonehillcap.com*

**From:**  *Bank of America, N.A.*

    *Seller MEI:*      *US1L223141*

    *Attention:*      *Seth Denson*

    *Phone No.:*      *646 556-2107*

    *Fax No.:*

    *Email:*      *seth.denson@bofa.com*

We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Distressed Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of July 21, 2023, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration between Loan Traders with regard to Cover Price for Trades that Do Not Settle by BISO Trigger Date" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | |
|---|---|
| **Trade Date:** | 02/08/2024 |
| **Seller:** | Bank of America, N.A. or one of its affiliates    ☑ Principal    ☐ Agent |
| **Buyer:** | Stonehill Master Fund Ltd.    ☑ Principal    ☐ Agent |
| **Credit Agreement:** | CREDIT AND GUARANTY AGREEMENT, dated as of November 24, 2021, among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), BYJU's Alpha, Inc, a Delaware corporation (the "Borrower"), certain Subsidiaries of the Parent Guarantor (together with the Parent Guarantor, the "Initial Guarantors" and each individually, an "Initial Guarantor"), each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender"), and GLAS Trust Company LLC, a limited liability company organized and existing under the laws of the State of New Hampshire, as Administrative Agent and as Collateral Agent. |
| **Borrower:** | BYJU's Alpha, Inc. |
| **Form of Purchase:** | Assignment |

**Purchase Amount / Type of Debt:**

| Purchase Amount | Type of Debt | Facility | CUSIP |
|---|---|---|---|
| USD ▮▮▮▮▮ | Term | Initial Term Loan | Y8800HAB6 |

**Purchase Rate:** ▊▊▊▊▊  Initial Term Loan

**Accrued Interest:**
☐ Settled Without Accrued Interest
☑ Trades Flat
☐ Paid on Settlement Date

**Credit Documents
to be provided:**    No

**LSTA Standard
Other Terms of Trade:**

☐ This Transaction shall be subject to the successful completion of the purchase by Seller of the Purchase Amount of the Debt to be sold to Buyer hereunder

☐ This Transaction shall be subject to the successful completion of the sale by Buyer of the Purchase Amount of the Debt to be purchased from Seller hereunder

☐ Flip representations shall apply (election is applicable only if Seller is a Riskless Principal (i.e., the first box above has been checked), the settlement of the sale of the Purchase Amount of the Debt to Buyer from Seller occurs no later than one (1) business day after the settlement of the purchase of the Purchase Amount of the Debt by Seller from Seller's immediate prior seller(s) and the other criteria specified in Section 11 of the Standard Terms and Conditions are met)

☐ Buyer shall be the Drafting Party

**Trade Specific
Other Terms of Trade:**

Unless otherwise specified herein, Bank of America, N.A. shall not be required to pay (in the aggregate) more than one full Agent transfer fee for the transactions (specified in this or any other Confirmation) allocated by an investment manager or advisor to multiple funds or accounts.

PLEASE SEE RIDER A ATTACHED.

**Subject To:**    Negotiation, execution and delivery of reasonably acceptable contracts and instruments of transfer in accordance herewith.

Please provide the signature of a duly authorized signatory where indicated below and return this letter to the attention of Melinda Celaj at the following fax number (646)6904301 or by email at melinda.celaj@spglobal.com.

If you have any questions, please contact Melinda Celaj at (646)6904271.

Bank of America, N.A.

Stonehill Master Fund Ltd.
By: Stonehill Capital Management, LLC, its Investment
Adviser

By: _Kelly_

Name: Kelly Conders

Title: VP

By: _Wang Mei Lan_

Name: Doris Lau

Title: CFO

The Bank of America Global Loans and Special Situations Sales and Trading Desk conducts its sales and trading activity from the public side of the Information Wall, and you are reminded that you should not provide the Desk with any written or electronic loan-related information unless Bank of America expressly authorizes you to do so. All written or electronic loan related information, including materials relating to loan assignments and materials distributed under any loan or credit agreement, should be sent only to Jon Barnes, Bank of America, Credit and Information Group, NC1-027-15-01, 214 North Tryon Street, Charlotte, North Carolina 28255; HYPERLINK "mailto:bas.infomanager@bankofamerica.com"bas.infomanager@bankofamerica.com; 980-386-0805 (phone); 704-409-0768 (fax). In addition, you should not orally communicate to the Desk any non-public information relating to a company or a loan unless Bank of America expressly authorizes you to do so.

