## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EPIC! CREATIONS, INC., | Case No. 24-11161 (JTD) |
| Alleged Debtor. | |
| Tax I.D. No. 46-1689113 | |
| In re: | Chapter 11 |
| NEURON FUEL, INC., | Case No. 24-11162 (JTD) |
| Alleged Debtor. | |
| Tax I.D. No. 87-1778758 | |
| In re: | Chapter 11 |
| TANGIBLE PLAY, INC., | Case No. 24-11163 (JTD) |
| Alleged Debtor. | |
| Tax I.D. No. 46-1719331 | **Re: Docket Nos. 1 and 2** |

## JOINDER OF THE GAMSTAR PETITIONING CREDITORS IN INVOLUNTARY CHAPTER 11 BANKRUPTCY PETITION OF NEURON FUEL, INC.

Gamstar (US) V Pte Ltd and Gamstar (US) VI Pte Ltd (each a "<u>Gamstar Petitioning Creditor</u>" and collectively, the "<u>Gamstar Petitioning Creditors</u>"), each a creditor of Neuron Fuel, Inc. (the "<u>Alleged Debtor</u>"), by and through their undersigned counsel, hereby join the involuntary petition filed against the Alleged Debtor (the "<u>Petition</u>") by the Petitioning Creditors,[1] pursuant to

---

[1] The "Petitioning Creditors" are comprised of (i) GLAS Trust Company LLC, in its capacity as administrative and collateral agent ("<u>GLAS</u>") under the Credit Agreement (as defined in the *Petitioning Creditors' Motion for Entry of an Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 4]) and (ii) certain lenders under the Credit Agreement (each a "<u>Petitioning Lender Creditor</u>" and collectively, the "<u>Petitioning Lender Creditors</u>").

11 U.S.C. § 303(c) and Rule 1003(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and respectfully state as follows:

1.      Each Gamstar Petitioning Creditor is a separate and distinct lender under the Credit and Guaranty Agreement, dated as of November 24, 2021 (the "Credit and Guaranty Agreement") by and among BYJU's Alpha, Inc., Think and Learn Private Limited ("Parent Guarantor"), certain subsidiaries of the Parent Guarantor (including, but not limited to, the Alleged Debtor) each lender party thereto, and GLAS Trust Company LLC, as administrative agent and as collateral agent. Each Gamster Petitioning Creditor, in its individual capacity, holds an unsecured claim against the Alleged Debtor that is noncontingent, liquidated, and not subject to a bona fide dispute as to liability, for amounts owed under the Credit and Agreement, as set forth more fully in **Schedule 17-B** annexed hereto.

2.      Each Gamstar Petitioning Creditor has a place of business at 168 Robinson Road, #37-01 Capital Tower, Singapore.

3.      Attached hereto as **Schedule 17-A** is a joint corporate ownership statement of the Gamstar Petitioning Creditors pursuant to Bankruptcy Rule 1010(a).

4.      Attached hereto as **Schedule 17-B** is a summary setting forth the details of each Gamstar Petitioning Creditor's claim against the Alleged Debtor.[2]

5.      Attached hereto as **Schedule 17-C** is a declaration affirming that each Gamstar Petitioning Creditor's claim was not transferred for the purpose of commencing the case pursuant to Bankruptcy Rule 1003(a) and attaching evidence of such claim transfers.[3]

---

[2] **Schedule 17-B** has been redacted consistent with the relief requested in the *Petitioning Creditors' Motion for Entry of an Order Authorizing the Filing of Certain Confidential Information and Related Documents Under Seal* [Docket No. 6].

[3] **Schedule 17-C, Ex. A** has been redacted consistent with the relief requested in the *Petitioning Creditors' Motion for Entry of an Order Authorizing the Filing of Certain Confidential Information and Related Documents Under Seal* [Docket No. 6].

**WHEREFORE,** pursuant to 11 U.S.C. 303(c) and Rule 1003(b) of the Federal Bankruptcy Rules, the Gamstar Petitioning Creditors respectfully join this case in support of the Petition heretofore filed by the Petitioning Creditors against the Alleged Debtor and, in connection therewith, the Gamstar Petitioning Creditors respectfully request that the Court proceed with appropriate factfinding, discovery, and trial proceedings on the Petition, and this joinder thereto.