## **Schedule 12-A**

**Corporate Ownership Statement for Diameter Petitioning Creditors**

## **Schedule 12-A – No Corporate Ownership Statement Required**
## **for Diameter Petitioning Creditors**

Each of the petitioning creditors identified on Schedule 12-B attached hereto (each a "Diameter Petitioning Creditor" and collectively, the "Diameter Petitioning Creditors") is a limited partnership, which is not a corporation under 11 U.S.C. § 101(9). Accordingly, the Diameter Petitioning Creditors are exempt from the requirement to file a corporate ownership statement under Federal Rule of Bankruptcy Procedure 7007.1, which is made applicable through Federal Rule of Bankruptcy Procedure 1010(b).

**<u>Schedule 12-B</u>**

**Claim Detail for Diameter Petitioning Creditors**

**Schedule 12-B** to Neuron Fuel, Inc. Involuntary Bankruptcy Petition
**Claim Detail for Diameter Petitioning Creditors**

| Name of Petitioning Creditor | Nature of Claim | Amount of the Claim Above the Value of Any Lien* | Corporate Entities Directly or Indirectly Owning 10% or More of Petitioning Creditor's Stock | Has There Been a Transfer of the Claim by or to the Petitioning Creditor? |
|---|---|---|---|---|
| DIAMETER DISLOCATION MASTER FUND LP | Term loan holdings | $ ███ | N/A | No |
| Diameter Dislocation Master Fund II LP | Term loan holdings | $ ███ | N/A | No |
| DIAMETER MASTER FUND LP | Term loan holdings | $ ███ | N/A | No |

* This amount represents the Petitioning Creditor's current total holdings under the Credit and Guaranty Agreement.  While such claim is secured, the Petitioning Creditor agrees individually, and the Petitioning Creditors agree jointly and severally, to cap their collective secured claim at an amount that is $18,600 less than the face amount of their collective claims.

## **Schedule 13-A**

**Corporate Ownership Statement for Ellington Petitioning Creditors**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Neuron Fuel, Inc. | Case No. 24-_____ - (___) |
| Alleged Debtor. | |

### CORPORATE OWNERSHIP STATEMENT OF ELLINGTON PETITIONING CREDITORS

Pursuant to Rules 1010(b) and 7007-1 of the Federal Rules of Bankruptcy Procedure, Ellington CLO III, Ltd. and Ellington Special Relative Value Fund LLC (each an "Ellington Petitioning Creditor" and collectively, the "Ellington Petitioning Creditors") hereby submit this consolidated corporate ownership statement (this "Corporate Ownership Statement") in connection with the involuntary chapter 11 bankruptcy petition filed against Neuron Fuel, Inc. ("Neuron Fuel").  Each Ellington Petitioning Creditor is a separate and distinct lender under that certain Credit and Guaranty Agreement, dated as of November 24, 2021 by and among BYJU's Alpha, Inc., Think and Learn Private Limited ("Parent Guarantor"), certain subsidiaries of the Parent Guarantor (including, but not limited to, Neuron Fuel), each lender party thereto, and GLAS Trust Company LLC, as administrative agent and as collateral agent.  Ellington Management Group L.L.C. is the Investment Manager of Ellington Special Relative Value Fund L.L.C. and Ellington CLO Management L.L.C. is the collateral manager of Ellington CLO III, Ltd.  As set forth in Column D of **Schedule 13-B** attached hereto, no Ellington Petitioning Creditor has a corporate parent and no corporate entity directly or indirectly owns 10% or more of any Ellington Petitioning Creditor's equity interests.

1

## **Declaration Under Penalty of Perjury**

I, the undersigned authorized representative of Ellington Management Group L.L.C., and Ellington CLO Management L.L.C. have authority to execute this Corporate Ownership Statement and the related involuntary bankruptcy petition for Neuron Fuel on behalf of each Ellington Petitioning Creditor.  I declare under penalty of perjury that I have reviewed this Corporate Ownership Statement and **Schedule 13-B** attached hereto, and that all information contained therein is true and correct to the best of my knowledge, information and belief, with reliance on appropriate corporate officers.

*[Signature Page to Follow]*

2

Dated: June 4, 2024

_____

Name:          Daniel Margolis
Title:          General Counsel
Company:     Ellington Management Group
L.L.C. and Ellington CLO Management L.L.C.