*[**Remainder of Page Intentionally Blank**]*

67600/0001-47945611v1

Dated: June 20, 2024
Wilmington, Delaware

/s/ G. David Dean

**COLE SCHOTZ P.C.**
G. David Dean (DE Bar No. 6403)
Justin R. Alberto (DE Bar No. 5126)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone:    (302) 652-3131
Facsimile:    (302) 652-3117
Email: ddean@coleschotz.com
        jalberto@coleschotz.com

-and-

Seth Van Aalten (admitted *pro hac vice*)
Sarah Carnes (admitted *pro hac vice*)
Bryant P. Churbuck (admitted *pro hac vice*)
1325 Avenue of the Americas
19th Floor
New York, NY 10019
Telephone:    (212) 752-8000
Facsimile:    (212) 752-8393
Email: svanaalten@coleschotz.com
        scarnes@coleschotz.com
        bchurbuck@coleschotz.com

-and-

**CAHILL GORDON & REINDEL LLP**
Joel Moss (admitted *pro hac vice*)
Richard A. Stieglitz Jr. (admitted *pro hac vice*)
Sesi Garimella (admitted *pro hac vice*)
Jordan Wishnew (admitted *pro hac vice*)
32 Old Slip
New York, NY 10005
Telephone:    (212) 701-3000
Facsimile:    (212) 269-5420
Email: jmoss@cahill.com
        rstieglitz@cahill.com
        sgarimella@cahill.com
        jwishnew@cahill.com

*Counsel to the Petitioning Lender Creditors*

## **Schedule 17-A**

**Corporate Ownership Statement for Gamstar Petitioning Creditors**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Neuron Fuel, Inc. | Case No. 24-11162 (JTD) |
| Alleged Debtor. | |

### CORPORATE OWNERSHIP STATEMENT OF GAMSTAR PETITIONING CREDITORS

Pursuant to Rules 1010(b) and 7007-1 of the Federal Rules of Bankruptcy Procedure, Gamstar (US) V Pte Ltd and Gamstar (US) VI Pte Ltd (each a "Gamstar Petitioning Creditor" and collectively, the "Gamstar Petitioning Creditors") hereby submit this consolidated corporate ownership statement (this "Corporate Ownership Statement") in connection with the involuntary chapter 11 bankruptcy petition filed against Neuron Fuel, Inc. ("Neuron Fuel"). Each Gamstar Petitioning Creditor is a separate and distinct lender under that certain Credit and Guaranty Agreement, dated as of November 24, 2021 by and among BYJU's Alpha, Inc., Think and Learn Private Limited ("Parent Guarantor"), certain subsidiaries of the Parent Guarantor (including, but not limited to, Neuron Fuel), each lender party thereto, and GLAS Trust Company LLC, as administrative agent and as collateral agent. As set forth in Column D of **Schedule 17-B** attached hereto, the Gamstar Petitioning Creditors are both wholly and directly owned by Deltavest Pte Ltd., and no publicly held corporation owns 10% or more of any Gamstar Petitioning Creditor's stock.

### Declaration Under Penalty of Perjury

I, the undersigned authorized representative of the Gamstar Petitioning Creditors, have authority to execute this Corporate Ownership Statement and the related involuntary bankruptcy

1

petition for Neuron Fuel on behalf of each Gamstar Petitioning Creditor.  I declare under penalty of perjury that I have reviewed this Corporate Ownership Statement and **Schedule 17-B** attached hereto, and that all information contained therein is true and correct to the best of my knowledge, information and belief, with reliance on appropriate corporate officers.