*On behalf of Ellington CLO III, Ltd. and*
*Ellington Special Relative Value Fund LLC*

3

## **Schedule 13-B**

**Claim Detail for Ellington Petitioning Creditors**

**Schedule 13-B** to Neuron Fuel, Inc. Involuntary Bankruptcy Petition

**Claim Detail for Ellington CLO III, Ltd. and Ellington Special Relative Value Fund LLC**

| Name of Petitioning Creditor | Nature of Claim | Above the Value of Any Lien* | Corporate Entities Directly or Indirectly Owning 10% or More of Petitioning Creditor's Stock | Has There Been a Transfer of the Claim by or to the Petitioning |
|---|---|---|---|---|
| Ellington CLO III, Ltd. | Term loan holdings | $ ▓▓▓▓ | None | No |
| Ellington Special Relative Value Fund L.L.C. | Term loan holdings | $ ▓▓▓▓ | None | No |

\* This amount represents the Petitioning Creditor's current total holdings under the Credit and Guaranty Agreement.  While such claim is secured, the Petitioning Creditor agrees individually, and the Petitioning Creditors agree jointly and severally, to cap their collective secured claim at an amount that is $18,600 less than the face amount of their collective claims.

## <u>Schedule 14-A</u>

**Corporate Ownership Statement for GLAS Trust Company LLC**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Neuron Fuel, Inc. | Case No. 24-_____ - (___) |
| Alleged Debtor. | |

## CORPORATE OWNERSHIP STATEMENT OF GLAS TRUST COMPANY LLC

Pursuant to Rules 1010(b) and 7007-1 of the Federal Rules of Bankruptcy Procedure, GLAS Trust Company LLC, in its capacity as administrative agent and collateral agent under the Credit Agreement (defined below) (the "Petitioning Agent Creditor"), hereby submits this corporate ownership statement (this "Corporate Ownership Statement") in connection with the involuntary chapter 11 bankruptcy petition filed against Neuron Fuel, Inc. ("Neuron Fuel").  The Petitioning Agent Creditor, as administrative agent and collateral agent under the Credit Agreement, possesses a separate and distinct right to enforce and pursue the claims of individual lenders, at the direction of the required lenders, under that certain Credit and Guaranty Agreement (the "Credit Agreement"), dated as of November 24, 2021 by and among BYJU's Alpha, Inc., Think and Learn Private Limited ("Parent Guarantor"), certain subsidiaries of the Parent Guarantor (including, but not limited to, Neuron Fuel), each lender party thereto, and Petitioning Agent Creditor, as administrative agent and as collateral agent.  The below list identifies the Petitioning Agent Creditor's corporate parent and those corporate entities that directly or indirectly own 10% or more of the Petitioning Agent Creditor's equity interests:

1.     GLAS USA LLC (parent) holds 100% of the Petitioning Agent Creditor's equity interests;

2.        Global Loan Agency Services Limited holds 100% of GLAS USA LLC's equity interests;

3.        GLAS Holdings Limited holds 100% of Global Loan Agency Services Limited's equity interests;

4.        Unicorn Bidco Limited holds 100% of GLAS Holdings Limited's equity interests;

5.        Unicorn Midco 2 Limited holds 100% of Unicorn BidCo Limited's equity interests;

6.        Unicorn Midco 1 Limited holds 100% of Unicorn Midco 2 Limited's equity interests;

7.        Unicorn Topco Limited holds 100% of Unicorn Midco 1 Limited's equity interests; and

8.        Levine Leichtman Capital Partners Europe II SCSp holds 36.6% of Unicorn Topco Limited's equity interests.

## **Declaration Under Penalty of Perjury**

I, the undersigned authorized representative of the Petitioning Agent Creditor, have authority to execute this Corporate Ownership Statement and the related involuntary bankruptcy petition for Neuron Fuel on behalf of the Petitioning Agent Creditor, in its capacity as administrative agent and collateral agent under the Credit Agreement.  I declare under penalty of perjury that I have reviewed this Corporate Ownership Statement, and that all information contained therein is true and correct to the best of my knowledge, information and belief, with reliance on appropriate corporate officers.

*[Signature Page to Follow]*

Dated: June 4, 2024

_/s/ Katie Fischer_____

Name:        Katie Fischer
Title:        Transaction Manager – Vice
              President
Company:    GLAS Trust Company LLC

_On behalf of the Petitioning Agent Creditor, in
its capacity as administrative agent and
collateral agent_

4

## Schedule 15-A

**Corporate Ownership Statement for Continental Casualty Company**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Neuron Fuel, Inc. | Case No. 24-_____ - (___) |
| Alleged Debtor. | |