*[Signature Page to Follow]*

67600/0001-47866552v1

Dated: June 12 , 2024

_____

Name:   Liew Tzu Mi
Title:    Director
Company: Gamstar (US) V Pte Ltd and Gamstar (US) VI Pte Ltd

*On behalf of Gamstar (US) V Pte Ltd and Gamstar (US) VI Pte Ltd*

3

**Schedule 17-B**

**Claim Detail for Gamstar Petitioning Creditors**

**Schedule 17-B** **to Neuron Fuel, Inc. Involuntary Bankruptcy Petition**
**Claim Detail for Gamstar (US) V Pte LTD and Gamstar (US) VI Pte LTD**

| Name of Petitioning Creditor | Nature of Claim | Amount of the Claim Above the Value of Any Lien* | Corporate Entities Directly or Indirectly Owning 10% or More of Petitioning Creditor's Stock | Has There Been a Transfer of the Claim by or to the Petitioning Creditor? |
|---|---|---|---|---|
| Gamstar (US) V Pte LTD | Term loan holdings | ██████ | wholly owned subsidiary of Deltavest Pte Ltd. | Yes |
| Gamstar (US) VI Pte LTD | Term loan holdings | | wholly owned subsidiary of Deltavest Pte Ltd. | Yes |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

*This amount represents the Petitioning
Creditor's current total holdings under the
Credit and Guaranty Agreement.  While such
claim is secured, the Petitioning Creditor
agrees individually, and the Petitioning
Creditors agree jointly and severally, to cap
their collective secured claim at an amount
that is $18,600 less than the face amount of
their collective claims.

**<u>Schedule 17-C</u>**

**Gamstar Petitioning Creditors 1003(a) Declaration**

**<u>Exhibit A</u>**

**Gamstar Petitioning Creditors Claim Transfer Supporting Documents**

## ASSIGNMENT AND ASSUMPTION

This Assignment and Assumption (the "Assignment and Assumption") is dated as of the Effective Date set forth below and is entered into by and between Morgan Stanley Senior Funding, Inc. (the "Assignor") and Gamstar (US) V Pte. Ltd. (the "Assignee"). Capitalized terms used but not defined herein shall have the meanings given to them in the Credit and Guaranty Agreement identified below, receipt of a copy of which is hereby acknowledged by the Assignee. The Standard Terms and Conditions set forth in Annex I attached hereto (the "Standard Terms and Conditions") are hereby agreed to and incorporated herein by reference and made a part of this Assignment and Assumption as if set forth herein in full.

For an agreed consideration, the Assignor hereby irrevocably sells and assigns to the Assignee, and the Assignee hereby irrevocably purchases and assumes from the Assignor, subject to and in accordance with the Standard Terms and Conditions and the Credit Agreement, as of the Effective Date inserted by the Administrative Agent as contemplated below (i) all of the Assignor's rights and obligations in its capacity as a Lender under the Credit Agreement and any other documents or instruments delivered pursuant thereto to the extent related to the amount and percentage interest identified below of all of such outstanding rights and obligations of the Assignor under the facility identified below (including any guarantees included in such facility) and (ii) to the extent permitted to be assigned under applicable law, all claims, suits, causes of action and any other right of the Assignor (in its capacity as a Lender) against any Person, whether known or unknown, arising under or in connection with the Credit Agreement, any other documents or instruments delivered pursuant thereto or the loan transactions governed thereby or in any way based on or related to any of the foregoing, including contract claims, tort claims, malpractice claims, statutory claims and all other claims at law or in equity related to the rights and obligations sold and assigned pursuant to clause (i) above (the rights and obligations sold and assigned pursuant to clauses (i) and (ii) above being referred to herein collectively as the "Assigned Interest"). Such sale and assignment is without recourse to the Assignor and, except as expressly provided in this Assignment and Assumption, without representation or warranty by the Assignor

| | | |
|---|---|---|
| 1. | Assignor: | Morgan Stanley Senior Funding, Inc. |
| 2. | Assignee: | Gamstar (US) V Pte. Ltd. |
| 3. | Borrower: | BYJU's Alpha, Inc. (the "Borrower") |
| 4. | Administrative Agent: | GLAS Trust Company LLC, as the administrative agent under the Credit Agreement. |
| 5. | Credit Agreement: | Credit and Guaranty Agreement, dated as of November 24, 2021 (as amended, restated, amended and restated, supplemented, extended and/or otherwise modified from time to time, the "Credit Agreement"), among BYJU's Alpha, Inc. as the Borrower, the Guarantors from time to time party thereto, the Lenders from time to time party thereto, and GLAS Trust Company LLC as the Administrative Agent and the Collateral Agent. |

6.    Assigned Interest:

| Facility Assigned | Aggregate Amount of Term Loans for all Lenders | Amount of Terms Loans Assigned | Percentage Assigned of Term Loans |
|---|---|---|---|
| Initial Term Loan | USD 1,200,000,000.00 | ███████████ | ███████████ |

Effective Date:            December 20, 2021

The Assignee agrees to deliver to the Administrative Agent a completed Administrative Questionnaire in which the Assignee designates one or more credit contacts to whom all syndicate-level information (which may contain material non-public information about the Loan Parties and their Related Parties or their respective securities) will be made available and who may receive such information in accordance with the Assignee's compliance procedures and applicable laws, including Federal and state securities laws.