## CORPORATE OWNERSHIP STATEMENT OF CONTINENTAL CASUALTY COMPANY

Pursuant to Rules 1010(b) and 7007-1 of the Federal Rules of Bankruptcy Procedure, Continental Casualty Company (the "CCC Petitioning Creditor") hereby submits this corporate ownership statement (this "Corporate Ownership Statement") in connection with the involuntary chapter 11 bankruptcy petition filed against Neuron Fuel, Inc. ("Neuron Fuel").  The CCC Petitioning Creditor is a lender under that certain Credit and Guaranty Agreement, dated as of November 24, 2021 by and among BYJU's Alpha, Inc., Think and Learn Private Limited ("Parent Guarantor"), certain subsidiaries of the Parent Guarantor (including, but not limited to, Neuron Fuel), each lender party thereto, and GLAS Trust Company LLC, as administrative agent and as collateral agent.  As set forth in Column D of **Schedule 15-B** attached hereto, the CCC Petitioning Creditor is a wholly owned subsidiary of The Continental Corporation, which is a wholly owned subsidiary of CNA Financial Corporation, a publicly traded company.  Loews Corporation, a publicly traded company, owns approximately 92% of CNA Financial Corporation.

### Declaration Under Penalty of Perjury

I, the undersigned authorized representative of Continental Casualty Company, have authority to execute this Corporate Ownership Statement and the related involuntary bankruptcy petition for Neuron Fuel on behalf of the CCC Petitioning Creditor.  I declare under penalty of

perjury that I have reviewed this Corporate Ownership Statement and **<u>Schedule 15-B</u>** attached hereto, and that all information contained therein is true and correct to the best of my knowledge, information and belief, with reliance on appropriate corporate officers.

*[Signature Page to Follow]*

Dated: June 4, 2024



Name:      Amy C. Adams
Title:        Senior Vice President & Treasurer
Company:   Continental Casualty Company

*On behalf of Continental Casualty Company*

CNA
Approved by Law Dept:
Michael Coffey

## **Schedule 15-B**

**Claim Detail for Continental Casualty Company**

**Schedule 15-B** to Neuron Fuel, Inc. Involuntary Bankruptcy Petition

**Claim Detail for Continental Casualty Company**

| Name of Petitioning Creditor | Nature of Claim | Amount of the Claim Above the Value of Any Lien* | Corporate Entities Directly or Indirectly Owning 10% or More of Petitioning Creditor's Stock | Has There Been a Transfer of the Claim by or to the Petitioning Creditor? |
|---|---|---|---|---|
| Continental Casualty Company | Term loan holdings | $ ▉ | Continental Casualty Company is a wholly owned subsidiary of The Continental Corporation, which is a wholly owned subsidiary of CNA Financial Corporation, a publicly traded company. Loews Corporation, a publicly traded company, owns approximately 92% of CNA Financial Corporation. | No |

* This amount represents the Petitioning Creditor's current total holdings under the Credit and Guaranty Agreement.  While such claim is secured, the Petitioning Creditor agrees individually, and the Petitioning Creditors agree jointly and severally, to cap their collective secured claim at an amount that is $18,600 less than the face amount of their collective claims.

## **Schedule 16-A**

**Corporate Ownership Statement for India Credit Solutions, L.P.**

## **Schedule 16-A – No Corporate Ownership Statement Required for India Credit Solutions, L.P.**

India Credit Solutions, L.P. is a limited partnership, which is not a corporation under 11 U.S.C. § 101(9). Accordingly, India Credit Solutions, L.P. is exempt from the requirement to file a corporate ownership statement under Federal Rule of Bankruptcy Procedure 7007.1, which is made applicable through Federal Rule of Bankruptcy Procedure 1010(b).

**<u>Schedule 16-B</u>**

**Claim Detail for India Credit Solutions, L.P.**

**Schedule 16-B** to Neuron Fuel, Inc. Involuntary Bankruptcy Petition
**Claim Detail for India Credit Solutions, L.P.**

| Name of Varde Petitioning Creditor | Nature of Claim | Amount of the Claim Above the Value of Any Lien* | Corporate Entities Directly or Indirectly Owning 10% or More of Petitioning Creditor's Stock | Has There Been a Transfer of the Claim by or to the Petitioning Creditor? |
|---|---|---|---|---|
| India Credit Solutions, L.P. | Term loan holdings | $ ███ | N/A - limited partnership | No |

* This amount represents the Petitioning Creditor's current total holdings under the Credit and Guaranty Agreement.  While such claim is secured, the Petitioning Creditor agrees individually, and the Petitioning Creditors agree jointly and severally, to cap their collective secured claim at an amount that is $18,600 less than the face amount of their collective claims.