The terms set forth in this Assignment and Assumption are hereby agreed to:

ASSIGNOR

**MORGAN STANLEY SENIOR FUNDING, INC., as Assignor**

By: _____

Name: Josh Herrera

Title: Authorized Signatory

ASSIGNEE

**GAMSTAR (US) V PTE. LTD., as Assignee**

By: _____

Name: Tze Meng Toh

Title: Senior Vice President

By: _____

Name: Linrong Wee

Title: ISPM SVP

Consented to and Accepted:

**GLAS TRUST COMPANY LLC, as Administrative Agent**



By: _____

Name: Serena Harrell

Title: Authorized Signatory

Consented to:

**BYJU'S ALPHA, INC.**

By: _____

Name: Riju Ravindran

Title: Director

## ASSIGNMENT AND ASSUMPTION

This Assignment and Assumption (the "Assignment and Assumption") is dated as of the Effective Date set forth below and is entered into by and between Morgan Stanley Senior Funding, Inc. (the "Assignor") and Gamstar (US) VI Pte. Ltd. (the "Assignee"). Capitalized terms used but not defined herein shall have the meanings given to them in the Credit and Guaranty Agreement identified below, receipt of a copy of which is hereby acknowledged by the Assignee. The Standard Terms and Conditions set forth in Annex I attached hereto (the "Standard Terms and Conditions") are hereby agreed to and incorporated herein by reference and made a part of this Assignment and Assumption as if set forth herein in full.

For an agreed consideration, the Assignor hereby irrevocably sells and assigns to the Assignee, and the Assignee hereby irrevocably purchases and assumes from the Assignor, subject to and in accordance with the Standard Terms and Conditions and the Credit Agreement, as of the Effective Date inserted by the Administrative Agent as contemplated below (i) all of the Assignor's rights and obligations in its capacity as a Lender under the Credit Agreement and any other documents or instruments delivered pursuant thereto to the extent related to the amount and percentage interest identified below of all of such outstanding rights and obligations of the Assignor under the facility identified below (including any guarantees included in such facility) and (ii) to the extent permitted to be assigned under applicable law, all claims, suits, causes of action and any other right of the Assignor (in its capacity as a Lender) against any Person, whether known or unknown, arising under or in connection with the Credit Agreement, any other documents or instruments delivered pursuant thereto or the loan transactions governed thereby or in any way based on or related to any of the foregoing, including contract claims, tort claims, malpractice claims, statutory claims and all other claims at law or in equity related to the rights and obligations sold and assigned pursuant to clause (i) above (the rights and obligations sold and assigned pursuant to clauses (i) and (ii) above being referred to herein collectively as the "Assigned Interest"). Such sale and assignment is without recourse to the Assignor and, except as expressly provided in this Assignment and Assumption, without representation or warranty by the Assignor

1. Assignor: Morgan Stanley Senior Funding, Inc.

2. Assignee: Gamstar (US) VI Pte. Ltd.

3. Borrower: BYJU's Alpha, Inc. (the "Borrower")

4. Administrative Agent: GLAS Trust Company LLC, as the administrative agent under the Credit Agreement.

5. Credit Agreement: Credit and Guaranty Agreement, dated as of November 24, 2021 (as amended, restated, amended and restated, supplemented, extended and/or otherwise modified from time to time, the "Credit Agreement"), among BYJU's Alpha, Inc. as the Borrower, the Guarantors from time to time party thereto, the Lenders from time to time party thereto, and GLAS Trust Company LLC as the Administrative Agent and the Collateral Agent.

6.    Assigned Interest:

| Facility Assigned | Aggregate Amount of Term Loans for all Lenders | Amount of Terms Loans Assigned | Percentage Assigned of Term Loans |
|---|---|---|---|
| Initial Term Loan | USD 1,200,000,000.00 | ███████████ | ███████████ |

Effective Date:            December 20, 2021

The Assignee agrees to deliver to the Administrative Agent a completed Administrative Questionnaire in which the Assignee designates one or more credit contacts to whom all syndicate-level information (which may contain material non-public information about the Loan Parties and their Related Parties or their respective securities) will be made available and who may receive such information in accordance with the Assignee's compliance procedures and applicable laws, including Federal and state securities laws.

The terms set forth in this Assignment and Assumption are hereby agreed to:

ASSIGNOR

**MORGAN STANLEY SENIOR FUNDING, INC., as Assignor**

By: _____

Name: Josh Herrera
Title: Authorized Signatory

ASSIGNEE

**GAMSTAR (US) VI PTE. LTD., as Assignee**

By: _____

Name: Tze Meng Toh
Title: Senior Vice President

By: _____

Name: Linrong Wee
Title: ISPM SVP

Consented to and Accepted:

**GLAS TRUST COMPANY LLC, as Administrative Agent**

*Serena Harrell*

By: _____

Name: Serena Harrell

Title: Authorized Signatory

Consented to:

**BYJU'S ALPHA, INC.**



By: _____

Name: Riju Ravindran

Title: Director

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Neuron Fuel, Inc. | Case No. 24-11162 (JTD) |
| Alleged Debtor. | |

## DECLARATION OF LIEW TZU MI ON BEHALF OF THE GAMSTAR PETITIONING CREDITORS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1003(a)

Pursuant to 28 U.S.C. § 1746, I, LIEW TZU MI, declare as follows:

1.      I make this declaration on behalf of Gamstar (US) V Pte LTD and Gamstar (US) VI Pte LTD (each a "Gamstar Petitioning Creditors" and collectively, the "Gamstar Petitioning Creditors") in the above-captioned involuntary chapter 11 case (the "Bankruptcy Case") filed by the Gamstar Petitioning Creditors and other petitioning creditors against alleged debtor Neuron Fuel, Inc. ("Neuron Fuel"). I am fully familiar with the facts set forth herein either through my own personal knowledge or through a review of documents related to the Gamstar Petitioning Creditors' claims against Neuron Fuel. If called to testify in connection with the Bankruptcy Case, the following would constitute my testimony.

2.      I am the DIRECTOR of Gamstar (US) V Pte LTD and Gamstar (US) VI Pte LTD. Each Gamstar Petitioning Creditor is a wholly-owned subsidiary of GIC Private Limited. I have authority to execute this declaration on behalf of the Gamstar Petitioning Creditors.

3.      As set forth more fully in Schedule 17-B attached to the involuntary petition filed against Neuron Fuel, each of the Gamstar Petitioning Creditor holds a claim against Neuron Fuel based upon its holdings under that certain Credit and Guaranty Agreement dated as of November 24, 2021 (the "Credit Agreement"), by and among BYJU's Alpha, Inc., Think and Learn Private

Limited ("Parent Guarantor"), certain subsidiaries of the Parent Guarantor (including, but not limited to, Neuron Fuel), each lender party thereto, and GLAS Trust Company LLC, as administrative agent and as collateral agent.

4.      The Gamstar Petitioning Creditors' holdings under the Credit Agreement that are being relied upon for the purpose of satisfying the requirement of 11 U.S.C. § 303(b)(1) were acquired in December 2021, as reflected in the documents attached hereto as **Exhibit A**.

5.      The Gamstar Petitioning Creditors did not acquire their claims for the purpose of commencing this case under the Bankruptcy Code.

6.      The Gamstar Petitioning Creditors acquired their claims on the open market for investment purposes.

7.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

67600/0001-47876219v1

Dated: June 12 , 2024

_____

Name:       Liew Tzu Mi
Title:        Director
Company:    Gamstar (US) V Pte LTD and Gamstar
(US) VI Pte LTD

*On behalf of Gamstar (US) V Pte LTD and Gamstar*
*(US) VI Pte LTD*